Paul W. Sweeney Jr. (#112511)
paul.sweeney@klgates.com
Kevin S. Asfour (#228993)
kevin.asfour@klgates.com
Cassandra S. Jones (#270845)
cassandra.jones@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001

Attorneys for Defendant,
THE NEIMAN MARCUS GROUP LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA RUBENSTEIN, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> THE NEIMAN MARCUS GROUP LLC, a Delaware Limited Liability Company, and DOES 1-50, inclusive, <br><br> Defendant. | Case No.  2:14-cv-07155 <br><br> **DEFENDANT THE NEIMAN MARCUS GROUP LLC'S NOTICE OF REMOVAL** |

///
///
///
///
///
///
///
///
///

## NOTICE OF REMOVAL

## (DIVERSITY – CLASS ACTION FAIRNESS ACT)

PLEASE TAKE NOTICE that, under 28 U.S.C. § 1332, 1441, 1446, and 1453, Defendant THE NEIMAN MARCUS GROUP LLC ("Neiman Marcus"), by and through its attorneys, remove to this Court the action entitled, LINDA RUBENSTEIN, on behalf of herself and all others similarly situated v. THE NEIMAN MARCUS GROUP LLC, a Delaware Limited Liability Company, and DOES 1-50, inclusive, Case No. BC554133 (the "Action"), which was originally filed in the Superior Court of the State of California for the County of Los Angeles.  As grounds for removal, Defendant states as follows:

1.     As set forth below, the case is properly removed to this Court under 28 U.S.C. § 1441 because the Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), in that this matter is a civil action in which the amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the putative class, and is between citizens of different states.

2.     By filing this Notice of Removal, Neiman Marcus does not intend to waive, and hereby reserves, any objection as to venue, the legal sufficiency of the claims alleged in the Action and all other defenses.  Neiman Marcus reserves the right to supplement and amend this Notice of Removal.

## BACKGROUND

3.     On August 7, 2014, Linda Rubenstein commenced this putative class action by filing a Complaint in the Los Angeles Superior Court.[1]  Process was served on Neiman Marcus on August 13, 2014 by delivery to an agent authorized by Neiman Marcus to receive process.

---

[1] The summons and complaint served upon Neiman Marcus are attached hereto as Exhibit "A".  These materials comprise "all process, pleadings, and orders served" upon Neiman Marcus in this action.  *See* 28 U.S.C. § 1446(a).

1

**BASES FOR REMOVAL**

4.    The Class Action Fairness Act of 2005 ("CAFA") creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and involves a putative class that consists of more than 100 members.  28 U.S.C. §§ 1332(d)(2)(A) and (d)(5).  Each of these three requirements is met.

**THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000**

5.    Although Neiman Marcus denies all liability alleged in the Complaint, if damages or restitution were awarded on plaintiff's claims, the aggregate amount as to the putative class would exceed $5,000,000.

6.    According to plaintiff's Complaint, the putative class is "all persons who purchased Last Call clothing in California labeled to make consumers believe it was originally sold at the traditional Neiman Marcus store but instead was intended only for sale at the Last Call Store at a lesser quality within the four years prior to the filing of the initial complaint."  Compl. ¶24.  Plaintiff has further alleged that *all* clothing sold at Last Call stores in California meets this description.  In particular, plaintiff alleges that "Defendant labels its Last Call clothing with a tag that shows a markedly lower price from the 'Compared to' price," and that "Defendant's marketing techniques purposely suggests [*sic*] that the 'Compared to' price corresponds to the exact same article of clothing when sold at the traditional Neiman Marcus retail store, but at a substantial discount, when in fact it is not."  Compl. ¶¶15-16; *see also* Compl. ¶17 ("Defendant's Last Call clothing is actually not intended for the sale at the traditional Neiman Marcus stores…[and] was never sold at the traditional Neiman Marcus stores"), ¶20 ("The Last Call clothing does not have the same qualities as the traditional Neiman Marcus clothing.").

7.    Though plaintiff categorizes the class as the "California Class," plaintiff alleges that the "total number of Class members is at least in the thousands and that

2

members of the Class are numerous and geographically dispersed across California and the United States." Compl. ¶25.

8.     The Neiman Marcus Group LLC owns and operates Last Call stores, including all such stores in California. *See* Declaration of Bill Earnheart in Support of The Neiman Marcus Group LLC's Notice of Removal filed concurrently herewith ("Earnheart Decl.") ¶6, Ex. 1.

9.     The Neiman Marcus Group LLC's fiscal year 2011 ("F2011") began on August 1, 2010 and ended on July 31, 2011. Fiscal year 2012 ("F2012") ended on July 28, 2012. Fiscal year 2013 ("F2013") ended on August 3, 2013. Fiscal year 2014 ("F2014") ended on August 2, 2014. Earnheart Decl. ¶5.

10.    Apparel sales at the Last Call stores in California for F2011-F2014 totaled $93,295,200. Earnheart Decl. ¶8.

11.    Plaintiff seeks "restitution and disgorgement of all money or property wrongfully obtained by Defendant." Compl., Prayer for Relief. In addition, plaintiff seeks "general damages," "special damages," "exemplary damages," and "attorneys' fees," thereby adding to the total amount in controversy. *Id.*

12.    Under CAFA, "the claims of all members of a putative class shall be aggregated" to determine the amount in controversy. 28 U.S.C. §1332(d)(6). Given the apparel sales total for the California Last Call stores at issue, as well as plaintiff's factual allegations and requested relief, the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," thereby satisfying the jurisdictional minimum. 28 U.S.C. §1332(d)(6).

## THE PUTATIVE CLASS EXCEEDS 100 MEMBERS

13.    Plaintiff alleges that the "total number of Class members is at least in the thousands and that members of the Class are numerous and geographically dispersed across California and the United States." Compl. ¶25.

14.    According to plaintiff's Complaint, the putative class is "all persons who purchased Last Call clothing in California labeled to make consumers believe it was

3

THE NEIMAN MARCUS GROUP LLC'S
NOTICE OF REMOVAL

originally sold at the traditional Neiman Marcus store but instead was intended only for sale at the Last Call Store at a lesser quality within the four years prior to the filing of the initial complaint." Compl. ¶24.  As detailed above, plaintiff has included all clothing sold at Last Call stores in California within this description.  *See* Compl. ¶¶15-17, 20.

15.     The Neiman Marcus Group LLC owns and operates Last Call stores, including all such stores in California.  *See* Earnheart Decl. ¶6.

16.     The Neiman Marcus Group LLC's fiscal year 2011 ("F2011") began on August 1, 2010 and ended on July 31, 2011.  Fiscal year 2012 ("F2012") ended on July 28, 2012.  Fiscal year 2013 ("F2013") ended on August 3, 2013.  Fiscal year 2014 ("F2014") ended on August 2, 2014.  Earnheart Decl. ¶5.

17.     During the period of F2011-F2014, the Last Call Stores in California sold 1,574,432 units of apparel.  Earnheart Decl. ¶9, Ex. 1.

18.     More than 100 persons purchased apparel from a Last Call store located in California during the putative class period.  Earnheart Decl. ¶9.  As such, the size of the putative class well exceeds 100 persons, which is consistent with plaintiff's allegation that the "total number of Class members is at least in the thousands."  *See* Compl., ¶25.

## DIVERSITY OF CITIZENSHIP

19.     In this case, there is diversity of citizenship bestowing jurisdiction on this Court.  "The district courts shall have original jurisdiction of any civil action in which. . . any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §1332(d)(2)(A).

20.     Plaintiff "is a citizen and resident of Los Angeles County, California." Compl., ¶1.

21.     The Neiman Marcus Group LLC is a Delaware limited liability company with its headquarters and principal place of business in the State of Texas.  Earnheart Decl. ¶4.  The Neiman Marcus Group LLC's executive, administrative, financial and

4

1   management functions are concentrated in Dallas, Texas, and the company's officers

2   direct, control and coordinate The Neiman Marcus Group LLC's activities from

3   Dallas, Texas. *Id.*  Thus, for the purposes of CAFA jurisdiction, defendant The

4   Neiman Marcus Group LLC is a citizen of Delaware and Texas, and no other state.  28

5   U.S.C. § 1332(d)(10).

6        22.    Because plaintiff is a citizen of a different state than Neiman Marcus, the

7   diversity requirement set forth in 28 U.S.C. § 1332(d)(2) is met.

8                    **Notice of Removal is Timely Filed**

9        23.    Neiman Marcus timely filed this notice of removal.  Neiman Marcus was

10  served with the Complaint on August 13, 2014.  Accordingly, Neiman Marcus filed

11  this Notice of Removal within 30 days.  28 U.S.C. § 1453(b).

12                **Notice to Plaintiffs and State Court**

13       24.    As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is

14  being promptly served upon counsel for plaintiff and a copy is being filed with the

15  Clerk of the Superior Court of the State of California for the County of Los Angeles.

16

17

18                         K&L GATES LLP

19

20  Dated:  September 12, 2014          By:  /s/ Kevin S. Asfour
                                             Paul W. Sweeney, Jr.
21                                           Kevin S. Asfour
                                             Cassandra S. Jones
22                                           Attorneys for Defendant
                                             The Neiman Marcus Group LLC
23

24

25

26

27

28

5