# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
08/13/2014
CT Log Number 525508244

**TO:** Michelle Morgan
The Neiman-Marcus Group, Inc.
1618 Main St
Dallas, TX 75201

**RE:** **Process Served in California**

**FOR:** The Neiman Marcus Group LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Linda Rubenstein, on behalf of herself and all others similarly situated, Pltf. vs. The Neiman Marcus Group LLc, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand, Declaration, Cover Sheet(s), Instructions, Notice, Stipulations, Discovery |
| **COURT/AGENCY:** | Los Angeles County – Superior Court – Central District, CA Case # BC554133 |
| **NATURE OF ACTION:** | Violation of California's False Advertising Law ("FAL") |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/13/2014 at 14:05 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Michael Louis Kelly<br>Kirtland & Packard LLP<br>2041 Rosecrans Avenue<br>El Segundo, CA 90245<br>310-536-1000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 780127100010<br>Image SOP<br>Email Notification, Kim Yee KIM_YEE@NEIMANMARCUS.COM<br>Email Notification, Brenda Sanders BRENDA_SANDERS@NEIMANMARCUS.COM<br>Email Notification, Linda Upton Linda_Upton@neimanmarcus.com<br>Email Notification, Sara Mayes sara_mayes@neimanmarcus.com<br>Email Notification, Tracy Preston Tracy_Preston@neimanmarcus.com<br>Email Notification, Michelle Morgan Michelle_Morgan@neimanmarcus.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / EE

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit A Page 6

Aug 2014 2:05 pm

## SUMMONS
### *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** THE NEIMAN MARCUS GROUP LLC, a
*(AVISO AL DEMANDADO):* Delaware Limited Liability
Company, and DOES 1-50, inclusive,

<table>
<tr><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
**ORIGINAL FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 07 2014

Sherri R. Carter, Executive Officer/Clerk
By: Amber Hayes, Deputy

</td></tr>
</table>

**YOU ARE BEING SUED BY PLAINTIFF:** LINDA RUBENSTEIN, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of herself
and all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California<br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC554133** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Louis Kelly - SBN 82063        (310) 536-1000  (310) 536-1001
KIRTLAND & PACKARD LLP
2041 Rosecrans Avenue
El Segundo, CA 90245

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | SHERRI R. CARTER Clerk, by<br>*(Secretario)* | Amber Hayes | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

AUG 07 2014

Page 1 of 1

| | | | |
|---|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |

<table>
<tr><td>1</td><td>Michael Louis Kelly - State Bar No. 82063<br>mlk@kirtlandpackard.com</td></tr>
<tr><td>2</td><td>Behram V. Parekh - State Bar No. 180361<br>bvp@kirtlandpackard.com</td></tr>
<tr><td>3</td><td>Heather M. Baker - State Bar No. 261303<br>hmb@kirtlandpackard.com</td></tr>
<tr><td>4</td><td>KIRTLAND & PACKARD LLP<br>2041 Rosecrans Avenue</td></tr>
<tr><td>5</td><td>Third Floor<br>El Segundo, California 90245</td></tr>
<tr><td>6</td><td>Telephone: (310) 536-1000<br>Facsimile: (310) 536-1001</td></tr>
<tr><td>7</td><td></td></tr>
<tr><td>8</td><td><i>Counsel for Plaintiff and all<br>others similarly situated</i></td></tr>
</table>

**CONFORMED COPY**
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 07 2014

Sherri R. Carter, Executive Officer/Clerk
By: Amber Hayes, Deputy

LAW OFFICES
KIRTLAND & PACKARD LLP

9

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

10

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11

B C 5 5 4 1 3 3

| | |
|---|---|
| 12 — LINDA RUBENSTEIN, on behalf of herself and all others similarly situated, | ) Case No. |
| 13 | ) **CLASS ACTION** |
| Plaintiffs, | ) **COMPLAINT FOR:** |
| 14 | ) |
| v. | ) **1. Violation of California's False Advertising** |
| 15 | ) **Laws ("FAL"); Bus. & Prof. Code § 17500 et** |
| THE NEIMAN MARCUS GROUP LLC, a | ) **seq.;** |
| 16 — Delaware Limited Liability Company, and | ) |
| DOES 1-50, inclusive, | ) **2. Violation of California's Unfair** |
| 17 | ) **Competition Laws ("UCL"); Bus. & Prof.** |
| Defendants. | ) **Code § 17200 et seq.;** |
| 18 | ) |
| | ) **3. Violation of California's Consumer Legal** |
| 19 | ) **Remedies Act ("CLRA"); Civ. Code § 1750** |
| | ) **et seq.** |
| 20 | ) |
| 21 | ) **JURY TRIAL DEMANDED** |
| 22 | ) |

23

24

25

26

27

28

99003-00001  164210.01

CLASS ACTION COMPLAINT

1       Plaintiff Linda Rubenstein (also referred to as the "Plaintiff"), on behalf of herself and all

2  others similarly situated, alleges as follows. Plaintiff's allegations are based on the investigation

3  of counsel, and thus on information and belief, except as to the individual actions of Plaintiff, as to

4  which Plaintiff has personal knowledge.

5                              **THE PARTIES**

6  1.    Plaintiff Linda Rubenstein is a citizen and resident of Los Angeles County, California who

7        purchased clothing from the Neiman Marcus Last Call Store (also referred to as the "Last

8        Call Store" or "Last Call") in Camarillo, California that was purportedly sold for markedly

9        lower than the "Compared to" price that a consumer would pay at traditional Neiman

10      Marcus retail stores.

11  2.    Plaintiff is informed and believes, and upon such information and belief alleges, that The

12       Neiman Marcus Group LLC (also referred to as "Defendant") is a Delaware limited

13       liability company, with its principle place of business in Irving, Texas, that markets,

14       distributes, and/or sells men's and women's clothing and accessories. Defendant sells its

15       clothing and accessories to consumers in California and throughout the nation.

16  3.    Plaintiff does not know the true names or capacities of the persons or entities sued herein

17       as DOES 1-50, inclusive, and therefore sues such Defendants by such fictitious names.

18       Plaintiff is informed and believes, and upon such information and belief alleges, that each

19       of the DOE Defendants is in some manner legally responsible for the damages suffered by

20       Plaintiff and the members of the Class as alleged herein. Plaintiff will amend this

21       Complaint to set forth the true names and capacities of these Defendants when they have

22       been ascertained, along with appropriate charging allegations, as may be necessary.

23  4.    At all times herein mentioned, Defendants, and each of them, were the agents, principals,

24       servants, employees, and subsidiaries of each of the remaining Defendants, and were at all

25       times acting within the purpose and scope of such agency, service, and employment, and

26       directed, consented, ratified, permitted, encouraged, and approved the acts of each

27       remaining Defendant.

28  //

KIRTLAND & PACKARD LLP
LAW OFFICES

LAW OFFICES
KIRTLAND & PACKARD LLP

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all causes of action asserted herein under the California Constitution.

6. Venue is proper in this County pursuant to California Civil Code § 1780(d) because Defendant does business here.

7. Venue is proper in this District pursuant to Los Angeles County Superior Court Rule 2.3(a)(1)(A) because this is a class action.

8. Out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## FACTUAL ALLEGATIONS

9. Neiman Marcus offers upscale assortments of apparel, accessories, jewelry, beauty and decorative home products to the affluent consumer. Neiman Marcus operates 41 stores across the United States. These store operations total more than 6.5 million gross square feet with over $400 million in sale revenues in 2013.

10. Defendant also operates thirty six Last Call clearance stores. These Last Call Stores are an alternative way for large retail companies to capture a larger pool of consumers because they offer clothing and accessories at discounted prices from in-demand retail stores.

11. Outlet stores are a popular avenue for sale-seeking consumers because in-demand retail stores, such as Neiman Marcus, will often sell clothes that are "after season" or clothing that had very little popularity and did not sell. To mitigate any more losses on the clothing, the retail stores will sell this clothing at various outlet malls for a discount.

12. Contagion among large retail stores operating outlet stores have spread throughout outlet-specific malls and shoppers have become accustomed to seeing products that once were sold at the traditional retail store. This popularity has been noted, for example, apparel sales at factory outlets rose 17.8% in 2011, according to estimates by market research firm NPD Group. Meanwhile, apparel sales industry-wide rose a meager 1.4%.[1]

---

[1]http://articles.latimes.com/2011/aug/07/business/la-fi-0807-cover-outlet-malls-20110807

13. Furthermore, the chief industry analyst at NPD Group states, "What outlets have been able to do is touch the core of the American consumer. There's no question that what we're witnessing is the transformation of how and where consumers are shopping. The recession really kicked it into high gear for outlet centers."

14. It is, therefore, no surprise that Defendant has immersed themselves into this lucrative industry to continue to grow their robust billion dollar business. Plaintiff and other Outlet Store shoppers (also referred to as the "Class") were also looking to obtain benefits from Defendant's discounted stores, which included buying the alleged same exact clothing after season and/or excess clothing that Defendant's traditional stores once carried, but for a discounted price.

15. Defendant labels its Last Call clothing with a tag that shows a markedly lower price from the "Compared to" price which corresponds to the price that appears to be used in traditional Neiman Marcus retail stores. Plaintiff was lured in by this price difference and as a result purchased multiple items of clothing from Defendant's Last Call Store in July of 2014.

16. Defendant's marketing techniques purposely suggests that the "Compared to" price corresponds to the exact same article of clothing when sold at the traditional Neiman Marcus retail store, but at a substantial discount, when in fact it is not.

17. Defendant's Last Call clothing is actually not intended for the sale at the traditional Neiman Marcus stores as the "Compared to" pricing strategy suggests but rather strictly for the Last Call Store. Therefore, Defendant's price tags on the Last Call clothing are labeled with arbitrary inflated "Compared to" prices that are purely imaginative because it was never sold at the traditional Neiman Marcus store and therefore can't be compared to any price. Thus the insinuated discount is false and misleading.

18. The Federal Trade Commission has also heard complaints by many members of Congress that see this practice occurring throughout large retail stores. Specifically, the Congressional members state, "it is a common practice at outlet stores to advertise a retail price alongside the outlet store price - even on made-for-outlet merchandise that does not

KIRTLAND & PACKARD LLP
LAW OFFICES

KIRTLAND & PACKARD LLP

LAW OFFICES

1   sell at regular retail locations.  Since the item was never sold in the regular retail store or at

2   the retail price, the retail price is impossible to substantiate.  We believe this practice may

3   be a violation of the FTC's Guides Against Deceptive Pricing (16 CFR 233)."[2]

4   19.   The FTC guidelines are as follows:

5       i.   "Many members of the purchasing public believe that a manufacturer's list

6            price, or suggested retail price, is the price at which an article is generally

7            sold. Therefore, if a reduction from this price is advertised, many people will

8            believe that they are being offered a genuine bargain. To the extent that list

9            or suggested retail prices do not in fact correspond to prices at which a

10           substantial number of sales of the article in question are made, the

11           advertisement of a reduction may mislead the consumer.  A former price is

12           not necessarily fictitious merely because no sales at the advertised price were

13           made. The advertiser should be especially careful, however, in such a case,

14           that the price is one at which the product was openly and actively offered for

15           sale, for a reasonably substantial period of time, in recent, regular course of

16           her business, honestly and in good faith - **and, of course, not for the**

17           **purpose of establishing a fictitious higher price on which a deceptive**

18           **comparison might be based**. " (Emphasis added).

19      ii.  "It bears repeating that the manufacturer, distributor or retailer must in

20           every case act honestly and in good faith in advertising a list price, and not

21           with the intention of establishing a basis, or creating an instrumentality, for

22           a deceptive comparison in any local or other trade area. For instance, a

23           manufacturer may not affix price tickets containing inflated prices as an

24           accommodation to particular retailers who intend to use such prices as the

25           basis for advertising fictitious price reductions."

26

27   _____

28   [2]http://www.whitehouse.senate.gov/news/release/sens-and-rep-to-ftc-outlet-stores-may-be-mislead
     ing-consumers

1  16 C.F.R. § 233.3.

2  20.  Furthermore, due to Plaintiff's reasonable belief that the Last Call Store was an "outlet"

3       store she believed the clothing was authentic and once sold at a traditional Neiman Marcus

4       retail store since this is how outlet stores market themselves.  She subsequently was under

5       the impression that Last Call clothing was made with the same quality as all Neiman

6       Marcus clothing, which is not true.  The Last Call clothing does not have the same qualities

7       as the traditional Neiman Marcus clothing.

8  21.  Defendant's misleading pricing techniques led Plaintiff and the Class to believe the Last

9       Call clothing was authentic Neiman Marcus clothing, and in reliance thereon, decided to

10      purchase the clothing from Defendant's Last Call Store.  As a result, Plaintiff was damaged

11      in purchasing the Last Call clothing because she paid for clothing based on Defendant's

12      representations and perceived discounts, but she did not experience any of Defendant's

13      promised benefits shopping at the Last Call Store.

14 22.  Defendant's misrepresentations regarding the Last Call clothing and the purported origin of

15      the clothing were designed to, and did, lead Plaintiff and the putative Class to believe that

16      the Last Call clothing was of equal quality and sold at the traditional Neiman Marcus retail

17      store before it became an item for sale at the Last Call Store.  Further, Plaintiff and

18      members of the Class relied on Defendant's misrepresentations and would not have paid as

19      much, if at all, for the clothing but for Defendant's misleading advertising and

20      representations.

21 23.  Plaintiff brings this lawsuit to enjoin the ongoing deception of thousands of California

22      consumers by Defendant, and to recover the monetary gains taken by this unlawful

23      practice.

24              **CLASS DEFINITIONS AND CLASS ALLEGATIONS**

25 24.  Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated

26      and, as members of the Class or subclasses (collectively referred to hereafter as the

27      "Class") defined as follows:

28              (1) California Class: The Class that Plaintiff seeks to represent ("the California

KIRTLAND & PACKARD LLP
LAW OFFICES

Class") consists of all persons who purchased Last Call clothing in California labeled to make consumers believe it was originally sold at the traditional Neiman Marcus store but instead was intended only for the sale at the Last Call Store at a lesser quality within the four years prior to the filing of the initial complaint. Excluded from the Class are Defendant, any parent, subsidiary, affiliate or controlled person of Defendant, as well as the officers and directors of Defendant, and the immediate family member of any such person. Also excluded is any judge who may preside over this case.

25. **Numerosity:** The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff believes that the total number of Class members is at least in the thousands and that members of the Class are numerous and geographically dispersed across California and the United States. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

26. **Common Questions of Law and Fact Predominate:** There are many questions of law and fact common to the representative Plaintiff and the Class, and those questions substantially predominate over any questions that may affect individual Class members. The common questions of fact and law include, but are not limited to, the following:

　　i.　Whether Defendant's advertising was and is misleading;

　　ii.　Whether Defendant's representations were likely to mislead and did in fact mislead Plaintiff and Class members;

　　iii.　Whether Defendant was willful, deceptive, and oppressive in its conduct; and

　　iv.　Whether Defendant engaged in unlawful, unfair, or fraudulent business practices;

　　v.　Whether Defendant misrepresented and/or failed to disclose material facts about its product pricing and discounts;

vi.   Whether Defendant has made false or misleading statements of fact

concerning the reasons for, existence of, or amounts of its price reductions.

27.   These common questions of law and fact predominate over questions that may affect

individual Class members in that the claims of all Class members for each of the claims

herein can be established with common proof.  Additionally, a class action would be

"superior to other available methods for the fair and efficient adjudication of the

controversy" because: (1) Class members have little interest in individually controlling the

prosecution of separate actions because the individual damages claims of each Class

member are not substantial enough to warrant individual filings; (2) Plaintiff is not aware

of other lawsuits against Defendant commenced by or on behalf of members of the Class;

and (3) because the disputed advertisements are common to all Class members and because

resolution of the claims of Plaintiff will resolve the claims of the remaining Class,

certification does not pose any manageability problems.

28.   **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class.

Plaintiff and all members of the Class have been similarly affected by Defendant's conduct

since they all relied on Defendant's representations concerning the true authentically and

purported discounts of the clothing and purchased the clothing based on those

representations.

29.   **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the

interests of the Class.  Plaintiff has retained counsel with substantial experience in handling

complex class action litigation.  Plaintiff and her counsel are committed to prosecuting this

action vigorously on behalf of the Class and have the financial resources to do so.

30.   **Superiority of Class Action:** Plaintiff and the members of the Class suffered and will

continue to suffer harm as a result of Defendant's unlawful and wrongful conduct.  A class

action is superior to other available methods for the fair and efficient adjudication of the

present controversy.  Class members have little interest in individually controlling the

prosecution of separate actions because the individual damages claims of each Class

member are not substantial enough to warrant individual filings.  In sum, for many, if not

KIRTLAND & PACKARD LLP
LAW OFFICES

1   most, Class members, a class action is the only feasible mechanism that will allow them an

2   opportunity for legal redress and justice.

3   31.   Adjudication of individual Class members' claims with respect to Defendant would, as a

4   practical matter, be dispositive of the interests of other members not parties to the

5   adjudication, and could substantially impair or impede the ability of other Class members

6   to protect their interests.

7   **FIRST CAUSE OF ACTION**

8   ***Business and Professions Code § 17500***

9   **(Violation of the False Advertising Law)**

10   **(By Plaintiff and the Class Against Defendant)**

11   32.   Plaintiff hereby incorporates paragraphs 1-31 above as if set forth in full.

12   33.   California *Business and Professions Code* § 17500 provides that "[i]t is unlawful for any ...

13   corporation ... with intent ... to dispose of ... personal property ... to induce the public to

14   enter into any obligation relating thereto, to make or disseminate or cause to be made or

15   disseminated ... from this state before the public in any state, in any newspaper or other

16   publication, or any advertising device, or by public outcry or proclamation, or in any other

17   manner or means whatever, including over the Internet, any statement ... which is untrue or

18   misleading, and which is known, or which by the exercise of reasonable care should be

19   known, to be untrue or misleading...."

20   34.   Similarly, this section provides, "[N]o price shall be advertised as a former price of any

21   advertised thing, unless the alleged former price was the prevailing market price as above

22   defined within three months next immediately preceding the publication of the

23   advertisement or unless the date when the alleged former price did prevail is clearly,

24   exactly and conspicuously stated in the advertisement."

25   35.   Defendant misled consumers by making untrue statements and failing to disclose what is

26   required as stated in the Code, as alleged above.

27   36.   As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff

28   and the members of the Class have suffered injury in fact and have lost money.

37. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.

## SECOND CAUSE OF ACTION

### *Business and Professions Code* § 17200 *et seq.*

### (Violation of the Unfair Competition Law)

### (By Plaintiff and the Class Against Defendant)

38. Plaintiff hereby incorporates paragraphs 1-37 above as if set forth in full.

39. California *Business and Professions Code* § 17200 *et seq.* (hereafter referred to as the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition," which include any unlawful, unfair, or fraudulent business practice.

40. The UCL imposes strict liability.  Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

41. The material misrepresentations, concealment, and non-disclosures by Defendant as part of its marketing and advertising of the Last Call Store clothing are unlawful, unfair, and fraudulent business practices prohibited by the UCL.

42. In carrying out such marketing, Defendant has violated the Consumer Legal Remedies Act, the False Advertising Law, and various other laws, regulations, statutes, and/or common law duties.  Defendant's business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

43. The harm to Plaintiff and members of the public outweighs the utility of Defendant's practices and, consequently, Defendant's practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

44. Defendant's practices are additionally unfair because they have caused Plaintiff and the Class substantial injury, which is not outweighed by any countervailing benefits to

LAW OFFICES
KIRTLAND & PACKARD LLP

1    consumers or to competition, and which is not an injury the consumers themselves could

2    have reasonably avoided.

3  45.  Defendant's practices, as set forth above, have misled the general public in the past and

4    will mislead the general public in the future.  Consequently, Defendant's practices

5    constitute an unlawful and unfair business practice within the meaning of the UCL.

6  46.  Pursuant to *Business and Professions Code* § 17204, an action for unfair competition may

7    be brought by any "person . . . who has suffered injury in fact and has lost money or

8    property as a result of such unfair competition."  Defendant's wrongful misrepresentations

9    and omissions have directly and seriously injured Plaintiff and the putative Class by

10   causing them to purchase the discounted clothing based upon false and misleading

11   labeling.

12 47.  The unlawful, unfair, and fraudulent business practices of Defendant are ongoing and

13   present a continuing threat that members of the public will be misled into purchasing the

14   clothing from the Last Call Store and that upon learning that the Last Call Store clothing

15   was never sold at the traditional Neiman Marcus stores and the "Compared to" price is

16   arbitrary and inflated to entice consumers, like Plaintiff, they will be damaged financially.

17 48.  Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief

18   ordering Defendant to cease this unfair competition, as well as disgorgement and

19   restitution to Plaintiff and the Class of all of Defendant's revenues associated with its

20   unfair competition, or such portion of those revenues as the Court may find equitable.

21                          **THIRD CAUSE OF ACTION**

22                          *Civil Code § 1750 et seq.*

23              **(Violation of the Consumer Legal Remedies Act)**

24                **(By Plaintiff and the Class Against Defendant)**

25 49.  Plaintiff hereby incorporates paragraphs 1-48 above as if set forth in full.

26 50.  The Consumer Legal Remedies Act (hereafter referred to as the "CLRA") creates a non-

27   exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts

28   or business practices.  *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164

99003-00001  164210.01                    -11-

Exhibit A Page 18

KIRTLAND & PACKARD LLP
LAW OFFICES

1    (1997).  Its self-declared purpose is to protect consumers against these unfair and deceptive

2    business practices, and to provide efficient and economical procedures to secure such

3    protection.  Cal. Civ. Code § 1760.  The CLRA was designed to be liberally construed and

4    applied in favor of consumers to promote its underlying purposes.  *Id*.

5    51.  More specifically, Plaintiff alleges that Defendant has violated paragraphs 5, 7, 9 and 13 of

6    Civil Code Section 1770(a) by engaging in the unfair and/or deceptive acts and practices

7    set forth herein.  Defendant's unfair and deceptive business practices in carrying out the

8    marketing program described herein were and are intended to and did and do result in the

9    purchase of Defendant's Last Call Store clothing by consumers, including Plaintiff, in

10   violation of the CLRA.  Cal. Civ. Code § 1770 *et seq.*

11   52.  As a result of Defendant's unfair and/or deceptive business practices, Plaintiff and all

12   purchasers of the Last Call Store clothing have suffered damage and lost money in that they

13   paid for goods that does not have the qualities as represented.  Plaintiff seeks and is entitled

14   to an order enjoining Defendant from continuing to engage in the unfair and deceptive

15   business practices alleged herein.

16   53.  Pursuant to Section 1782 of the CLRA, Plaintiff intends to notify Defendant in writing of

17   the particular violations of Section 1770 of the CLRA (the "Notice Letter").  If Defendant

18   fails to comply with Plaintiff's demands within thirty days of receipt of the Notice Letter,

19   pursuant to Section 1782 of the CLRA, Plaintiff will amend this Complaint to further

20   request damages under the CLRA.

21                              **PRAYER FOR RELIEF**

22   **WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for relief and

23   judgment as follows:

24   1.  For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants

25   and employees, and all persons acting in concert with it, from engaging in, and continuing

26   to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and

27   that may yet be discovered in the prosecution of this action;

28   2.  For certification of the putative class;

99003-00001  164210.01                    -12-

3.    For restitution and disgorgement of all money or property wrongfully obtained by Defendant by means of its herein-alleged unlawful, unfair, and fraudulent business practices;

4.    For an accounting by Defendant for any and all profits derived by Defendant from its herein-alleged unlawful, unfair and/or fraudulent conduct and business practices;

5.    An award of statutory damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

6.    An award of general damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

7.    An award of special damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

8.    Exemplary damages, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

9.    For attorneys' fees and expenses pursuant to all applicable laws, including, without limitation, the CLRA and the common law private attorney general doctrine;

10.   For costs of suit; and

11.   For such other and further relief as the Court deems just and proper.

DATED:  August 4, 2014                    KIRTLAND & PACKARD LLP

                                          By:  _____
                                               MICHAEL LOUIS KELLY
                                               BEHRAM V. PAREKH
                                               HEATHER M. BAKER

                                               *Counsel for Plaintiff and all
                                               others similarly situated*

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all issues so triable.

DATED:  August 4, 2014                    KIRTLAND & PACKARD LLP

By:   _____
                    MICHAEL LOUIS KELLY
                    BEHRAM V. PAREKH
                    HEATHER M. BAKER

                    *Counsel for Plaintiff and all*
                    *others similarly situated*

## DECLARATION OF PROPER VENUE BY LINDA RUBENSTEIN

I, Linda Rubenstein, declare as follows:

1.      I am a Plaintiff in this action, and am a resident and citizen of the State of California. I have personal knowledge of the facts alleged herein and, if called as a witness, I could and would testify competently thereto.

2.      The Complaint in this action, filed concurrently with this Declaration, is filed in the proper place for trial under Civil Code Section 1780(d) in that Los Angeles County is a county where Defendant does business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Linda Rubenstein

2:05 pm

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael Louis Kelly-SBN 82063/Heather M. Baker-SBN261303<br>KIRTLAND & PACKARD LLP<br>2041 Rosecrans Avenue<br>Third Floor<br>El Segundo, CA 90245<br>TELEPHONE NO.: (310) 536-1000   FAX NO.: (310) 536-1001<br>ATTORNEY FOR *(Name):* Plaintiff and all others similarly situated | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>AUG 07 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Amber Hayes, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME: LINDA RUBENSTEIN v. THE NEIMAN MARCUS GROUP LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER BC554133 |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000) $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [x] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive

4. Number of causes of action *(specify):* Three

5. This case [x] is  [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 4, 2014

Michael Louis Kelly/Heather M. Baker
(TYPE OR PRINT NAME)

► *[signature]*

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | *Legal*<br>*Solutions*<br>*Plus* | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

Exhibit A Page 23

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit A Page 24

| SHORT TITLE: LINDA RUBENSTEIN v. THE NEIMAN MARCUS GROUP LLC, et al. | CASE NUMBER | B C 5 5 4 1 3 3 |
|---|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I**. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES CLASS ACTION? [x] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 7____ [ ] HOURS/ [x] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Exhibit A Page 25

| SHORT TITLE: | LINDA RUBENSTEIN v. THE NEIMAN MARCUS GROUP LLC, et al. | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [x] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | [ ] A6017  Legal Malpractice<br>[ ] A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | [ ] A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | [ ] A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | [ ] A6024  Other Employment Complaint Case<br>[ ] A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | [ ] A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>[ ] A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>[ ] A6019  Negligent Breach of Contract/Warranty (no fraud)<br>[ ] A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | [ ] A6002  Collections Case-Seller Plaintiff<br>[ ] A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | [ ] A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | [ ] A6009  Contractual Fraud<br>[ ] A6031  Tortious Interference<br>[ ] A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | [ ] A7300  Eminent Domain/Condemnation     Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | [ ] A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | [ ] A6018  Mortgage Foreclosure<br>[ ] A6032  Quiet Title<br>[ ] A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | [ ] A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | [ ] A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | [ ] A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | [ ] A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit A Page 26

| SHORT TITLE: LINDA RUBENSTEIN v. THE NEIMAN MARCUS GROUP LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0

Exhibit A Page 3 of 27

| SHORT TITLE: LINDA RUBENSTEIN v. THE NEIMAN MARCUS GROUP LLC, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| | ADDRESS: 5050 Bluebell Ave |
|---|---|
| **REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.**<br><br>[x]1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Valley Village | STATE: CA | ZIP CODE: 91607 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Los Angeles_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _Aug 4, 2014_

(SIGNATURE OF ATTORNEY/FILING PARTY)
Michael Louis Kelly/
Heather M. Baker

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Exhibit A Page 28

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____  BC554133

#### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|
| | Judge Elihu M. Berle | 323 | 1707 |
| | Judge Lee Smalley Edmon | 322 | 1702 |
| | Judge John Shepard Wiley, Jr. | 311 | 1408 |
| | Judge Kenneth Freeman | 310 | 1412 |
| X | Judge Jane Johnson | 308 | 1415 |
| | Judge Willliam F. Highberger | 307 | 1402 |
| | OTHER | | |

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

#### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

#### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

#### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

#### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

#### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters shall be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

#### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     Sherri R. Carter, Executive Officer/Clerk

**Amber Hayes**

By _____, Deputy Clerk

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | | Reserved for Clerk's File Stamp |
|---|---|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | | | |
| E-MAIL ADDRESS (Optional): | | | | |
| ATTORNEY FOR (Name): | | | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | | | |
| COURTHOUSE ADDRESS: | | | | |
| PLAINTIFF: | | | | |
| DEFENDANT: | | | | |
| STIPULATION – EARLY ORGANIZATIONAL MEETING | | | CASE NUMBER: | |

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| LACIV 229 (new) LASC Approved 04/11 | STIPULATION – EARLY ORGANIZATIONAL MEETING | Page 1 of 2 |
|---|---|---|

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see Information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
  (INSERT DATE)                                                                (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)
Date:

_____                    ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____ )
Date:

_____                    ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____ )
Date:

_____                    ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

<table>
<tr><td>SHORT TITLE:</td><td>CASE NUMBER:</td></tr>
</table>

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR_____)

➢ _____
(ATTORNEY FOR_____)

➢ _____
(ATTORNEY FOR_____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| | | | |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)            **INFORMAL DISCOVERY CONFERENCE**
LASC Approved 04/11        (pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

LACIV 075 (new)
LASC Approved 04/11          **STIPULATION AND ORDER – MOTIONS IN LIMINE**          Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

Exhibit A Page 38