Michael Louis Kelly - State Bar No. 82063
mlk@kirtlandpackard.com
Behram V. Parekh - State Bar No. 180361
bvp@kirtlandpackard.com
Heather Baker Dobbs- State Bar No. 261303
hmb@kirtlandpackard.com
KIRTLAND & PACKARD LLP
2041 Rosecrans Avenue
Third Floor
El Segundo, California 90245
Telephone: (310) 536-1000
Facsimile: (310) 536-1001

*Counsel for Plaintiff and all others similarly situated*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDA RUBENSTEIN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NEIMAN MARCUS GROUP LLC, a Delaware Limited Liability Company, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:14-CV-07155-SJO-JPR<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>**1. Violation of California's False Advertising Laws ("FAL"); Bus. & Prof. Code § 17500 et seq.;**<br><br>**2. Violation of California's Unfair Competition Laws ("UCL"); Bus. & Prof. Code § 17200 et seq.;**<br><br>**3. Violation of California's Consumer Legal Remedies Act ("CLRA"); Civ. Code § 1750 et seq.**<br><br>**JURY TRIAL DEMANDED** |



LAW OFFICES
KIRTLAND & PACKARD LLP

LAW OFFICES
KIRTLAND & PACKARD LLP

Plaintiff Linda Rubenstein (also referred to as the "Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows. Plaintiff's allegations are based on the investigation of counsel, and thus on information and belief, except as to the individual actions of Plaintiff, as to which Plaintiff has personal knowledge.

## THE PARTIES

1. Plaintiff Linda Rubenstein is a citizen and resident of Los Angeles County, California who, purchased the following products from the Neiman Marcus Last Call Store (also referred to as the "Last Call Store" or "Last Call") in Camarillo, California, on or around July 21, 2014. A copy of Plaintiff's receipt is attached hereto as Exhibit A and incorporated here by reference, and a copy of Defendant's price tags, which were attached to the products purchased by Plaintiff, indicating the "Compared to" prices, are attached hereto as Exhibit B and incorporated here by reference.

   a. Toddler Girl Product.

      i. Product Number: SKU 1470 5821
      ii. "Compared to" Price: $34.00
      iii. Last Call List Price: $18.00
      iv. Sale Price Paid by Plaintiff: $12.50

   b. Cardigan Sweater Product.

      i. Product Number: SKU 1128 7743
      ii. "Compared to" Price: $144.00
      iii. Last Call List Price: $109.00
      iv. Sale Price Paid by Plaintiff: $54.50

2. Plaintiff is informed and believes, and upon such information and belief alleges, that The Neiman Marcus Group LLC (also referred to as "Defendant") is a Delaware limited liability company, with its principle place of business in Irving, Texas, that markets, distributes, and/or sells men's and

women's products. Defendant sells its products to consumers in California and throughout the nation.

3. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-50, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the Class as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

4. At all times herein mentioned, Defendants, and each of them, were the agents, principals, servants, employees, and subsidiaries of each of the remaining Defendants, and were at all times acting within the purpose and scope of such agency, service, and employment, and directed, consented, ratified, permitted, encouraged, and approved the acts of each remaining Defendant.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one Defendant; there are more than 100 Class members nationwide; the aggregate amount in controversy exceeds $5,000,000; and minimal diversity exists.

6. Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred and/or emanated from this District, and Defendant has caused harm to Class members residing in this District.

LAW OFFICES KIRTLAND & PACKARD LLP

## FACTUAL ALLEGATIONS

### A. General Facts

7. Neiman Marcus offers upscale assortments of apparel, accessories, jewelry, beauty and decorative home products to the affluent consumer. Neiman Marcus operates 41 stores across the United States. These store operations total more than 6.5 million gross square feet with over $400 million in sale revenues in 2013.

8. Defendant also operates thirty six Neiman Marcus Last Call clearance stores. These Neiman Marcus Last Call Stores are an alternative way for large retail companies to capture a larger pool of consumers because they offer products at discounted prices from in-demand retail stores.

9. Outlet stores are a popular avenue for sale-seeking consumers because such consumers believe that in-demand retail stores, such as Neiman Marcus, will sell products that are "after season" or products that had very little popularity and did not sell at such outlet stores for a discount, in order to mitigate any more losses on the products.

10. Contagion among large retail stores operating outlet stores have spread throughout outlet-specific malls and shoppers have become accustomed to seeing products that they believe were once sold at the traditional retail store and are now being sold at the outlet store at a substantial discount. This popularity has been noted, for example, apparel sales at factory outlets rose 17.8% in 2011, according to estimates by market research firm NPD Group. Meanwhile, apparel sales industry-wide rose a meager 1.4%.[1]

11. Furthermore, the chief industry analyst at NPD Group states, "What outlets have been able to do is touch the core of the American consumer. There's no question that what we're witnessing is the transformation of how and where

[1] http://articles.latimes.com/2011/aug/07/business/la-fi-0807-cover-outlet-malls-20110807



LAW OFFICES
KIRTLAND & PACKARD LLP

consumers are shopping. The recession really kicked it into high gear for outlet centers."

**B. <u>Defendant's Use of "Neiman Marcus" in the Name of its "Neiman Marcus Last Call" Stores Together with its "Compared to" Price Tag Misled Consumers into Believing that the Last Call Stores Sell Products that were Previously Sold at Neiman Marcus Retail Flagship Stores for the "Compare to" Price.</u>**

12. Defendant's use of "Neiman Marcus" in the name of the "Neiman Marcus Last Call" stores caused Plaintiff and other Last Call Store shoppers (also referred to as the "Class") to reasonably believe that the "Neiman Marcus Last Call" stores are outlet stores of traditional Neiman Marcus flagship retail stores.

13. Defendant's use of "Neiman Marcus" in the name of the "Neiman Marcus Last Call" stores and the line of products sold therein caused Plaintiff and the Class to reasonably believe that the "Neiman Marcus Last Call" stores sell "after season" and unsold products that were previously sold at traditional Neiman Marcus flagship retail stores.

14. Defendant labels its products sold at the Last Call Stores with a tag that shows a markedly lower price from a "Compared to" price. Plaintiff and the Class reasonably believed that this "Compared to" price represented the price that the exact same product would be sold at the traditional Neiman Marcus flagship retail store, and that the price at the Last Call Stores represented a bargain from that price.

15. Plaintiff and the Class, reasonably relied on the large price differences and made purchases at the "Neiman Marcus Last Call" stores believing that they were receiving a substantial discount on the exact same product that could have been purchased at traditional Neiman Marcus flagship retail stores for the "Compared to" price. Plaintiff, like other putative Class members, was

LAW OFFICES
KIRTLAND & PACKARD LLP

lured in, relied on, and damaged by these tactics carried out by Defendant.

16. Defendant's "Neiman Marcus Last Call" products are actually not for sale at the traditional Neiman Marcus flagship stores as the "Compared to" pricing strategy suggests but rather are manufactured strictly for sale at the Last Call Stores. These Last Call products are of inferior grade and quality to the products sold at the traditional Neiman Marcus stores. Defendant's price tags on the "Neiman Marcus Last Call" products are labeled with arbitrary inflated "Compared to" prices that are purely imaginative because the products were never sold at traditional Neiman Marcus stores and therefore cannot be compared to any price. Thus the insinuated discount is false and misleading.

17. Due to Plaintiff's and the Class' reasonable belief that the "Neiman Marcus Last Call" store was an "outlet" store they believed that the products were items previously sold at a traditional Neiman Marcus retail store since this is how outlet stores (including Defendant's Last Call Stores) market themselves. Based on this reasonable belief, Plaintiff and the Class further reasonably believed that Neiman Marcus Last Call products were made of like grade and quality as the products sold at traditional Neiman Marcus stores. The Neiman Marcus Last Call products made for the outlet stores, however, are not of like grade and quality as the products sold at traditional Neiman Marcus stores, in fact, they are of inferior grade and quality.

18. Defendant's misleading pricing techniques led Plaintiff and the Class to believe the Neiman Marcus Last Call products were authentic Neiman Marcus products identical to those sold at Neiman Marcus flagship stores, and in reliance thereon, decided to purchase said products from Defendant's Neiman Marcus Last Call Store. As a result, Plaintiff and each Class member was damaged in purchasing the products because they paid for products based on Defendant's representations and perceived discounts, but did not

LAW OFFICES
KIRTLAND & PACKARD LLP

LAW OFFICES
KIRTLAND & PACKARD LLP

experience any of Defendant's promised benefits shopping at the Neiman Marcus Last Call store.

19. Defendant's misrepresentations regarding the Neiman Marcus Last Call products and the purported origin of the products led Plaintiff and the putative Class to believe that the Neiman Marcus Last Call products were of equal quality and sold at the traditional Neiman Marcus flagship retail store before it became an item for sale at the "Neiman Marcus Last Call" store. Further, Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the products but for Defendant's misleading advertising and representations.

20. The Federal Trade Commission has also heard complaints by many members of Congress that see this practice occurring throughout large retail stores. Specifically, the Congressional members state, "it is a common practice at outlet stores to advertise a retail price alongside the outlet store price - even on made-for-outlet merchandise that does not sell at regular retail locations. Since the item was never sold in the regular retail store or at the retail price, the retail price is impossible to substantiate. We believe this practice may be a violation of the FTC's Guides Against Deceptive Pricing (16 CFR 233)."[2]

21. Unlike the use of the words "Compared to" in the context of a regular retail store, where a price comparison might suggest the price for similar product sold at a competing store, when used in connection with Defendant's "Neiman Marcus Last Call" outlet store, the words "Compared to" can reasonably be interpreted by reasonable consumers to be a price comparison with the price of the exact same product when it was previously for sale at Defendant's flagship retail store. Defendant's very name for its outlet stores, "Neiman Marcus Last Call," reinforces that belief – that is – that the outlet

[2] http://www.whitehouse.senate.gov/news/release/sens-and-rep-to-ftc-outlet-stores-may-be-misleading-consumers

stores are the "last call" for the sale of products previously sold at Defendant's flagship stores. Thus, in the context of the "Neiman Marcus Last Call" stores, when Plaintiff and the Class viewed the words "Compared to" next to a price, they reasonable believed that the "Compared to" price was the price the product previously sold at Defendant's flagship retail stores, and not a comparable price simply for goods of a like grade and quality that might be sold elsewhere.

22. Even in the situation where the "Compared to" price was reasonably interpreted to mean a comparable price for goods of a like grade and quality that were sold elsewhere than at Defendant's own retail stores, however, 16 C.F.R. 233.2(c) specifically addresses comparable value comparisons in the context of such advertising. The regulation governs situations where the retailer's "form of bargain advertising is to offer a reduction from the prices being charged either by the advertiser or by others in the advertiser's area for other merchandise of like grade and quality - in other words, comparable or competing merchandise - to that being advertised." 16 C.F.R. 233.2(c).

23. The language used by Defendant, "Compared to," at the very least, would be interpreted by a reasonable consumer as a comparable value comparison under 16 C.F.R. 233.2(c).

24. Even in the case of a comparable value comparison, however, 16 C.F.R. 233.2(c) provides that a Defendant must "be reasonably certain, just as in the case of comparisons involving the same merchandise, that the price advertised as being the price of comparable merchandise does not exceed the price at which such merchandise is being offered by representative retail outlets in the area."

25. Contrary to the requirements of 16 C.F.R. 233.2, Defendant was not reasonably certain that the "Compared to" price listed for products sold at its Neiman Marcus Last Call stores was the price at which merchandise of like

LAW OFFICES
KIRTLAND & PACKARD LLP

grade and quality was being offered by representative retail outlets in the area at the time the product was being sold at the Neiman Marcus Last Call stores. Rather the prices listed as the "Compared to" price appear to listed regardless of whether the actual product or similar product was currently being sold for that price in the area, or even if it had ever been sold at that price.

26. Plaintiff brings this lawsuit to enjoin the ongoing deception of thousands of California consumers by Defendant, and to recover the monetary gains taken by this unlawful practice.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated and, as members of the Class or subclasses (collectively referred to hereafter as the "Class") defined as follows:

(1) California Class: The Class that Plaintiff seeks to represent consists of all persons who purchased products from Last Call stores in California within the four years prior to the filing of the initial complaint, that were labeled with a "Compared to" price, but which products or similar products were never sold at Neiman Marcus flagship retail stores at such "Compared to" price and/or such product or similar product were not being sold for such "Compared to" price at the time of purchase in the area of the Last Call store. Excluded from the Class are Defendant, any parent, subsidiary, affiliate or controlled person of Defendant, as well as the officers and directors of Defendant, and the immediate family member of any such person. Also excluded is any judge who may preside over this case.

28. This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

29. [Fed. R. Civ. P. 23(a)(1)] The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes many thousands of members. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

30. [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a. Whether Defendant's advertising was and is misleading;

b. Whether Defendant's representations were likely to mislead and did in fact mislead Plaintiff and Class members;

c. Whether Defendant was willful, deceptive, and oppressive in its conduct;

d. Whether Defendant engaged in unlawful, unfair, or fraudulent business practices;

e. Whether Defendant misrepresented and/or failed to disclose material facts about its product pricing and discounts; and

f. Whether Defendant has made false or misleading statements of fact concerning the reasons for, existence of, or amounts of its price reductions.

31. [Fed. R. Civ. P. 23(a)(3)] Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the putative Class have sustained injury arising out of Defendant's common course of conduct as complained of herein. The losses of each member of the Class were caused



LAW OFFICES KIRTLAND & PACKARD LLP

directly by Defendant's wrongful conduct as alleged herein.

32. [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

33. [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

34. [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice which Defendant must provide to all Class members.

35. [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to

LAW OFFICES
KIRTLAND & PACKARD LLP

protect their interests.

36. [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

## *Business and Professions Code* § 17500

## (Violation of the False Advertising Law)

## (By Plaintiff and the Class Against Defendant)

37. Plaintiff hereby incorporates paragraphs above and below as if set forth in full.

38. California *Business and Professions Code* § 17500 provides that "[i]t is unlawful for any ... corporation ... with intent ... to dispose of ... personal property ... to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated ... from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement ... which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...."

39. The "intent" required by California *Business and Professions Code* § 17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

40. Similarly, this section provides, "[N]o price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement."

LAW OFFICES KIRTLAND & PACKARD LLP

41. Defendant misled consumers by making untrue statements and failing to disclose what is required as stated in the Code, as alleged above.

42. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the members of the Class have suffered injury in fact and have lost money.

43. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.

**SECOND CAUSE OF ACTION**

***Business and Professions Code* § 17200 *et seq.***

**(Violation of the Unfair Competition Law)**

**(By Plaintiff and the Class Against Defendant)**

44. Plaintiff hereby incorporates paragraphs above and below as if set forth in full.

45. California *Business and Professions Code* § 17200 *et seq.* (hereafter referred to as the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition," which include any unlawful, unfair, or fraudulent business practice.

46. The UCL imposes strict liability. Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

47. The material misrepresentations, concealment, and non-disclosures by Defendant as part of its marketing and advertising of the Last Call Store products are unlawful, unfair, and fraudulent business practices prohibited by the UCL.



LAW OFFICES KIRTLAND & PACKARD LLP

48. In carrying out such marketing, Defendant has violated the Consumer Legal Remedies Act, the False Advertising Law, 16 C.F.R. 233.2, and various other laws, regulations, statutes, and/or common law duties. Defendant's business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

49. The harm to Plaintiff and members of the public outweighs the utility of Defendant's practices and, consequently, Defendant's practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

50. Defendant's practices are additionally unfair because they have caused Plaintiff and the Class substantial injury, which is not outweighed by any countervailing benefits to consumers or to competition, and which is not an injury the consumers themselves could have reasonably avoided.

51. Defendant's practices, as set forth above, have misled the general public in the past and will mislead the general public in the future. Consequently, Defendant's practices constitute an unlawful and unfair business practice within the meaning of the UCL.

52. Pursuant to *Business and Professions Code* § 17204, an action for unfair competition may be brought by any "person . . . who has suffered injury in fact and has lost money or property as a result of such unfair competition." Defendant's wrongful misrepresentations and omissions have directly and seriously injured Plaintiff and the putative Class by causing them to purchase the discounted products based upon false and misleading labeling.

53. The unlawful, unfair, and fraudulent business practices of Defendant are ongoing and present a continuing threat that members of the public will be misled into purchasing the products from the Neiman Marcus Last Call Store and that upon learning that the Neiman Marcus Last Call Store products were never sold at the traditional Neiman Marcus stores and/or the "Compared to"

LAW OFFICES
KIRTLAND & PACKARD LLP

LAW OFFICES
KIRTLAND & PACKARD LLP

price is arbitrary and inflated to entice consumers, like Plaintiff, they will be damaged financially.

54. Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all of Defendant's revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable.

**THIRD CAUSE OF ACTION**

***Civil Code* § 1750 *et seq*.**

**(Violation of the Consumer Legal Remedies Act)**

**(By Plaintiff and the Class Against Defendant)**

55. Plaintiff hereby incorporates paragraphs above and below as if set forth in full.

56. The Consumer Legal Remedies Act (hereafter referred to as the "CLRA") creates a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or business practices. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997). Its self-declared purpose is to protect consumers against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection. Cal. Civ. Code § 1760. The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id*.

57. More specifically, Plaintiff alleges that Defendant has violated paragraphs 5, 7, 9 and 13 of Civil Code Section 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein. Defendant's unfair and deceptive business practices in carrying out the marketing program described herein did and do result in the purchase of Defendant's Last Call Store products by consumers, including Plaintiff, in violation of the CLRA. Cal. Civ. Code § 1770 *et seq.*

58. As a result of Defendant's unfair and/or deceptive business practices, Plaintiff and all purchasers of the Last Call Store products have suffered damage and lost money in that they paid for goods that does not have the qualities as represented. Plaintiff seeks and is entitled to an order enjoining Defendant from continuing to engage in the unfair and deceptive business practices alleged herein.

59. Plaintiff's counsel mailed to Defendant, by certified mail on August 8, 2014, return receipt requested, the written notice required by Civil Code Section 1782(a). In such letter, Plaintiff demanded that within 30 days of the receipt of such letter, that Defendant correct or otherwise rectify the unfair practices complained of herein for the entire Class pursuant to California Civil Code §1770 et seq. Because Defendant has failed to do so, Plaintiff seeks damages for such deceptive practices pursuant to California Civil Code §§1780 and 1782 for failure to make such correction.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1. For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with it, from engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;
2. For certification of the putative class;
3. For restitution and disgorgement of all money or property wrongfully obtained by Defendant by means of its herein-alleged unlawful, unfair, and fraudulent business practices;
4. For an accounting by Defendant for any and all profits derived by Defendant from its herein-alleged unlawful, unfair and/or fraudulent conduct and



LAW OFFICES
KIRTLAND & PACKARD LLP

business practices;

5. An award of statutory damages according to proof;

6. An award of general damages according to proof;

7. An award of special damages according to proof;

8. For attorneys' fees and expenses pursuant to all applicable laws, including, without limitation, the CLRA and the common law private attorney general doctrine;

9. For costs of suit; and

10. For such other and further relief as the Court deems just and proper.

DATED: March 17, 2015

KIRTLAND & PACKARD LLP

By: /s/ Michael Louis Kelly
MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
HEATHER BAKER DOBBS

*Counsel for Plaintiff and all others similarly situated*

LAW OFFICES
KIRTLAND & PACKARD LLP

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all issues so triable.

DATED: March 17, 2015

KIRTLAND & PACKARD LLP

By: /s/ Michael Louis Kelly
MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
HEATHER BAKER DOBBS

*Counsel for Plaintiff and all others similarly situated*

LAW OFFICES
KIRTLAND & PACKARD LLP

**DECLARATION OF PROPER VENUE BY LINDA RUBENSTEIN**

I, Linda Rubenstein, declare as follows:

1. I am a Plaintiff in this action, and am a resident and citizen of the State of California. I have personal knowledge of the facts alleged herein and, if called as a witness, I could and would testify competently thereto.

2. The Complaint in this action, filed concurrently with this Declaration, is filed in the proper place for trial under Civil Code Section 1780(d) in that Los Angeles County is a county where Defendant does business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Linda Rubenstein

KIRTLAND & PACKARD LLP