Paul W. Sweeney Jr. (#112511)
paul.sweeney@klgates.com
Kevin S. Asfour (#228993)
kevin.asfour@klgates.com
Cassandra S. Jones (#270845)
cassandra.jones@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001

Attorneys for Defendant
THE NEIMAN MARCUS GROUP LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA RUBENSTEIN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE NEIMAN MARCUS GROUP LLC, a Delaware Limited Liability Company, and DOES 1-50, inclusive,<br><br>Defendant. | Case No. 14-CV-07155-SJO-JPR<br><br>**NOTICE OF MOTION AND DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KEVIN S. ASFOUR**<br><br>*[Filed concurrently with Request for Judicial Notice]*<br><br>Date:          May 11, 2015<br>Time:          10:00 a.m.<br>Courtroom:   1 (2nd Floor)<br><br>Assigned to Hon. S. James Otero |

---

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**NOTICE OF MOTION**

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on May 11, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the above-captioned Court, located at 312 N. Spring Street, Los Angeles, California, 90012, Defendant The Neiman Marcus Group LLC will and hereby does move the Court to dismiss Plaintiff's Second Amended Complaint, pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. This motion is made following conferences of counsel pursuant to L.R. 7-3, as set forth in the attached Declaration of Kevin S. Asfour.

The motion is based upon this Notice; the Memorandum of Points and Authorities attached hereto; the Declaration of Kevin S. Asfour attached hereto; the Request for Judicial Notice filed concurrently herewith and all attachments and exhibits thereto; all pleadings, papers and records on file with the Court in this action; and all other such argument and evidence as may be presented to the Court in connection with the motion.

K&L GATES LLP

Dated: April 6, 2015                    By:  s/ Kevin S. Asfour _____
                                               Paul W. Sweeney, Jr.
                                               Kevin S. Asfour
                                               Cassandra S. Jones
                                               Attorneys for Defendant
                                               The Neiman Marcus Group LLC

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   SUMMARY OF PLAINTIFF'S ALLEGATIONS ............................................. 2

III.  PROCEDURAL HISTORY ............................................................................... 4

IV.   GENERAL PLEADING STANDARDS GOVERNING THE MOTION .......... 4

V.    THE COURT SHOULD GRANT THE MOTION IN ITS ENTIRETY............. 5

      A.    Plaintiff Has Again Failed to Allege Any Misrepresentations ................. 5

            1.    Plaintiff's Theory that Defendant "Misled" Consumers into Believing that Last Call Stores Sell the "Exact Same" Merchandise as Traditional Neiman Marcus Stores is Still Inadequately Pleaded ........................................................ 7

            2.    Plaintiff's New Allegation that Defendant Failed to Comply with 16 C.F.R. § 233.2(c) is Insufficient to Support Any Claim ..... 9

      B.    Plaintiff Cannot Save Her Claims With Sweeping Allegations of "Omission" and "Failure to Disclose" ...................................... 11

      C.    Plaintiff Lacks Standing to Pursue Any of Her Claims ........................... 13

      D.    Plaintiff's UCL Claim Fails as a Matter of Law....................................... 15

      E.    Plaintiff's CLRA Claim is Additionally Barred by the Statute's Pre-Suit Notice Requirement ........................................................ 16

VI.   THE COURT SHOULD GRANT NO FURTHER LEAVE TO AMEND ........ 17

VII.  CONCLUSION ................................................................................................ 18

# **<u>TABLE OF AUTHORITIES</u>**

**Cases**

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009) .............................................................5, 10

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .................................................................4, 10

*Branca v. Nordstrom, Inc.,*
    No. 14-2062 (S.D. Cal. Mar. 20, 2015)......................................9

*Cattie v. Wal-Mart Stores, Inc.,*
    504 F. Supp. 2d 939 (S.D. Cal. 2007) .....................................17

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,*
    20 Cal.4th 163 (1999)..............................................................15

*Cohen v. DIRECTV, Inc.,*
    178 Cal. App. 4th 966 (2009) ..................................................14

*Daugherty v. Am. Honda Motor Co., Inc.,*
    144 Cal. App. 4th 824 (2006) ..................................................12

*DCD Progs., Ltd. v. Leighton,*
    833 F.2d 183 (9th Cir. 1987) ...................................................18

*Decker v. GlenFed, Inc.,*
    42 F.3d 1541 (9th Cir. 1994)..............................................5, 10

*Durell v. Sharp Healthcare,*
    183 Cal. App. 4th 1350 (2010) ................................................14

*In re Ford Tailgate Litig.,*
    No. 11-2953, 2014 U.S. Dist. LEXIS 119769 (N.D. Cal. Aug. 8, 2014)16, 17

*In re Tobacco II Cases,*
    46 Cal.4th 298 (2009)..............................................................13

*Kaplan v. Rose,*
    49 F.3d 1363 (9th Cir.1994).....................................................18

*Kearns v. Ford Motor Co.,*
    567 F.3d 1120 (9th Cir. 2009) ...........................................passim

*Khoury v. Maly's of California,*
    14 Cal. App. 4th 612 (1993) ....................................................16

*Krantz v. BT Visual Images,*
    89 Cal. App. 4th 164 (2001) ....................................................15

*Kunert v. Mission Fin. Svcs. Corp.,*
    110 Cal. App. 4th 242 (2003) ..................................................12

*Laster v. T-Mobile USA, Inc.,*
    407 F. Supp. 2d 1181 (S.D. Cal. 2005) ...................................17

*Laster v. T-Mobile USA, Inc.,*
    No. 05-1167, 2008 U.S. Dist. LEXIS 103712 (S.D. Cal. Aug. 11, 2008) ....16

*Levine v. Vilsack,*
    587 F.3d 986 (9th Cir. 1999) ...................................................13

*Marolda v. Symantec Corp.,*
    672 F. Supp. 2d 992 (N.D. Cal. 2009).................................11, 12

*McHenry v. Renne,*
    84 F.3d 1172 (9th Cir. 1996)..............................................17, 18

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.,*
    540 F.3d 1049 (9th Cir. 2008) .................................................17

*Navarro v. Block,*
    250 F.3d 729 (9th Cir. 2001) .....................................................4

*Outboard Marine v. Superior Court,*
    52 Cal. App. 3d 30 (1975) .......................................................17

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

*People v. Duz-Mor Diagnostic Lab., Inc.*,
    68 Cal. App. 4th 654 (1998) ................................................................. 15
*Roger v. County of San Diego*,
    2013 WL 1629208 (S.D. Cal. Apr. 15, 2013) ...................................... 18
*Schmier v. U.S. Court of Appeals*,
    279 F.3d 817 (9th Cir. 2009) ............................................................... 13
*Searle v. Wyndham Int'l, Inc.*,
    102 Cal. App. 4th 1327 (2002) ............................................................ 12
*Snell v. Brown*,
    2013 WL 1181449 (C.D. Cal. Jan. 7, 2013) ....................................... 17
*Stone v. Conrad Preby's*,
    2013 WL 139939 (S.D. Cal. Jan. 10, 2013) ........................................ 17
*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ........................................................... 5, 8
*Von Grabe v. Sprint*,
    312 F. Supp. 2d 1285 (S.D. Cal. 2003) ............................................... 17
*Whitmore v. Arkansas*,
    495 U.S. 149 (1990) ............................................................................ 13
*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (2012) .......................................................................... 12

**Statutes**

Cal. Bus. & Prof. Code §§ 17200 et seq. ...................................................... 4
Cal. Bus. & Prof. Code § 17204 ........................................................... 13, 15
Cal. Bus. & Prof. Code §§ 17500 et seq. ...................................................... 3
Cal. Bus. & Prof. Code § 17535 ................................................................. 13
Cal. Civ. Code §§ 1750 et seq. .................................................................... 4
Cal. Civ. Code § 1770 ........................................................................... 8, 10
Cal. Civ. Code § 1780 ................................................................................ 13
Cal. Civ. Code § 1782 ................................................................................ 16

**Rules**

Fed. R. Civ. P. 9 ...................................................................................... 5, 9

**Regulations**

16 C.F.R. § 233.2 ...............................................................................passim

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant The Neiman Marcus Group LLC ("Neiman Marcus" or "Defendant") respectfully submits this Memorandum of Points and Authorities in support of its motion to dismiss the Second Amended Complaint ("SAC") filed by Plaintiff Linda Rubenstein ("Rubenstein" or "Plaintiff").

## I.    INTRODUCTION

For the third time, Plaintiff is attempting to plead class-action claims against Neiman Marcus under the California False Advertising Law, Unfair Competition Law and Consumer Legal Remedies Act due to alleged "misleading advertising and representations."  Once again, Plaintiff alleges that Neiman Marcus tried to convince consumers that the merchandise sold in its Last Call chain of stores consists of the "exact same products" as are sold in its traditional retail stores.  Twice already, the Court has properly dismissed the entirety of Plaintiff's complaint due to her failure to state a claim, as a matter of law. *See* Dkt. ## 23, 32.

The SAC suffers the same defects as Plaintiff's two prior complaints—indeed, the SAC's allegations are virtually **identical** to those of the FAC with respect to the notion that Defendant "misled" consumers into believing that Last Call stores sell the "exact same" merchandise as traditional Neiman Marcus stores.  Just as before, Plaintiff targets "Defendant's misleading pricing techniques," but again, the only "pricing technique" that Plaintiff identifies is the use of a "Compared to" price on the tags of Last Call merchandise.  Likewise, Plaintiff cites the name of the Last Call chain as a basis for her false advertising claims, just as she has done in her prior pleadings. The Court has properly rejected these allegations (twice) as insufficient to support Plaintiff's claims, as a matter of law, particularly in light of the heightened pleading requirements of Rule 9(b).

The only "new" allegation in the SAC is Plaintiff's bald legal conclusion that "[t]he language used by Defendant, 'Compared to,' at the very least, would be

interpreted by a reasonable consumer as a comparable value comparison under 16 C.F.R. 233.2(c)," and that, "[c]ontrary to the requirements of 16 C.F.R. 233.2, Defendant was not reasonably certain that the 'Compared to' price listed for products sold at its Neiman Marcus Last Call stores was the price at which merchandise of like grade and quality was being offered by representative retail outlets in the area." SAC ¶¶ 23-25. This conclusory assertion merely parrots the language of the cited regulation, and is completely devoid of any supporting factual allegations. The allegation, therefore, is inadequate even to satisfy the basic pleading requirements applicable to *any* claim, as articulated in the Supreme Court's *Iqbal/Twombly* line of decisions—let alone the increased particularity demanded by Rule 9(b) in false advertising cases. Further, even assuming *arguendo* that Plaintiff had pleaded sufficient facts demonstrating a failure to comply with 16 C.F.R. § 233.2 (which she has not), this conduct *still* would not suffice to state a claim under the Consumer Legal Remedies Act, as it simply does not fit within any of that statute's provisions. For these reasons, alone, the Court should dismiss the SAC without further leave to amend.

Moreover, Plaintiff has again failed to allege the "concrete injury" and actual reliance that are essential to establishing standing to sue under each of the statutes at issue, and under Article III of the U.S. Constitution. And once again, Plaintiff's claim under the Consumer Legal Remedies Act is barred for yet another reason: her filing of this action violated that statute's pre-suit notice requirement.

In sum, despite having had three opportunities to plead, all of Plaintiff's claims remain facially deficient. The Court should thus grant this motion in its entirety, without further leave to amend.

## II.    SUMMARY OF PLAINTIFF'S ALLEGATIONS

According to Plaintiff's SAC, "Neiman Marcus offers upscale assortments of apparel, accessories, jewelry, beauty and decorative home products to the affluent consumer," via "41 stores across the United States." SAC ¶ 7.

Plaintiff further alleges that Neiman Marcus also operates thirty-six "Last Call" stores, which are alleged to "offer products at discounted prices from in-demand retail stores." SAC ¶ 8. Plaintiff alleges that the clothing in the Last Call stores is labeled with tags showing both a "Compared to" price and another, "markedly lower" price. SAC ¶ 14.

Plaintiff alleges that she purchased two garments from a Last Call store on July 21, 2014, i.e., a child's dress and a cardigan sweater. SAC ¶ 1. Plaintiff further alleges that she made these purchases "believing that [she was] receiving a substantial discount on the exact same product that could have been purchased at traditional Neiman Marcus retail stores for the 'Compared to' price," but that the "products are not actually for sale at the traditional Neiman Marcus stores." SAC ¶¶ 15-16. Plaintiff alleges that "Defendant's misleading pricing techniques" and "misrepresentations regarding the Last Call products and the purported origin of the products" led her to this conclusion. SAC ¶¶ 18-19.

Plaintiff concludes that she was "damaged" in purchasing these garments because she allegedly "paid for products based on Defendant's representations and perceived discounts, but did not experience any of Defendant's promised benefits shopping at the Last Call Store." SAC ¶ 18.

Finally, Plaintiff alleges that "[t]he language used by Defendant, 'Compared to,' at the very least, would be interpreted by a reasonable consumer as a comparable value comparison under 16 C.F.R. 233.2(c)," and that, "[c]ontrary to the requirements of 16 C.F.R. 233.2, Defendant was not reasonably certain that the 'Compared to' price listed for products sold at its Neiman Marcus Last Call stores was the price at which merchandise of like grade and quality was being offered by representative retail outlets in the area." SAC ¶¶ 23-25.

Plaintiff filed this action on August 7, 2014 (a mere 17 days after making her alleged purchases), asserting purported causes of action for 1) violation of the California False Advertising Law ("FAL," Cal. Bus. & Prof. Code §§ 17500 et seq.);

3

2) violation of the California Unfair Competition Law ("UCL," Cal. Bus. & Prof. Code
§§ 17200 et seq.); and 3) violation of the California Consumer Legal Remedies Act
("CLRA," Cal. Civ. Code §§ 1750 et seq.).

## III.    PROCEDURAL HISTORY

Plaintiff initially filed this action in the Los Angeles County Superior Court, and
Defendant thereafter removed the case to this Court. *See* Dkt. # 1.

Defendant filed a motion to dismiss Plaintiff's original complaint on October 17,
2014; Plaintiff opposed on November 10, 2014; and Defendant replied on November
17, 2014. Dkt. ## 13, 16, 18. After taking the motion under submission, the Court
granted the motion on December 12, 2014, dismissing all of Plaintiff's claims, but
allowing her leave to file an amended complaint. Dkt. # 23.

Plaintiff thereafter filed her FAC on December 22, 2014. Dkt. # 24. Defendant
again moved to dismiss, Plaintiff opposed, and Defendant replied. Dkt. ## 25-27.
Again, the Court took the motion under submission and thereafter granted it,
dismissing all of Plaintiff's claims with leave to amend. Dkt. # 32.

Plaintiff has now filed her third complaint, the SAC, and Defendant again moves
to dismiss.

## IV.    GENERAL PLEADING STANDARDS GOVERNING THE MOTION

A motion to dismiss for failure to state a claim challenges the legal sufficiency
of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive the
motion, a complaint's factual allegations must be sufficient to "raise a right to relief
above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
The Supreme Court has explained that Rule 8(a) "requires a 'showing,' rather than a
blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. In this
regard, a plaintiff must allege "sufficient factual matter, accepted as true, to state a
claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

(2009).  "[L]abels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to avoid dismissal.  *Id.*  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully," and "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.*

In addition, any claim sounding in fraud or deception is subject to the heightened pleading standard of Rule 9(b), requiring a plaintiff to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "[T]his requires pleading facts that by any definition are 'evidentiary': time, place, persons, statements made, explanation of why or how such statements are false or misleading."  *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 n.7 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.").  Importantly, the Ninth Circuit has expressly held that the heightened particularity requirements of Rule 9(b) apply to state-law "false advertising" claims under statutes such as the UCL, CLRA and FAL.  *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009).

## V.    THE COURT SHOULD GRANT THE MOTION IN ITS ENTIRETY

### A.    Plaintiff Has Again Failed to Allege Any Misrepresentations

Just as with her original complaint and the FAC, each of the claims in Plaintiff's SAC is premised upon "misleading advertising and representations."  Again, however, Plaintiff has failed to allege any such facts—let alone with the particularity required by Fed. R. Civ. P. 9(b).

As this Court observed in ruling on Neiman Marcus' original motion, the Ninth Circuit has made plain that detailed allegations satisfying Rule 9(b) are required to

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

support the statutory claims at issue in this action.  To wit: in *Kearns*, the plaintiff alleged that the Ford Motor Company and its dealerships engaged in misrepresentations and omissions regarding the benefits of their Certified Pre-Owned ("CPO") vehicles, and asserted corresponding claims under the UCL and CLRA. *Kearns*, 567 F.3d at 1123.  "Specifically, Kearns contends that Ford makes false and misleading statements concerning the safety and reliability of its CPO vehicles," and that, "by making such false statements, Ford conspires to mislead class members into believing that the CPO program guarantees a safer, more reliable, and more roadworthy used vehicle." *Id.*  The plaintiff further alleged that "the CPO vehicles are *not* any safer, more reliable, or more roadworthy than a regular used vehicle." *Id.* (emphasis added).  The District Court dismissed the complaint, holding that the plaintiff failed to allege the level of factual detail required by Rule 9(b), and the Ninth Circuit affirmed.

Notably, the plaintiff in *Kearns* had at least *identified* various Ford advertisements and marketing materials (unlike the Plaintiff here), but the complaint was nonetheless held to be deficient:

> "Kearns alleges that Ford's marketing materials and representations led him to believe that CPO vehicles were inspected by specially trained technicians and that the CPO inspections were more rigorous and therefore more safe. Kearns alleges he was exposed to these representations through (1) Ford's televised national marketing campaign; (2) sales materials found at the dealership where he bought his vehicle; and (3) sales personnel working at the dealership where he bought his vehicle. In reliance on these representations, Kearns claims he purchased a CPO vehicle. Therefore he alleges that Ford engaged in a fraudulent course of conduct.
>
> However, Kearns fails to allege in any of his complaints the **particular circumstances** surrounding such representations. Nowhere in the TAC [third amended complaint] does Kearns specify **what the television advertisements or other sales material specifically stated**. Nor did Kearns specify **when** he was exposed to them or **which ones** he found material. Kearns

6

also failed to specify which sales material he relied upon in making his decision to buy a CPO vehicle. Kearns does allege that he was specifically told 'CPO vehicles were the best used vehicles available as they were individually hand-picked and rigorously inspected used vehicles with a Ford-backed extended warranty.' Kearns does not, however, specify who made this statement or when this statement was made. … Because Kearns failed to plead his averments of fraud with particularity, we affirm the district court's dismissal of his TAC."

*Kearns*, 567 F.3d at 1125-26 (emphasis added); *see also* Dkt. # 23 ("*Kearns*…is clear that 'Rule 9(b)'s particularity requirement applies'").

1.  Plaintiff's Theory that Defendant "Misled" Consumers into Believing that Last Call Stores Sell the "Exact Same" Merchandise as Traditional Neiman Marcus Stores is Still Inadequately Pleaded

As with her prior complaints, Plaintiff alleges that "Defendant's misleading pricing techniques" (SAC ¶ 18) and "misrepresentations regarding the Neiman Marcus Last Call products and the purported origin of the products" (SAC ¶ 19) misled her into "believing that [she was] receiving a substantial discount on the exact same product that could have been purchased at traditional Neiman Marcus retail stores for the 'Compared to' price" (SAC ¶ 15).

Once again, however, the SAC does not quote from, summarize, or even *identify* any alleged Neiman Marcus advertisements or marketing materials at all—let alone any such statements indicating that the "exact same products" are sold in both the traditional Neiman Marcus stores and the Last Call stores.  Rather, Plaintiff continues to rely exclusively on the alleged inclusion of a "Compared to" price on the tags affixed to clothing in the Last Call stores.  Plaintiff does *not* allege that the price tags, themselves, contain any statements regarding the "purported origin" of the clothing, the "qualities" of the clothing, or whether the "exact same product" was sold at a traditional Neiman Marcus store.  Rather, for those propositions, Plaintiff depends upon vague and conclusory notions of "misleading advertising and representations"

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

(FAC ¶ 19)—without ever specifying what actual statements were made, where, when, or by whom.  In other words, Plaintiff has utterly disregarded the requirement that she plead "'the who, what, when, where, and how' of the misconduct charged."  *Vess*, 317 F.3d at 1106; *see also Kearns*, 567 F.3d at 1124.

Similarly, in connection with her CLRA claim, Plaintiff cites the following paragraphs of Section 1770(a) of the California Civil Code:

> (5)    "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

> (7)    "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

> (9)    "Advertising goods or services with intent not to sell them as advertised."

> (13)    "Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

*See* SAC ¶ 57.

Again, however, the SAC contains no factual allegations demonstrating any such conduct.  Nowhere does Plaintiff identify any statements by Neiman Marcus regarding the characteristics, qualities or features of any product.  *See* Cal. Civ. Code §§ 1770(a)(5), (7), (9).  Nor has Plaintiff alleged any "false or misleading statements of fact" regarding "price reductions."  *See* Cal. Civ. Code § 1770(a)(13).  Rather, Plaintiff simply alleges that the price tags on merchandise in Last Call stores contain a "Compared to" price.  Again, this comparison price is *not* alleged to be the basis for a "price *reduction*" (*see* Cal. Civ. Code § 1770(a)(13))—i.e., there is no allegation that the price tag states anything along the lines of "marked down from," "reduced from,"

1   "previously," "was," etc.  The tag is merely alleged to state, "Compared to."  In order

2   to reach the conclusion that this amounts to a "false or misleading statement," Plaintiff

3   resorts to conclusory assertions of "Defendant's misrepresentations regarding the

4   Neiman Marcus Last Call products and the purported origin of the products" and

5   "Defendant's misleading advertising and representations"—but, again, never actually

6   details any of these alleged misrepresentations, in violation of Rule 9(b).

7       Indeed, the SAC is virtually **identical** to the FAC in this regard, and the Court

8   should dismiss it for the same reasons as before (*see* Dkt. # 32)—just as another

9   federal court has recently done in a similar false advertising case against a retailer.  *See*

10  *Branca v. Nordstrom, Inc.*, No. 14-2062, slip op.[1] at 12 (S.D. Cal. Mar. 20, 2015)

11  (dismissing complaint for violation of the UCL, FAL and CLRA where "Plaintiff's

12  allegations do not establish that Nordstrom Rack's price tags are likely to deceive

13  reasonable consumers into believing the 'Compare At' price is the former price at

14  which Nordstrom or other mainline retailers previously sold the same merchandise").

2.   Plaintiff's New Allegation that Defendant Failed to Comply with 16 C.F.R. § 233.2(c) is Insufficient to Support Any Claim

17      Plaintiff has now alleged, for the first time, that "[t]he language used by

18  Defendant, 'Compared to,' at the very least, would be interpreted by a reasonable

19  consumer as a comparable value comparison under 16 C.F.R. 233.2(c)," and that,

20  "[c]ontrary to the requirements of 16 C.F.R. 233.2, Defendant was not reasonably

21  certain that the 'Compared to' price listed for products sold at its Neiman Marcus Last

22  Call stores was the price at which merchandise of like grade and quality was being

23  offered by representative retail outlets in the area."[2]  SAC ¶¶ 23-25.  This bare legal

24

25  _____

26  [1] Attached as Exhibit A to Request for Judicial Notice filed concurrently herewith.

27  [2] Plaintiff does not allege a cause of action under 16 C.F.R. § 233.2 (nor can she, as there is no such right of action).  Rather, she appears to rely on that provision to

28  support her state-law claims.  As detailed herein, however, each of her claims still fails as a matter of law.

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

conclusion is the *only* new allegation in the SAC, and it cannot sustain Plaintiff's claims, as detailed below.

To begin, Plaintiff's conclusory assertion merely parrots the language of 16 C.F.R. § 233.2(c), verbatim.  The SAC contains no supporting factual allegations **whatsoever**.  For example, Plaintiff does **not** allege that merchandise similar in quality to the products she purchased was selling elsewhere for *less* than the "Compared to" prices—indeed, she does not allege any facts *at all* regarding the prices of comparable merchandise.  Simply quoting the language of a regulatory provision and asserting that the Defendant failed to comply (as Plaintiff here has done) is precisely the sort of "threadbare recital" and "naked assertion devoid of further factual enhancement" that the Supreme Court has deemed inadequate to state **any** claim[3]—let alone to satisfy Rule 9(b)'s requirement that a plaintiff allege, with factual particularity, an "explanation of why or how such statements are false or misleading."  *Decker*, 42 F.3d at 1548 n.7.

Moreover, even assuming *arguendo* that Plaintiff had pleaded sufficient facts demonstrating a failure to comply with 16 C.F.R. § 233.2 (which she has not), this conduct *still* would not suffice to state a claim under the CLRA.  The CLRA is an elaborately detailed statute, prohibiting 25 highly specific activities.  *See* Cal. Civ. Code § 1770(a).  Of those 25 distinct prongs, Plaintiffs cites four, namely: (5) "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."; (7) "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."; (9) "Advertising goods or services with intent not to sell them as advertised."; and (13)

---

[3] *See Iqbal*, 129 S. Ct. at 1940, 1949; *see also Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (internal quotes omitted).

"Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."  *See* SAC ¶ 57.  None of these four (nor any of the other prongs of the CLRA) addresses the conduct referenced in 16 C.F.R. § 233.2—i.e. comparable-value comparison pricing—and for this reason, too, Plaintiff's CLRA claim fails (even if she *had* alleged facts demonstrating a failure to comply with 16 C.F.R. § 233.2, which she has not).

**B.    Plaintiff Cannot Save Her Claims With Sweeping Allegations of "Omission" and "Failure to Disclose"**

In addition to its conclusory allegations of "misrepresentations" and "untrue statements," the SAC again makes passing reference to "omissions" and "nondisclosure" (without any factual elaboration).  *See* SAC ¶¶ 41, 47, 52.  As detailed below, these allegations cannot and do not cure the pleading deficiencies outlined above—indeed, the SAC's allegations of omission and nondisclosure are quite literally **identical** to those in the FAC, which the Court held to be inadequate as a matter of law.  *Compare* SAC ¶¶ 41, 47, 52 *with* FAC ¶¶ 37, 43, 48.

To begin, the law is clear that "nondisclosure" allegations sound in fraud, and thus must be pleaded with the same level of particularity under Rule 9(b) as affirmative misrepresentations.  *See, e.g., Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 997 n.2 (N.D. Cal. 2009) ("Since 1987, the Supreme Court of California has included nondisclosure as a form of misrepresentation. … As a result, plaintiff must now plead nondisclosure with particularity.") (citing *Kearns*, 567 F.3d at 1127 ("Because the Supreme Court of California has held that nondisclosure is a claim for misrepresentation…, it (as any other fraud claim) must be pleaded with particularity under Rule 9(b).").  Thus, "to plead the circumstances of omission with specificity, plaintiff must describe the content of the omission and *where the omitted information should or could have been revealed*, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information."  *Marolda*, 672

F. Supp. 2d at 1001 (emphasis added).  Here, Plaintiff has not specified what, exactly, Neiman Marcus "omitted," nor has she identified where any such "omitted" information should have been revealed, and for this reason, alone, her "omission" allegations are unavailing.

Second, in order for an omission to be actionable under the UCL, FAL, or CLRA, it must either be (1) "contrary to a representation actually made by the defendant" or (2) a "fact the defendant was obligated to disclose."  *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 835-36 (2006); *see also Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (2012) ("California courts have generally rejected a broad obligation to disclose, adopting instead the standard as enumerated by the California Court of Appeal in *Daugherty*").  Once again, Plaintiff has not alleged any representations by Neiman Marcus regarding the "origin" or "qualities" of the clothing sold at Last Call stores, nor any representations regarding whether the "exact same articles" are sold in both Last Call stores and traditional Neiman Marcus stores. As such, any alleged "omission" in this regard cannot be "contrary to a representation actually made by the defendant."  Nor has Plaintiff alleged a basis to impose any "obligation" to disclose on Neiman Marcus—again, the complaint does not even explicitly allege what, exactly, Neiman Marcus should have "disclosed," let alone facts demonstrating a responsibility to do so, such as a "right to know" whether the goods sold at a Last Call store are identical to those sold in a traditional Neiman Marcus store.  *See, e.g., Searle v. Wyndham Int'l, Inc.*, 102 Cal. App. 4th 1327, 1335 (2002) (affirming dismissal of UCL claim based on hotel's alleged failure to disclose distribution of room service charge to server, holding that "we are not willing to indulge the notion that the custom of tipping somehow gives patrons the right to know how much a server is being paid by his or her employer"); *Kunert v. Mission Fin. Svcs. Corp.*, 110 Cal. App. 4th 242, 264 (2003) (affirming dismissal of UCL claim based on failure to disclose auto dealer markup on financing and rejecting contention that the

markup is "deceptive merely because it is not disclosed to consumers," finding "disclosure is not required by law").

As the Court rightly determined in dismissing the FAC (and the original complaint), "Plaintiff's FAC…alleges that Defendant's omissions violate the UCL, but Plaintiff again fails to identify any specific omissions." Dkt. # 32, p. 6; *see also* Dkt. # 23, pp. 5-6. The same is equally true of the SAC, and it should be dismissed accordingly, without yet *another* opportunity to amend.

### C. <u>Plaintiff Lacks Standing to Pursue Any of Her Claims</u>

The SAC should also be dismissed because Plaintiff has again failed to establish that she has the requisite standing to bring her claims under the UCL, FAL, or CLRA, as detailed below.

A plaintiff suing under these statutes must allege facts reflecting that she has "suffered injury in fact and lost money or property as a result of" the alleged violations. Cal. Bus. & Prof. Code §§ 17204, 17535; *see also* Cal. Civ. Code § 1780. Indeed, to satisfy the standing requirement of Article III of the U.S. Constitution, a plaintiff must demonstrate, *inter alia*, "injury in fact" that is "concrete and particularized" and is "fairly traceable to the challenged conduct." *Levine v. Vilsack*, 587 F.3d 986, 991-92 (9th Cir. 1999); *see also Schmier v. U.S. Court of Appeals*, 279 F.3d 817, 821 (9th Cir. 2009) ("the plaintiff must have sustained a 'concrete' injury, 'distinct and palpable…as opposed to merely abstract.'") (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).

The statutory "as a result of" language requires that plaintiffs prosecuting a private enforcement action under the UCL and FAL must plead "actual reliance on the allegedly deceptive or misleading statements." *In re Tobacco II Cases,* 46 Cal.4th 298, 306 (2009) ("a plaintiff must show that the misrepresentation was an immediate cause of the injury producing conduct"). Likewise, standing to sue under the CLRA also requires actual reliance, i.e., that a plaintiff demonstrate that a defendant's allegedly deceptive statements were material to his purchase. *Durell v. Sharp Healthcare*, 183

Cal. App. 4th 1350, 1366-1367 (2010); *see also Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 973 (2009).  To establish materiality, a plaintiff must show that: 1) she relied on a defendant's alleged misrepresentation; and 2) her reliance caused her harm. *Durell*, 183 Cal. App. 4th at 1366-67.

Here, Plaintiff does not allege facts reflecting actual reliance or any concrete injury.  She alleges that she "was damaged in purchasing the Last Call products because [she] paid for products based on Defendant's representations and perceived discounts, *but did not experience any of Defendant's promised benefits* shopping at the Neiman Marcus Last Call Store."  SAC ¶ 18 (emphasis added).  Again, however, the SAC is devoid of any factual allegations demonstrating any such "promised benefits." Nowhere does Plaintiff allege that Neiman Marcus made any statement or representation that all of the goods sold at the Last Call stores are the "exact same products" sold at the traditional Neiman Marcus stores.  Rather, Plaintiff simply asserts that Neiman Marcus engaged in unspecified "misleading advertising and representations" that allegedly led her to believe that she was purchasing the "exact same products" as are offered for sale at the traditional Neiman Marcus retail stores. Without even *identifying* the supposed statements at issue, the complaint does not and cannot demonstrate actual and reasonable *reliance* on such statements, as is required, nor any resultant injury.  *See Tobacco II,* 46 Cal.4th at 306 (2009); *Cohen*, 178 Cal. App. 4th at 973.

Likewise, Plaintiff cannot establish the "actual reliance" necessary to confer standing with her *new* allegation that the words "'Compared to,' at the very least, would be interpreted by a reasonable consumer as a comparable value comparison"— since she **does not allege** that this was **her** interpretation of the phrase (even setting aside, the for moment, Plaintiff's failure to allege sufficient facts demonstrating falsity, as detailed in Section V.A.2, which alone dooms her claims).  Rather, Plaintiff explicitly alleges "believing that [she was] receiving a substantial discount on the *exact same product* that could have been purchased at traditional Neiman Marcus retail

stores for the 'Compared to' price"—*not* that she believed "Compared to" was a reference to a comparable product sold elsewhere.  *See* SAC, ¶ 15.

### D.    Plaintiff's UCL Claim Fails as a Matter of Law

The UCL defines "unfair competition" to include unlawful, fraudulent and unfair business acts and practices, and furnishes a private right of action to a plaintiff who has suffered injury in fact and lost money or property as a result.  Cal. Bus. & Prof. Code §§ 17200, 17204.  As detailed above, the SAC fails to demonstrate the requisite standing to pursue such a claim, and on this basis, alone, the claim fails.  *See* Section V.C, *supra*.  Nor does the SAC contain specific factual averments sufficient to demonstrate any "fraudulent" or "unfair" business acts or practices (or, for that matter, any other claim).  *See* Sections V.A, V.B, *supra*.

Likewise, Plaintiff's UCL claim also fails to allege an "unlawful" act that might support a UCL claim.  As the California Supreme Court has explained, "[b]y proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable."  *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999).  Where the "borrowed" underlying claim is inadequately alleged, the derivative UCL claim also fails and should be dismissed. *See, e.g., Krantz v. BT Visual Images*, 89 Cal. App. 4th 164, 178 (2001) (holding that a UCL claim will "stand or fall" with the alleged underlying predicate violation); *People v. Duz-Mor Diagnostic Lab., Inc.*, 68 Cal. App. 4th 654, 673 (1998) ("the Act requires a violation of law, and…a defense to the underlying offense is a defense under the Act"); *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185,1206 (S.D. Cal. 2010) (UCL claim "stands and falls with the viability of Plaintiff's other claims").  In her UCL claim, the only other "laws" that Plaintiff specifically identifies are the FAL, the CLRA, and the FTC Guide codified at 16 C.F.R. § 233.2.[4]  Because the SAC is

---

[4] Plaintiff also refers to "various other laws, regulations, statutes, and/or common law duties," without specifying them, but it is well-established that merely referring to unnamed "laws" cannot support a claim under the UCL's "unlawful" prong.  *See, e.g.,*

15

1  inadequate to state a claim under any of those provisions, as detailed herein, Plaintiff's
2  allegations of "unlawful" conduct under the UCL are likewise inadequate to state a
3  claim.

4       For this reason, as well, the Court should dismiss Plaintiff's UCL claim, without
5  further leave to amend.

6  **E.      Plaintiff's CLRA Claim is Additionally Barred by the Statute's Pre-**
7  **Suit Notice Requirement**

8       Plaintiff's claim under the CLRA is legally deficient for multiple, independent
9  reasons.  As set forth above, the SAC does not establish Plaintiff's standing to sue
10  under the CLRA (see Section V.C, *supra*) or contain factual particularity to support
11  any of her claims (see Section V.A, *supra*).  Moreover, as detailed below, the CLRA
12  claim fails for the additional reason that Plaintiff has violated the statute's pre-suit
13  notice requirement.

14       As a prerequisite to suing for money damages, the CLRA requires that a plaintiff
15  provide notice of the alleged violations to the prospective defendants at least thirty
16  days prior to commencing the action.  Cal. Civ. Code § 1782(a).  If a plaintiff fails to
17  give the required notice, the CRLA claim must be dismissed.  *Id.*  A plaintiff seeking
18  only injunctive relief need not comply with the notice requirement.  *See* Cal. Civ. Code
19  § 1782(d).  A claim for *restitution*, however, does require pre-suit notice, and must be
20  dismissed if the plaintiff fails to provide it.  *See In re Ford Tailgate Litig.*, No. 11-
21  2953, 2014 U.S. Dist. LEXIS 119769, at *18-19 (N.D. Cal. Aug. 8, 2014) ("While
22  section 1782(d) expressly provides that an action for injunctive relief may be brought
23  without pre-suit notice, this exception does not extend to a request for restitution.")
24  (citing *Laster v. T-Mobile USA, Inc.*, No. 05-1167, 2008 U.S. Dist. LEXIS 103712, at
25  *52 (S.D. Cal. Aug. 11, 2008), *aff'd sub nom*, 584 F.3d 849 (9th Cir. 2009)).

26  ——————————————————————————

27  *Khoury v. Maly's of California*, 14 Cal. App. 4th 612, 619 (1993) (UCL claim should
   be dismissed where the "complaint identifies no particular section of the [underlying]
28  statutory scheme which was violated and fails to describe with any reasonable
   particularity the facts supporting violation").

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Here, Plaintiff indeed sought restitution in connection with her CLRA claim—in her **original** complaint, filed **before** providing any statutory pre-suit notice. *See* Original Complaint, Prayer, pp. 12-13; *see also* Original Complaint, ¶ 53 (acknowledging that complaint was filed before giving pre-suit notice under the CLRA).[5]  Moreover, in her SAC, Plaintiff continues to retain her demand for restitution under the CLRA, and indeed has now also sought general damages under that claim.  *See generally* SAC, Prayer.  Accordingly, Plaintiff's CLRA claim "must be dismissed for failure to allege that pre-suit notice was provided." *In re Ford*, 2014 U.S. Dist. LEXIS 119769, at *20.  Such dismissals are with prejudice.  *See Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 950 (S.D. Cal. 2007) (citing *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1195-96 (S.D. Cal. 2005); *Von Grabe v. Sprint*, 312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003); *Outboard Marine v. Superior Court*, 52 Cal. App. 3d 30, 41 (1975)).

For this reason, as well, the Court should dismiss Plaintiff's CLRA claim, with prejudice.

## VI.    THE COURT SHOULD GRANT NO FURTHER LEAVE TO AMEND

The Court should not grant Plaintiff yet another chance to plead, thereby unnecessarily prolonging this action.  In "the Ninth Circuit…plaintiffs do not enjoy unlimited opportunities to amend their complaints." *Stone v. Conrad Preby's*, 2013 WL 139939, at *2 (S.D. Cal. Jan. 10, 2013) (citing *McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996)).  "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008); *see also Snell v. Brown*, 2013 WL 1181449, at *7 (C.D. Cal. Jan. 7, 2013) (citing *Kaplan v.*

---

[5] Although Plaintiff excluded her CLRA claim as a basis for "statutory damages," "general damages," "special damages," and "exemplary damages," her claim for restitution was **not** restricted in this manner, and instead extended to all claims in the complaint.  *See* Original Complaint, Prayer, pp. 12-13.

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1  *Rose*, 49 F.3d 1363, 1370 (9th Cir.1994) ("discretion over amendments is especially

2  broad 'where the court has already given a plaintiff one or more opportunities to

3  amend'") (quoting *DCD Progs., Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir.

4  1987))).

5        Indeed, "Where…an amended complaint simply 'restate[s] the prior [dismissed

6  claims] without curing their deficiencies,' the Court properly dismisses with

7  prejudice." *Roger v. County of San Diego*, 2013 WL 1629208, at *2 (S.D. Cal. Apr.

8  15, 2013) (quoting *McHenry*, 84 F.3d at 1174).  This is just what has happened here:

9  the Court has explained, in its detailed opinions, why Plaintiff's prior complaints were

10  defective, and gave her multiple opportunities to fix them.  Nonetheless, she has failed

11  to do so after three tries, and thus the Court should not grant further leave to amend.

12

13  **VII.   <u>CONCLUSION</u>**

14        The Court has generously indulged Plaintiff with multiple opportunities to plead

15  her alleged claims.  Despite having now had three opportunities, Plaintiff still has

16  failed to allege any viable causes of action.  Plainly, she cannot do so, and thus the

17  Court should grant this motion without further leave to amend.

18

19        Respectfully submitted,

20        K&L GATES LLP

21

22  Dated:  April 6, 2015      By:  s/ Kevin S. Asfour

23            Paul W. Sweeney, Jr.

24            Kevin S. Asfour
          Cassandra S. Jones
          Attorneys for Defendant
          The Neiman Marcus Group LLC

25

26

27

28

18

# DECLARATION OF KEVIN S. ASFOUR

I, Kevin S. Asfour, declare as follows:

1.     I am an attorney duly admitted to practice before all courts of the State of California and the United States District Court for the Central District of California, and am a Partner of the law firm of K&L Gates LLP, counsel of record for Defendant The Neiman Marcus Group LLC in this action.  I have personal knowledge of the facts contained herein and, if called to testify, I could and would competently testify thereto.

2.     I make this declaration pursuant to the Court's Standing Order, paragraph 20, which provides that "motions must include a declaration by counsel briefly describing the parties' discussion and attempt to eliminate the need for the motion and the date of such discussion."

3.     On March 30, 2015, I spoke via telephone with Justin Keller, one of Plaintiff's counsel of record in this action, and discussed Defendant's intention to file the instant motion and the grounds for it.  We agreed that the motion would need to proceed, due to our differences of opinion on the issues and the sufficiency of the Second Amended Complaint.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated:  April 6, 2015                          s/ Kevin S. Asfour
                                                       Kevin S. Asfour

DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT