Michael Louis Kelly - State Bar No. 82063
mlk@kirtlandpackard.com
Behram V. Parekh - State Bar No. 180361
bvp@kirtlandpackard.com
Heather Baker Dobbs - State Bar No. 261303
hmb@kirtlandpackard.com
Justin M. Keller - State Bar No. 260204
jmk@kirtlandpackard.com
KIRTLAND & PACKARD LLP
2041 Rosecrans Avenue; Third Floor
El Segundo, California 90245
Telephone: (310) 536-1000
Facsimile: (310) 536-1001

*Counsel for Plaintiff and all others similarly situated*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDA RUBENSTEIN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NEIMAN MARCUS GROUP LLC, a Delaware Limited Liability Company, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:14-CV-07155-SJO-JPR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date: May 11, 2015<br>Time: 10:00 a.m<br>Court Room: 1 (2nd Floor)<br><br>Assigned to Hon. S. James Otero |

LAW OFFICES
KIRTLAND & PACKARD LLP

LAW OFFICES
KIRTLAND & PACKARD LLP

**TABLE OF CONTENTS**

I. INTRODUCTION . . . . . 1

II. THE SAC ADEQUATELY ALLEGES PLAINTIFF'S CLAIMS . . . . . 3
A. The SAC Adequately Alleges Defendant's Misrepresentations . . . . . 3
B. Plaintiff's New Allegations Are Adequately Plead in the SAC . . . . . 7
C. The SAC Adequately Alleges Defendant's Omissions . . . . . 9

III. PLAINTIFF HAS STANDING TO BRING CLAIMS . . . . . 10
A. Misleading Statements By Defendant . . . . . 10
B. Plaintiff Relied on the Misleading Statements . . . . . 11
C. Plaintiff's Reliance Caused her Concrete Injury . . . . . 11

IV. PLAINTIFF'S UCL CLAIM IS ADEQUATELY PLED . . . . . 12

V. PLAINTIFF'S CLRA CLAIM IS ADEQUATELY PLED . . . . . 12

VI. CONCLUSION . . . . . 13

# TABLE OF AUTHORITIES

Federal Cases

*Balistreri v. Pacifica Police Dep't*
901 F.2d 696 (9th Cir. 1988) . . . . . . . . . . 13

*Bly-Magee v. California*,
236 F.3d 1014 (9th Cir. 2001) . . . . . . . . . . 13

*Cooper v. Pickett*,
137 F.3d 616 (9th Cir. 1997) . . . . . . . . . . 3, 7

Henderson v. Gruma Corp.,
2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) . . . . . . . . . . 12

*In re Mattel, Inc.*,
588 F. Supp. 2d 1111 (C.D. Cal. 2008) . . . . . . . . . . 12, 13

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) . . . . . . . . . . 6

*Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*,
642 F. Supp. 2d 1112, (C.D. Cal. 2009) . . . . . . . . . . 6

*Rosales v. FitFlop USA, LLC*,
882 F. Supp. 2d 1168 (S.D. Cal. 2012) . . . . . . . . . . 13

*Stickrath v. Globalstar, Inc.*,
527 F. Supp. 2d 992 (N.D. Cal. 2007) . . . . . . . . . . 13

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) . . . . . . . . . . 3, 7

*Von Koenig v. Snapple Beverage Corp.*, No. 09-cv-606,
2010 U.S. Dist. LEXIS 55987 (E.D. Cal. May 7, 2010) . . . . . . . . . . 6

State Cases

*Daugherty v. Am. Honda Motor Co.*,
144 Cal. App. 4th 824 (2006) . . . . . . . . . . 9

LAW OFFICES KIRTLAND & PACKARD LLP

State Statutes

Cal. Bus. & Prof. Code § 17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Cal. Bus. & Prof. Code § 17500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Cal. Bus. & Prof. Code § 17501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Cal. Civ. Code § 1780 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
Cal. Civ. Code § 1782(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13
Cal. Civ. Code § 1782(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Cal. Civ. Code § 1750 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Cal. Civ. Code §1770(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Federal Court Rules

Fed. R. Civ. P. 15(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Fed. R. Civ. P.Mi . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

Federal Regulations

16 C.F.R. § 233.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
16 C.F.R. § 233.2(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

LAW OFFICES KIRTLAND & PACKARD LLP

LAW OFFICES
KIRTLAND & PACKARD LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

On August 7, 2014, Plaintiff Linda Rubenstein ("Plaintiff") filed a complaint (the "Complaint") alleging that defendant The Neiman Marcus Group LLC ("Defendant") violated the California Business & Professions Code §17500, et seq., California False Advertising Laws (the "FAL"); California Business & Professions Code §17200, et seq., Unfair Competition Laws (the "UCL"); and California Civil Code § 1750, et seq., California's Consumer Legal Remedies Act (the "CLRA"). Plaintiff's causes of action stemmed from Defendant's misleading printing of "Compared to" on the label of the products sold at Defendant's misleadingly named outlet store chain: Nieman Marcus Last Call (the "Last Call Stores"). On October 17, 2014, Defendant filed a motion to dismiss Plaintiff's Complaint, which was granted by the Court on December 12, 2014, allowing Plaintiff leave to amend.

On December 22, 2014, Plaintiff filed her First Amended Complaint (the "FAC"), again alleging violations by Defendant of the FAL, UCL and CLRA. On January 6, 2015 Defendant filed a motion to dismiss Plaintiff's FAC. On March 2, 2015, the Court granted Defendant's motion based upon the Court's finding that reasonable consumers would interpret Defendant's "Compared to" language as a comparison to the price of products of like grade and quality sold by retailers in the area – a "comparable value comparison" – instead of a comparison to the price that the exact same product would be sold at Defendant's flagship Neiman Marcus retail stores – a "former price comparison" – as alleged by Plaintiff in her Complaint and the FAC. In the Order, the Court again allowed Plaintiff leave to amend.

On March 17, 2015 Plaintiff filed her Second Amended Complaint (the "SAC"). In response to the Court's guidance in the Order, the SAC alleged:

> 22. Even in the situation where the "Compared to" price was reasonably interpreted to mean a comparable price for goods of a like grade and quality that were sold elsewhere than at Defendant's own

retail stores, however, 16 C.F.R. § 233.2(c) specifically addresses comparable value comparisons in the context of such advertising. The regulation governs situations where the retailer's "form of bargain advertising is to offer a reduction from the prices being charged either by the advertiser or by others in the advertiser's area for other merchandise of like grade and quality - in other words, comparable or competing merchandise - to that being advertised." 16 C.F.R. § 233.2(c).

23.    The language used by Defendant, "Compared to," at the very least, would be interpreted by a reasonable consumer as a comparable value comparison under 16 C.F.R. § 233.2(c).

24.    Even in the case of a comparable value comparison, however, 16 C.F.R. § 233.2(c) provides that a Defendant must "be reasonably certain, just as in the case of comparisons involving the same merchandise, that the price advertised as being the price of comparable merchandise does not exceed the price at which such merchandise is being offered by representative retail outlets in the area."

25.    Contrary to the requirements of 16 C.F.R. § 233.2, Defendant was not reasonably certain that the "Compared to" price listed for products sold at its Neiman Marcus Last Call stores was the price at which merchandise of like grade and quality was being offered by representative retail outlets in the area at the time the product was being sold at the Neiman Marcus Last Call stores. Rather the prices listed as the "Compared to" price appear to listed regardless of whether the actual product or similar product was currently being sold for that price in the area, or even if it had ever been sold at that price.

On April 6, 2015, Defendant filed the instant motion again seeking to dismiss Plaintiff's SAC (the "Motion"). In the Motion, Defendant unconvincingly argues

LAW OFFICES
KIRTLAND & PACKARD LLP

that: (1) Plaintiff failed to allege facts sufficient to state a claim pursuant to Fed. R. Civ. P. 9(b) ("Rule 9(b)"); (2) Plaintiff lacks standing pursuant to Article III of the United States Constitution; (3) Plaintiff's derivative UCL cause of action fails because the predicate FAL and CLRA causes of action are inadequately pled; and (4) Plaintiff's CLRA cause of action is barred because Plaintiff did not provide pre-suit notice. As described below, none of these arguments are persuasive. Accordingly, Plaintiff respectfully requests that the Court deny Defendant's Motion in its entirety. Alternatively, Plaintiff respectfully requests leave to amend should the Court find any deficiencies in the SAC.

## II. THE SAC ADEQUATELY ALLEGES PLAINTIFF'S CLAIMS

### A. The SAC Adequately Alleges Defendant's Misrepresentations

Plaintiff's SAC complies with all applicable pleading standards and does not warrant dismissal.[1] As pled, Plaintiff's SAC meets the requirements of Fed. R. Civ. P. 9(b), because it sets forth the who, what, when, where, and how of the misconduct alleged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

Who: Defendant, a limited liability corporation (SAC ¶2).

What: Defendant disseminated a statement that is untrue or misleading and/or is likely to be construed as untrue or misleading to the public in California by using Nieman Marcus, the name of its flagship department store, in the name of

---

[1] While opposing Defendant's Motion to Dismiss Plaintiff's Complaint, Plaintiff argued that the notice-pleading requirements of Fed. R. Civ. P. 8 ("Rule 8") apply to Plaintiff's FAL, UCLA and CLRA causes of action. Plaintiff contended that Rule 9(b) does not apply to these causes of action because they do not require essential elements of fraud such as scienter or knowledge and accordingly are not grounded in fraud. In the Court's Order granting Defendant's motion to dismiss Plaintiff's Complaint, the Court rejected these arguments and held that the heightened pleading standards of Rule 9(b) apply to these claims. Respectfully, Plaintiff maintains her contention that Rule 8 applies with respect to the claims set forth in the SAC and incorporates such arguments herein. Notwithstanding the foregoing, in light of the Court's holding in its Order, Plaintiff concentrates her arguments herein to whether she has satisfied Rule 9(b)'s heightened pleading standards.

LAW OFFICES
KIRTLAND & PACKARD LLP

its Last Call Stores in California (SAC ¶¶ 12-13). Defendant further disseminated a statement that is untrue or misleading and/or is likely to be construed as untrue or misleading to the public in California by printing a "Compared to" price on the label of products that are sold in the Last Call Stores in California, when: (1) such price did not reflect the price at which the same exact product was sold at Neiman Marcus department stores. (SAC ¶¶ 14, 16); and (2) the actual product or similar product was also not being sold by other stores in the area for that price (SAC ¶ 25). Copies of Defendant's misleading advertising is attached to the SAC ( SAC ¶1, Exhibit B).

When: When Plaintiff relied upon Defendant's misleading advertising to make her purchase on July 21, 2014, and, on all other relevant times within four years of the filing of the SAC (SAC ¶¶ 1, 15,27).

Where: At the Last Call Store located in Camarillo, California and in all Last Call Stores located in California (SAC ¶¶ 1, 27).

How:

- Defendant used Neiman Marcus in the name of the Last Call Stores which caused reasonable consumers to believe that the Last Call Stores are outlet stores of Defendant's flagship department stores (SAC ¶12). The public reasonably believes that the outlet stores sell products at a discounted price that were previously available for purchase at the Defendant's flagship department stores (SAC ¶¶ 15, 17).
- Defendant printed "Compared To" on the label of the products that are sold in the Last Call Stores in California (SAC ¶¶ 1, 14).
- When used in connection with Defendant's Last Call outlet store, the words "Compared to" can reasonably be interpreted by reasonable consumers to be a price comparison with the price of the exact same product when it was previously for sale at Defendant's regular retail store (SAC ¶ 21). Defendant's very name for its outlet stores, "Last Call," reinforces that belief – that is – that the outlet stores

LAW OFFICES
KIRTLAND & PACKARD LLP

are the "last call" for the sale of products previously sold at Defendant's retail stores (*Id.*). Thus, in the context of the Last Call Stores, when Plaintiff and the Class viewed the words "Compared to" next to a price, they reasonable believed that the "Compared to" price was the price the exact same product previously sold for at Defendant's flagship retail stores (*Id.*).

- In the alternative, Defendant's printing of "Compared To" on the label of its products caused the public to believe that goods of a like grade and quality were sold at other stores in the area at the listed comparison price (SAC ¶¶ 22-24).

- Defendant's "Compared to" price advertised on the label of products sold at the Last Call Stores in California was not the prevailing market price for the exact same item at Defendant's flagship department stores within the three months immediately preceding the sale date of the item. (SAC ¶¶ 40-41). Additionally, the "Compared to" price advertised on the label of the products was listed without regard to whether the actual product or similar product was currently being sold for that price by other stores in the area, or even if it had ever been sold at that price by other stores in the area (SAC ¶25).

- Because Defendant used Neiman Marcus in the name of its outlet stores and because Defendant printed the "Compared to" price on the label of its products, Plaintiff and members of the putative class were misled into thinking either that in purchasing products at the Last Call stores, they were getting a deal on high-end products that they would have otherwise had to purchase at a much higher price at Defendant's flagship department store (SAC ¶¶ 14-17) and/or that goods of a like grade and quality were sold at other stores in the area at the "compared to" price. In reality, the products sold at the Last Call Stores are of lesser quality and are only available at the Last Call Stores. (SAC ¶¶ 14-19) and/or the "Compared to" price advertised on the label of the products was listed without regard to whether the actual product or similar product was currently being sold for that price by other stores in the area, or even if it had ever been sold at that price by other stores in the

area (SAC ¶25).

- Plaintiff and members of the Class have suffered injury in fact and lost money because of Defendant's statements; namely, Plaintiff and members of the Class would not have paid as much, if at all, for the products sold at the Last Call Stores but for Defendant's misleading advertising and representations (SAC ¶¶ 15-19).

Unlike the complaint dismissed in *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009), which failed to state the specific content of the allegedly deceptive statements, *Id.* at 1126, the SAC: (1) describes when Defendant makes such misrepresentations; (2) specifies the exact wording of the deceptive statement on the label: "Compared to", and includes images of the product labels; (3) describes in detail why "Compared to" is misleading in the context of the sale of such products at Last Call stores; and (4) alleges that she would not have purchased the products but for the misleading label. This is sufficient to satisfy Rule 9(b) in a consumer false advertising case. *See*: *Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.,* 642 F. Supp. 2d 1112, 1124 (C.D. Cal. 2009), *Von Koenig v. Snapple Beverage Corp.*, No. 09-cv-606, 2010 U.S. Dist. LEXIS 55987, at *21-24 (E.D. Cal. May 7, 2010) (in a false advertising case, the 'time, place, and specific content' requirements of Fed. R. Civ. P. 9(b) are satisfied when plaintiff alleges: (1) when defendant made the misrepresentations; (2) how the product was labeled; and (3) what was misleading about the label; and (4) but for the misleading label, plaintiff would not have purchased the product). Accordingly, Plaintiff has met its pleading burden.

Additionally, the Plaintiff's SAC satisfies the purpose behind Rule 9(b), because it "(1) provide[s] defendant with adequate notice to allow [it]to defend the charge...(2) protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) [to prohibit plaintiffs from imposing costs on the defendant and the court without some factual basis]." *Kearns*, 567 F.3d, 1125. For

the reasons set forth above, this Court should find that Plaintiff's factual allegations in Plaintiff's SAC are legally sufficient[2] and deny Defendant's Motion.

**B. Plaintiff's New Allegations Are Adequately Plead in the SAC**

Defendant argues that Plaintiff's new allegations (SAC ¶¶ 22-25) are inadequate because they are a "bare legal conclusion." Motion at 9-10. However, Defendant grossly mischaracterizes Plaintiff's allegations. The allegation that Defendant has violated 16 C.F.R. § 233.2(c) is a legal conclusion, however, as described above, Plaintiff also alleges the who, what, when, where, and how regarding Defendant's violation of the regulation and how it was misleading to the Class (*See Vess*, 317 F.3d, 1106; *Cooper*, 137 F.3d, 627. Namely, in these new allegations, Plaintiff pleads that reasonable consumers (who) would see the "Compared to" labels (what) on products at Defendant's Last Call Stores in California (where) at all relevant times within four years of the filing of the Complaint (when) and reasonably interpret "Compared to" to mean that goods of a like grade and quality were sold at other stores in the area at the listed comparison price, but, misleadingly, the "Compared to" price advertised on the label of the products was listed without regard to whether the actual product or similar product was currently being sold for that price by other stores in the area, or even if it had ever been sold at that price by other stores in the area (how). Accordingly, Plaintiff has met her burden with respect to its new allegations in the SAC.

Next, Defendant argues that the new allegations are inadequate because they

---

[2] Defendant asks the Court to take judicial notice of *Branca v. Nordstrom, Inc.* No. 14-2062, slip op (S.D. Cal. March 20, 2015) and cites to *Branca* in an attempt to bolster its argument that Defendant's Motion to Dismiss should be granted. However the facts alleged in the pleading at issue in *Branca* are completely distinguishable from the facts pled in Plaintiff's SAC. In that case, the Court thought it was notable that Mr. Branca "does not allege that he believed the "Compare At" price represented a former price at which Nordstrom's mainline stores previously sold the merchandise, or that he purchased the item based on this assumption." *Id* at pg 12. The Court also noted that Mr. Branca did not "allege that he believed the "Compare At" price constituted a former price at which retailers other than Nordstrom had previously sold the same item, when in fact such stores did not." *Id*. Plaintiff's SAC contains all of these allegations. For this reason, *Branca* is not persuasive as to the adequacy of Plaintiff's SAC.

LAW OFFICES KIRTLAND & PACKARD LLP

do not allege conduct in violation of any of the paragraphs of California Civil Code §1770(a) alleged in ¶57 of the SAC (i.e., paragraph 5, 7, 9 and 13 of Cal. Civ. Code § 1770(a)). Again, Defendant's argument is remiss. In fact, as set forth below, the new allegations sufficiently allege a violation of each of these paragraph.

- <u>Defendant Violated Paragraph 5</u>. By labeling its goods with a "Compared to" price comparison, Defendant was representing to the public that these good had the characteristics of similar goods being sold for the comparison price amount by other stores in the area when, in fact, they were not, and were of a lesser grade.

- <u>Defendant Violated Paragraph 7</u>. By labeling its goods with a "Compared to" price comparison, Defendant was representing to the public that these good were of the standard, quality and grade of similar goods being sold for the comparison price amount by other stores in the area, when in fact they were not and were of a lesser standard, quality and grade.

- <u>Defendant Violated Paragraph 9</u>. By labeling its goods with a "Compared to" price comparison, Defendant was advertising to the public that purchasing the goods at the Last Call stores would mean a large savings, because similar goods are sold for the comparison price amount by other stores in the area and the Last Call stores advertised price amount was substantially less. However, in reality, these goods were of lesser standard, quality and grade than goods actually sold by other stores in the area for the comparison price amount and any perceived savings was imaginary. For this reason the Last Call store goods were not sold as advertised.

- <u>Defendant Violated Paragraph 13</u>. By labeling its goods with a "Compared to" price comparison, Defendant made a misleading statement of fact to the public that purchasing the goods at the Last Call stores would mean a large price reduction, because similar goods are sold for the comparison price amount by other stores in the area and the Last Call stores purchase price amount was

substantially less. However, in reality, these goods were of lesser standard, quality and grade than goods actually sold by other stores in the area for the comparison price amount and any perceived price reduction was imaginary.

**C. The SAC Adequately Alleges Defendant's Omissions**

Defendant's Motion argues that Plaintiff's allegations regarding Defendant's acts of omission and failure to disclose are deficient because: (1) the SAC does not specify where the omitted information should have been revealed; and (2) the SAC does not indicate: (a) that the omission is contrary to a representation previously made by Defendant; or (b) that Defendant had an obligation to disclose. (Motion at 11-13). However, factually this is inaccurate. In the SAC, Plaintiff alleges that Defendant, in violation of Cal. Bus. & Prof. Code § 17501 (West), failed to clearly, exactly and conspicuously disclose, on the hang tag of each product, the date within the last three months when the Product was sold for the "Compared to" price (SAC ¶¶ 40-41). This allegation indicates with specificity where the information omitted should have been revealed – on the hang tag – and sets forth the statutory basis – Cal. Bus. & Prof. Code § 17501– by which Defendant was obligated to make a disclosure.

Additionally, the omissions alleged by Plaintiff are contrary to representations previously made by Defendant. *See Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 834-836 (2006), as modified (Nov. 8, 2006), . After misleading reasonable consumers into believing either (1) that the products sold at the Last Call Stores were the same products sold at Neiman Marcus' flagship department store, and/or (2) goods of a like grade and quality were sold elsewhere in the area than at the Last Call Stores at the listed comparison price, Defendant injured such consumers by: (a) failing to disclose that the products sold at the Last Call Stores are of lesser quality and that the "Compared to" price does not represent the actual price that the exact same product was previously sold for at Neiman Marcus department stores and/or (b) the "Compared to" price advertised on the

LAW OFFICES KIRTLAND & PACKARD LLP

label of the products was listed regardless of whether the actual product or similar product was currently being sold for that price in the area, or even if it had ever been sold at that price (SAC ¶25).  For the foregoing reason, this Court should find that Plaintiff's allegations with respect to Defendant's acts of omission and failure to disclose were sufficiently pled and deny Defendant's Motion.

## III.   PLAINTIFF HAS STANDING TO BRING CLAIMS

Defendant proffers the unpersuasive argument that Plaintiff lacks standing to bring Plaintiff's claims because: "Plaintiff does not allege facts reflecting actual reliance or any concrete injury."  Motion at 14.  While Defendant offers a reasonably accurate statement of legal standard with regard to standing under the FAL, UCL, and CLRA, Defendant's application of the facts is misplaced.  By Defendant's own account, in order for Plaintiff to have standing, Plaintiff must demonstrate that: (A)  Defendant made allegedly misleading statements; (B) Plaintiff relied on the allegedly misleading statements; and (C) Plaintiff's reliance caused her concrete injury.  Motion at 13-15.  On the face of the SAC, it is clear that Plaintiff has satisfied these threshold requirements.

### A.   Misleading Statements By Defendant

In the SAC Plaintiff alleges that Defendant made misleading statements, namely: (1) Defendant used Neiman Marcus, the name of its flagship department store, in the name of its Last Call Stores in California (SAC ¶¶ 12-13); and (2) Defendant printed "Compared to" on the label of the products that are sold in the Last Call Stores in California (SAC ¶¶ 1, 14).  As described above, these statements are misleading because: (a) in the context of the purchasing products at the Last Call outlet stores "Compared to" causes reasonable consumers to believe that the compared price is the price that the exact same product previously sold for at Defendant's flagship retail store, when in reality, the products sold at the Last Call Stores are of lesser quality and are only available at the Last Call Stores. (SAC ¶¶ 14-19); or, at the very least, (b) "Compared to" causes reasonable consumers to

LAW OFFICES
KIRTLAND & PACKARD LLP

believe that the goods of a like grade and quality were sold elsewhere than at the Last Call Stores at the listed comparison price (SAC ¶¶ 22-24), when in reality, the "Compared to" price advertised on the label of the products was listed regardless of whether the actual product or similar product was currently being sold for that price in the area, or even if it had ever been sold at that price (SAC ¶25).

**B. Plaintiff Relied on the Misleading Statements**

In the SAC, Plaintiff alleges that the above misleading statements caused her to reasonably believe that the Last Call Stores were outlet stores of Neiman Marcus retail stores and that the exact same products that were previously sold at the Neiman Marcus retail stores at the "Compared to" price were sold at the Last Call Stores, except such products were substantially discounted at the Last Call Stores (SAC ¶¶14-15).[3] In reliance on Defendant's misleading statements and Plaintiff's reasonable beliefs inferred from the misleading statements, Plaintiff purchased products at the Last Call Stores, believing them to be the same high-end products that could have otherwise been purchased at the Neiman Marcus retail stores (SAC ¶¶15-19).[4]

**C. Plaintiff's Reliance Caused her Concrete Injury**

In the SAC, Plaintiff alleges that Plaintiff suffered monetary injury by way of Plaintiff's purchase of products sold at the Last Call Stores. Plaintiff would not have paid as much, or would not have purchased the products at all, but for Plaintiff's reliance on Defendant's misleading statements and Plaintiff's reasonable

---

[3] In the SAC, Plaintiff pleads alternatively that the misleading "Compared to" label would be interpreted by a reasonable consumer to mean that goods of a like grade and quality that were sold elsewhere than at the Last Call Stores at the listed comparison price. (SAC ¶¶ 22-24).

[4] Defendant argues that Plaintiff lacks standing because she interpreted"Compared to" to mean the price that the exact same product previously sold for at Defendant's flagship retail store and not the price goods of a like grade and quality that were sold elsewhere than at the Last Call Stores. However, the fact that Plaintiff may have more narrowly construed the meaning of "Compared to"than another reasonable consumer is irrelevant. As demonstrated above, the "Compared to" statement was misleading and Plaintiff actually relied upon it to her detriment, satisfying the legal standard for standing.

beliefs inferred from the misleading statements (SAC ¶¶ 15-19).

**IV. PLAINTIFF'S UCL CLAIM IS ADEQUATELY PLED**

As Defendant's Motion provides, the UCL requires Plaintiff to allege underlying unlawful acts in order to validly state a claim under the UCL (Motion at 15). However, Defendant's subsequent analysis is misguided; Defendant argues that Plaintiff's predicate FAL and CLRA causes of action fail to state a claim, and, accordingly, Plaintiff's derivative UCL cause of action is inadequate. Motion at 15-16. However, as described herein, the predicate claims have been adequately pled and are legally sufficient, thus rendering Defendant's arguments moot.

**V. PLAINTIFF'S CLRA CLAIM IS ADEQUATELY PLED**

Defendant attempts to obfuscate the law surrounding Plaintiff's CLRA claim. Defendant correctly cites to Cal. Civ. Code § 1782(a) (West) to stand for the proposition that any plaintiff who brings a claim <u>for damages</u> under the CLRA must provide defendant with thirty days' notice of the alleged violation before filing suit. Motion at 16. But Defendant's subsequent analysis is suspect. Defendant unpersuasively argues that the traditionally equitable remedy of restitution somehow qualify as "damages" and extends this to argue that Plaintiff should be barred from pursuing her CLRA claim because she filed her Complaint before the providing Defendant with such notice.

However, as the Court in *In re Mattel, Inc.*, 588 F. Supp. 2d 1111, 1119 (C.D. Cal. 2008) indicates: restitution does not constitute "damages" for the purposes of the CLRA. The *In re Mattel, Inc.* court looked to Cal. Civ. Code § 1780 (West) (listing "restitution" as a separate remedy under the CLRA than "actual damages" or "punitive damages") in determining that restitution is not damages as contemplated by § 1782. *Id.* *See also Henderson v. Gruma Corp.*, CV 10-04173 AHM AJWX, 2011 WL 1362188, , *10 (C.D. Cal. Apr. 11, 2011) (finding restitution does not constitute damages and accordingly, no pre-suit notice is required). Similar analysis, determining that restitution does not constitute damages

LAW OFFICES KIRTLAND & PACKARD LLP

for the purposes of the CLRA, has also been applied by other Ninth circuit district courts. *See Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 1001 (N.D. Cal. 2007); and *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1177 (S.D. Cal. 2012). Accordingly, the Complaint, in praying for restitution, did not request damages, and thus fully complied with Cal. Civ. Code § 1782(a).

Since the Complaint did not seek CLRA damages; subsequent to filing the Complaint, Plaintiff has provided statutory notice to Defendant; and more than thirty days have elapsed since such notice, pursuant to with Cal. Civ. Code § 1782(d) Plaintiff is entitled to "amend [her] complaint without leave of court to include a request for damages." *See also In re Mattel, Inc.*, 588 F. Supp. 2d, 1119. Accordingly, the SAC's request for CLRA damages is proper and for this reason, the Court should sustain Plaintiff's CLRA cause of action.

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motion should be denied in its entirety. Alternatively, Plaintiff respectfully requests leave to amend the SAC to allow Plaintiff the opportunity to cure any deficiencies the Court might find in the SAC. See Fed. R. Civ. P. 15(a)(2); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988); *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

RESPECTFULLY SUBMITTED,

DATED: April 20, 2015

KIRTLAND & PACKARD LLP

By: */s/ Behram V. Parekh*
MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
HEATHER BAKER DOBBS
JUSTIN M. KELLER

*Counsel for Plaintiff and all others similarly situated*

LAW OFFICES KIRTLAND & PACKARD LLP