UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

JS - 6

| | | | |
|---|---|---|---|
| **CASE NO.:** | CV 14-07155 SJO (JPRx) | **DATE:** | May 12, 2015 |
| **TITLE:** | Linda Rubenstein v. The Neiman Marcus Group LLC, et al. | | |

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz						Not Present
Courtroom Clerk							Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**				**COUNSEL PRESENT FOR DEFENDANT:**

Not Present							Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** [Docket No. 34]

This matter comes before the Court on Defendant The Neiman Marcus Group LLC's ("Defendant" or "Neiman Marcus") Motion to Dismiss Case ("Motion"), filed on April 6, 2015. Plaintiff Linda Rubenstein ("Plaintiff") submitted an Opposition to Defendant's Motion ("Opposition") on April 20, 2015, to which Defendant replied ("Reply") on April 27, 2015.The Court found this matter suitable for disposition without oral argument and vacated the hearing set for May 11, 2015. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Defendant's Motion.

I.	FACTUAL AND PROCEDURAL HISTORY

	A.	Prior Allegations

The following allegations in the Second Amended Complaint are essentially identical to the allegations in the First Amended Complaint. Plaintiff is a citizen and resident of California who purchased two items of clothing from the Neiman Marcus "Neiman Marcus Last Call" store ("Last Call") in Camarillo, California, that was purportedly sold for markedly lower than the "Compared to" price that a consumer would pay at traditional Neiman Marcus retail stores. (Second Am. Compl. ("SAC") ¶ 1.) Defendant is a Delaware limited liability company, with its principal place of business in Irving, Texas, that markets, distributes, and/or sells men's and women's clothing and accessories. (SAC ¶ 2.) Defendant sells its clothing and accessories to consumers in California and throughout the nation. (SAC ¶ 2.)

Neiman Marcus offers upscale apparel, accessories, jewelry, beauty and decorative home products and operates 41 stores across the United States. (SAC ¶ 7.) These store operations total more than 6.5 million gross square feet with over $400 million in sale revenues in 2013. (SAC ¶ 7.) Defendant also operates thirty six Last Call clearance stores. (SAC ¶ 8.) These

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS - 6

CASE NO.:   CV 14-07155 SJO (JPRx)          DATE:   May 12, 2015

"Neiman Marcus Last Call" stores are an alternative way for large retail companies to capture a larger pool of consumers because they offer clothing and accessories at discounted prices from in-demand retail stores.  (SAC ¶ 8.)

Outlet stores are a popular avenue for sale-seeking consumers because in-demand retail stores, such as Neiman Marcus, will often sell clothes that are "after season" or clothing that had very little popularity and did not sell.  (SAC ¶ 9.)  To mitigate any more losses on the clothing, the retail stores will sell this clothing at various outlet malls for a discount.  (SAC ¶ 9.) Shoppers have become accustomed to seeing products at outlet stores that once were sold at the traditional retail store.  (SAC ¶ 10.)  Apparel sales at factory outlets rose 17.8% in 2011, according to some estimates, while apparel sales industry-wide rose a meager 1.4%.  (SAC ¶ 11.)

Defendant's use of "Neiman Marcus" in the name of the "Neiman Marcus Last Call" stores caused Plaintiff and other "Neiman Marcus Last Call" store shoppers (also referred to as the "Class") to reasonably believe that the "Neiman Marcus Last Call" stores are outlet stores of traditional Neiman Marcus retail stores and that the "Neiman Marcus Last Call" stores sell "after season" and unsold products that were previously sold at traditional Neiman Marcus retail stores.  (SAC ¶¶ 12-13.)  Defendant labels its Neiman Marcus Last Call products with a tag that shows a markedly lower price from the "Compared to" price.  (SAC ¶ 14.)  Plaintiff and the Class reasonably believed that this "Compared to" price represented the price that the exact same product would be sold at the traditional Neiman Marcus retail store.  (SAC ¶ 14.)

Plaintiff and the Class, reasonably relied on the large price differences and made purchases at the "Neiman Marcus Last Call" stores believing that they were receiving a substantial discount on the exact same product that could have been purchased at traditional Neiman Marcus retail stores for the "Compared to" price.  (SAC ¶ 15.)  Plaintiff, like other putative Class members, was lured in, relied on, and damaged by these tactics carried out by Defendant.  (SAC ¶ 15.)  Defendant's Neiman Marcus Last Call products are actually not for sale at the traditional Neiman Marcus stores as the "Compared to" pricing strategy suggests but rather are manufactured strictly for sale at the "Neiman Marcus Last Call" stores.  (SAC ¶ 16.)  These Neiman Marcus Last Call products are of inferior grade and quality to the products sold at the traditional Neiman Marcus stores.  (SAC ¶ 16.)  Defendant's price tags on the Neiman Marcus Last Call products are labeled with arbitrary inflated "Compared to" prices that are purely imaginative because the products were never sold at traditional Neiman Marcus stores and therefore cannot be compared to any price.  (SAC ¶ 16.) Thus the insinuated discount is false and misleading.  (SAC ¶ 16.)

Due to Plaintiff's and the Class' reasonable belief that the "Neiman Marcus Last Call" store was an "outlet" store they believed that the products were items previously sold at a traditional Neiman Marcus retail store since this is how outlet stores (including Defendant's Last Call Stores) market themselves.  (SAC ¶ 17.)  Based on this reasonable belief, Plaintiff and the Class further reasonably believed that Neiman Marcus Last Call products were made of like grade and quality

Case 2:14-cv-07155-SJO-JPR Document 45 Filed 05/12/15 Page 3 of 8 Page ID #:490

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS - 6

CASE NO.: CV 14-07155 SJO (JPRx)          DATE: May 12, 2015

as the products sold at traditional Neiman Marcus stores. (SAC ¶ 17.) The Neiman Marcus Last Call products made for the outlet stores, however, are not of like grade and quality as the products sold at traditional Neiman Marcus stores, in fact, they are of inferior grade and quality. (SAC ¶ 17.)

Defendant's misleading pricing techniques led Plaintiff and the Class to believe the Neiman Marcus Last Call products were authentic Neiman Marcus products, and in reliance thereon, decided to purchase said products from Defendant's Neiman Marcus Last Call store. (SAC ¶ 18.) As a result, Plaintiff and each Class member was damaged in purchasing the Neiman Marcus Last Call products because they paid for products based on Defendant's representations and perceived discounts, but did not experience any of Defendant's promised benefits shopping at the Neiman Marcus Last Call store. (SAC ¶ 18.)

Defendant's misrepresentations regarding the Neiman Marcus Last Call products and the purported origin of the products led Plaintiff and the putative Class to believe that the Neiman Marcus Last Call products were of equal quality and sold at the traditional Neiman Marcus retail store before it became an item for sale at the Neiman Marcus Last Call store. (SAC ¶ 19.) Further, Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the products but for Defendant's misleading advertising and representations. (SAC ¶ 19.)

The Federal Trade Commission has also heard complaints by many members of Congress that see this practice occurring throughout large retail stores. (SAC ¶ 20.) Specifically, the Congressional members state, "it is a common practice at outlet stores to advertise a retail price alongside the outlet store price - even on made-for-outlet merchandise that does not sell at regular retail locations. Since the item was never sold in the regular retail store or at the retail price, the retail price is impossible to substantiate. We believe this practice may be a violation of the FTC's Guides Against Deceptive Pricing (16 CFR 233)." (SAC ¶ 20.)

Unlike the use of the words "Compared to" in the context of a regular retail store, where a price comparison might suggest the price for similar product sold at a competing store, when used in connection with Defendant's Last Call outlet store, the words "Compared to" can reasonably be interpreted by reasonable consumers to be a price comparison with the price of the exact same product when it was previously for sale at Defendant's regular retail store. (SAC ¶ 21.) Defendant's very name for its outlet stores, "Last Call," reinforces that belief, that is, that the outlet stores are the "last call" for the sale of products previously sold at Defendant's retail stores. (SAC ¶ 21.) Thus, in the context of the Neiman Marcus Last Call stores, when Plaintiff and the Class viewed the words "Compared to" next to a price, they reasonably believed that the "Compared to" price was the price the product previously sold at Defendant's retail stores, and not a comparable price simply for goods of a like grade and quality that might be sold elsewhere. (SAC ¶ 21.)

JS - 6

CASE NO.: CV 14-07155 SJO (JPRx)          DATE: May 12, 2015

    B.    <u>New Allegations</u>

The following allegations have been newly alleged in the Second Amended Complaint. Even in the situation where the "Compared to" price was reasonably interpreted to mean a comparable price for goods of a like grade and quality that were sold elsewhere than at Defendant's own retail stores, however, 16 C.F.R. 233.2(c) specifically addresses comparable value comparisons in the context of such advertising. (SAC ¶ 22.) The regulation governs situations where the retailer's "form of bargain advertising is to offer a reduction from the prices being charged either by the advertiser or by others in the advertiser's area for other merchandise of like grade and quality - in other words, comparable or competing merchandise - to that being advertised." (SAC ¶ 22 (quoting 16 C.F.R. 233.2(c))). The language used by Defendant, "Compared to," at the very least, would be interpreted by a reasonable consumer as a comparable value comparison under 16 C.F.R. 233.2(c). (SAC ¶ 23.)

Even in the case of a comparable value comparison, however, 16 C.F.R. 233.2(c) provides that a Defendant must "be reasonably certain, just as in the case of comparisons involving the same merchandise, that the price advertised as being the price of comparable merchandise does not exceed the price at which such merchandise is being offered by representative retail outlets in the area." (SAC ¶ 24.) Contrary to the requirements of 16 C.F.R. 233.2, Defendant was not reasonably certain that the "Compared to" price listed for products sold at its Neiman Marcus Last Call stores was the price at which merchandise of like grade and quality was being offered by representative retail outlets in the area at the time the product was being sold at the Neiman Marcus Last Call stores. (SAC ¶ 25.) Rather, the prices listed as the "Compared to" price appear to listed regardless of whether the actual product or similar product was currently being sold for that price in the area, or even if it had ever been sold at that price. (SAC ¶ 25.)

    C.    <u>Procedural History</u>

This case was filed in the Superior Court of California for the County of Los Angeles on August 7, 2014, and the complaint was served on August 13, 2014. (*See generally* Notice of Removal.) The case was removed to this Court on September 12, 2014. The original complaint was dismissed on December 12, 2014. Plaintiff's First Amended Complaint, filed December 22, 2014, was dismissed on March 2, 2015. Plaintiff's Second Amended Complaint, filed March 17, 2015. brings claims for violation of California false advertising law, California unfair competition law, and the Consumer Legal Remedies Act; the causes of action are identical to those brought in the First Amended Complaint. (*See generally* First Am. Compl. ("FAC"), SAC.)

In the instant Motion, Defendant contends that the Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6) because Plaintiff lacks standing, provides inadequate pleadings, and fails to state a claim. (*See generally* Mot.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS - 6

CASE NO.: **CV 14-07155 SJO (JPRx)**   DATE: **May 12, 2015**

II.  DISCUSSION

   A.  Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of the claims asserted in the complaint." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). In evaluating a motion to dismiss, a court accepts the plaintiff's factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ileto*, 349 F.3d at 1200. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To plead sufficiently, Plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) demands that "when averments of fraud are made, the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation and internal quotations omitted). Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged, setting forth "what is false or misleading about a statement, and why it is false." *Id.* (citation omitted). A complaint that fails to meet these standards will be dismissed. *Id.* at 1107.

The heightened particularity requirements of Rule 9(b) apply to state-law "false advertising" claims under statutes such as the UCL, CLRA and FAL. *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009). The Court determined in its December 12, 2014 and March 2, 2015 Orders that Rule 9(b) applies here, and there appears to be no reason to deviate from that determination now.

   B.  Reasonable Consumer Test

The UCL prohibits any "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The CLRA similarly prohibits "unfair methods of competition and unfair or

Case 2:14-cv-07155-SJO-JPR   Document 45   Filed 05/12/15   Page 6 of 8   Page ID #:493

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS - 6

CASE NO.: CV 14-07155 SJO (JPRx)          DATE: May 12, 2015

deceptive acts or practices," such as "[r]epresenting that goods . . . have . . . characteristics, ingredients, uses, benefits, or quantities which they do not have." Cal. Civ. Code § 1770(a)(5). To state a claim under the UCL or CLRA, "one need only show that members of the public are likely to be deceived." *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (quoting *Bank of the West v. Super. Ct.*, 833 P.2d 545, 553 (Cal. 1992)) (internal quotation marks omitted). To determine whether members of the public are likely to be deceived, courts apply a "reasonable consumer" standard. *Davis*, 691 F.3d at 1161; *see also Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 506-07 (2003) ("[U]nless the advertisement targets a particular disadvantaged or vulnerable group, it is judged by the effect it would have on a reasonable consumer."). "A reasonable consumer is 'the ordinary consumer acting reasonably under the circumstances.'" *Davis*, 691 F.3d at 1162 (quoting *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 682 (2006)). The reasonable consumer analysis requires that advertisements be "read reasonably and in context." *Freeman*, 68 F.3d at 290.

Plaintiff brings claims under the following paragraphs of the CLRA:

> (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . .
>
> (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.
>
> (9) Advertising goods or services with intent not to sell them as advertised.
>
> (13) Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.

Cal. Civ. Code § 1770(a). (*See* SAC ¶ 57.)

Plaintiff's UCL and CLRA claims allege that Defendant's misleading pricing techniques, advertising, and misrepresentation mislead consumers that clothing of identical quality would have been sold at flagship Neiman Marcus stores. (SAC ¶¶ 18-19, 47-48.) The Court has already held in its previous orders of dismissal that these claims are facially deficient because the price tag implies a comparable value rather than an actual price at a flagship store. (*See generally* March 2, 2015 Order.)

Plaintiff, however, provides new allegations regarding comparable value comparisons. Comparable value comparisons merely indicate that merchandise of "like grade and quality" are sold by the advertiser or others in the area at the listed price, and can be indicated by language such as "Comparable Value $15.00." 16 C.F.R. § 233.2(c). Plaintiff's new allegations acknowledge that "compared to" would be interpreted by a reasonable consumer as a comparable

Case 2:14-cv-07155-SJO-JPR   Document 45   Filed 05/12/15   Page 7 of 8   Page ID #:494

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS - 6

CASE NO.: CV 14-07155 SJO (JPRx)          DATE: May 12, 2015

value comparison as defined by 16 C.F.R. § 233.2(c).  (SAC ¶ 23.)  Plaintiff now alleges that Defendant was not "reasonably certain" that the 'Compared to' price listed was in fact a price at which merchandise of like grade and quality would be offered.  (SAC ¶ 25.)  Plaintiff specifically notes that 16 C.F.R. § 233.2(c) provides that a merchant must "be reasonably certain, just as in the case of comparisons involving the same merchandise, that the price advertised as being the price of comparable merchandise does not exceed the price at which such merchandise is being offered by representative retail outlets in the area."  (SAC ¶ 24.)

Critically, however, Plaintiff never alleges that merchandise of like grade and quality was not in fact offered by other merchants at the "Compared to" price.  (*See generally* SAC.)  Plaintiff does not explain how any of Defendant's statements were actually false or misleading.  Rather, Plaintiff's only allegation is that Defendant was not "reasonably certain" of the statements' truth in violation of guidelines set by the Federal government.  (*See* SAC ¶ 24.)  Thus, Plaintiff has still failed to identify any specific statements that were in fact false or misleading for the purposes of California's UCL and CLRA.  Nor is any other evidence provided to substantiate Plaintiff's UCL and CLRA allegations.  Accordingly, the Court **DISMISSES** Plaintiff's second and third causes of action.

  C. False Advertising Law

Plaintiff also brings claims under California's False Advertising Law ("FAL"):

> It is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . .

Cal. Bus. Prof. Code § 17500.  Further, the FAL provides that:

> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Cal. Bus. Prof. Code § 17501.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

JS - 6

**CASE NO.:** CV 14-07155 SJO (JPRx)          **DATE:** May 12, 2015

The facts as pleaded in the Second Amended Complaint are still not sufficient to support allegations that Defendant used untrue misleading advertising techniques or improperly advertised a former price. Plaintiff suggests that Defendant is liable for its omissions of details of the "former price" under Cal. Bus. Prof. Code § 17501. (Opp'n 9-10.) However, as discussed above and in the Court's prior orders, advertising a price as a "Compared to" price is not advertising a price as a former price, and Plaintiff has not properly alleged that the "Compared to" price is untrue or misleading. Accordingly, the Court **DISMISSES** Plaintiff's first cause of action.

    D.    Leave to Amend

Federal Rule of Civil Procedure Rule 15 provides that "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Absent prejudice, or a 'strong showing' of the other factors, such as undue delay, bad faith, or dilatory motive, 'there exists a presumption under Rule 15(a) in favor of granting leave to amend.'" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 957 (9th Cir. 2006) (citation omitted). Here, however, Plaintiff has already had multiple chances to allege more specific facts. As such, the Court's dismissal of Plaintiff's Second Amended Complaint is **WITHOUT LEAVE TO AMEND**.

III.    RULING

For the foregoing reasons, the Court **GRANTS** Defendant's Motion. Plaintiff's Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. This matter shall close.

IT IS SO ORDERED.