**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINDA RUBENSTEIN, on behalf of herself and all others similarly situated, Plaintiff-Appellant, v. THE NEIMAN MARCUS GROUP LLC, a Delaware Limited Liability Company, Defendant-Appellee. | No. 15-55890  D.C. No. 2:14-cv-07155-SJO-JPR  MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 17, 2017
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and MURPHY,[**] District Judge.

Linda Rubenstein brought this putative class action alleging that the Neiman Marcus Group LLC (Neiman Marcus) attached fictitious "Compared To" prices to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

the goods for sale at its Last Call outlet stores. Rubenstein brought claims under California's False Advertising Law (FAL), Consumer Legal Remedies Act (CLRA), and Unfair Competition Law (UCL). She also alleged that Neiman Marcus's conduct violated the Federal Trade Commission's Guides Against Deceptive Pricing (FTC Guides), 16 C.F.R. §§ 233.1 and 233.2(c). Rubenstein appeals the district court's dismissal of her second amended complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and failure to allege fraud with particularity under Rule 9(b). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

We review de novo the district court's dismissal of Rubenstein's claims under Rules 12(b)(6) and 9(b). *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

**1.** As a threshold matter, Rubenstein has both Article III and statutory standing because she sufficiently alleged economic injury and actual reliance on the Compared To prices affixed to the goods she purchased at Neiman Marcus's Last Call store. *See Kwikset Corp. v. Superior Court*, 246 P.3d 877, 886–90 (Cal. 2011); *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.3, 1107–08 (9th Cir. 2013).

**2.** We reverse the district court's dismissal of Rubenstein's FAL, CLRA, and UCL claims under Rule 12(b)(6). "[W]hether a business practice is deceptive will usually be a question of fact not appropriate for decision on [a motion to dismiss]."

*Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *see also Linear Tech. Corp. v. Applied Materials, Inc.*, 61 Cal. Rptr. 3d 221, 236–37 (Ct. App. 2007) ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires 'consideration and weighing of evidence from both sides' and which usually cannot be made on [a motion to dismiss]."). Where, as here, the reasonable consumer test applies to a plaintiff's underlying claims, it is a "rare situation in which granting a motion to dismiss is appropriate." *Williams*, 552 F.3d at 939.

Rubenstein's complaint alleges "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support her FAL, CLRA, and UCL claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). First, Rubenstein alleges a plausible FAL claim on the basis that Neiman Marcus made statements "concerning any circumstance or matter of fact connected with" the sale of its Last Call products that were "untrue or misleading" or "which by the exercise of reasonable care should [have been known] to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. Rubenstein also states a plausible CLRA claim on the basis that Neiman Marcus made, among other things, "false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ. Code § 1770(a)(13). And, although the FTC Guides do not provide a private civil right of action, "[v]irtually any state, federal or local law can serve as the predicate for an action under [the UCL]." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152,

3

1168 (9th Cir. 2012) (quotations omitted). Rubenstein's allegations of a § 233.2(c) violation—i.e., that neither Neiman Marcus nor other merchants in the vicinity sold comparable products at the Compared To prices at the time of her purchase—are sufficient to state a claim under the UCL.

The district court erred when it held that Rubenstein failed to allege a violation of § 233.2(c) because she "never allege[d] that merchandise of like grade and quality was not in fact offered by other merchants at the 'Compared to' price." However, Rubenstein does allege that "similar product[s] were not being sold for [the] 'Compared to' price at the time of [her] purchase in the area of the Last Call store." And she alleges that Neiman Marcus "was not reasonably certain that the 'Compared to' price listed for products sold at its Neiman Marcus Last Call stores was the price at which merchandise of like grade and quality was being offered by representative retail outlets in the area at the time the product was being sold at the Neiman Marcus Last Call stores."

Section 233.2(c) explains that comparable value comparisons can serve a useful and legitimate purpose when it is made "clear to the consumer that a comparison is being made with other merchandise and the other merchandise is, in fact, of essentially similar quality and obtainable in the area." Rubenstein adequately alleges that the price tags from the Last Call store did not make clear that the Compared To prices were charged by either Neiman Marcus or other merchants in

4

the vicinity for comparable products.

Lastly, the district court erred in holding that Rubenstein's purported failure to state a violation of the FTC Guides automatically shielded Neiman Marcus from liability under the FAL, CLRA, and UCL.  *See Williams*, 552 F.3d at 940 (reversing the district court's ruling that defendant did not violate the FAL, CLRA, and UCL despite the district court's finding that defendant "complied with FDA guidelines").

**3.**  Rubenstein has satisfied Rule 9(b)'s particularity requirement by pleading the "who, what, when, where, and how" of Neiman Marcus's alleged misconduct. *See Kearns*, 567 F.3d at 1124.  Rubenstein alleges that she purchased products with Compared To price tags in a Last Call store in Camarillo, California (the "Where"), on July 21, 2014 (the "When").  She further alleges that Neiman Marcus (the "Who"), through its use of those Compared To price tags (the "What"), misled consumers into believing that the Compared To prices were charged by either Neiman Marcus or other merchants in the vicinity for comparable products (the "How").

Furthermore, Rule 9(b) "may be relaxed as to matters within the opposing party's knowledge." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  Rule 9(b) only "requires that plaintiffs specifically plead those facts surrounding alleged acts of fraud to which they can reasonably be expected to have access." *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995).  As such, "in cases

5

where fraud is alleged, we relax pleading requirements where the relevant facts are known only to the defendant." *Id.* In those cases, a "pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore*, 885 F.2d at 540.

Here, the particular facts as to whether the Compared To prices are fictitious are likely only known to Neiman Marcus. Without an opportunity to conduct any discovery, Rubenstein cannot reasonably be expected to have detailed personal knowledge of Neiman Marcus's internal pricing policies or procedures for its Last Call stores. Because Rubenstein need not specifically plead facts to which she cannot "reasonably be expected to have access," *Concha*, 62 F.3d at 1503, her allegations regarding the fictitious nature of the Compared To prices may properly be based on personal information and belief at this stage of the litigation.

Accordingly, we REVERSE the district court's dismissal of Rubenstein's FAL, CLRA, and UCL claims and REMAND for further proceedings.

Neiman Marcus shall bear all costs of appeal. *See* Fed. R. App. P. 39(a)(3).

**REVERSED AND REMANDED.**