Paul W. Sweeney Jr. (#112511)
paul.sweeney@klgates.com
Kevin S. Asfour (#228993)
kevin.asfour@klgates.com
Kate G. Hummel (#305783)
kate.hummel@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001

Attorneys for Defendant
The Neiman Marcus Group LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA RUBENSTEIN, on behalf of herself and all others similarly situated,, <br><br> Plaintiffs, <br><br> vs. <br><br> THE NEIMAN MARCUS GROUP LLC, a Delaware Limited Liability Company, and DOES 1 - 50, inclusive,, <br><br> Defendants. | Case No.        2:14-CV-07155-SJO-JPR <br><br> Assigned to Hon. S. James Otero <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** <br><br> Date:        September 18, 2017 <br> Time:        10:00 a.m. <br> Location:   Courtroom 10C |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

1

**I.    INTRODUCTION**

2          Three years after the filing of her initial complaint, Plaintiff now seeks to amend

3    her complaint for the third time.  She claims that it is a "simple proposed amendment"

4    and that leave of court should be freely granted in accordance with the provisions of

5    FRCP Rule 15 (a)(2).  Plaintiff's Second Amended Complaint defined the proposed

6    class period as 2010 - 2014, and now Plaintiff seeks to expand the class period from

7    2010 to present.  She argues that she is seeking to make the amendment because her

8    counsel has learned that Defendant's alleged deceptive sales practices exposed in the

9    initial complaint have continued throughout the pendency of this litigation.  However,

10   said amendment would be largely futile and subject to be stricken or dismissed because

11   the underlying premise of the case is that Defendant deceived her into purchasing

12   items at its Last Call stores, and upon discovery of the deception, she filed suit in

13   August 2014.  Thus, requesting leave to amend to seek restitution and damages for

14   alleged deception in periods **after her discovery of the deception** (i.e., after the filing

15   of the initial complaint) is impermissible as a matter of law.  *See Stathakos v.*

16   *Columbia Sportswear Company*, 2017 WL 1957063, *9 (N.D. Cal. 2017).  While leave

17   to amend to seek injunctive relief to stop an alleged ongoing wrongful practice may be

18   appropriate, it would be wholly inappropriate with respect to the restitution and

19   damages claims.  Consequently, the leave to amend requested here, to the extent it

20   goes beyond affecting the prayer for injunctive relief, should be denied because the

21   amendment would be futile.  *See Carrico v. City & County of San Francisco*, 656 F.

22   3rd 1002, 1008 (9th Cir. 2011).

23   **II.    BACKGROUND**

24          Plaintiff's initial complaint, as well as each subsequent version leading up to the

25   Second Amended Complaint, alleged that Defendant "lured" Plaintiff and "other

26   putative Class members" using its deceptive advertising tactics, including false pricing

27   and the sale of inferior goods, and they relied upon Defendant's representations to their

28   damage in purchasing merchandise based upon those misrepresentations.  Second

2

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Amended Complaint ("SAC"), at ¶¶ 12-16 (Dkt. # 33).  It is that conduct and those injuries/damages that prompted the filing of the complaint—Plaintiff alleged that the "products [at Last Call stores] are of inferior grade and quality to the products sold at traditional Neiman Marcus stores" and "products are labeled with arbitrary inflated 'Compared to' prices that are purely imaginative" and false and misleading.  *Id.* at ¶ 16.  The class is then defined as "all persons who purchased products from Last Call stores [the Neiman Marcus outlet stores] in California within four years prior to the filing of the initial complaint."  *Id.* at ¶ 27.  Plaintiff also alleges three causes of action in the SAC:  first cause of action is for violation of the California False Advertising Law (FAL) (Business & Professions Code § 17500); second cause of action for violation of the California Unfair Competition Law (UCL) (Business & Professions Code §17200 *et seq.*; and a third cause of action for violation of the California Consumer Legal Remedies Act (CLRA)(Civil Code §1750 *et seq.*).  In her prayer for relief in the SAC, Plaintiff seeks restitution and disgorgement (permitted under the FAL and UCL) and damages (permitted under the CLRA), in addition to injunctive relief.

## III.   PLAINTIFF'S PROPOSED AMENDMENT WOULD BE FUTILE AND LEAVE TO AMEND SHOULD BE DENIED

It is well-established that leave to amend should be denied if the proposed amendment is futile or would be subject to dismissal.  *See Carrico v. City & County of San Francisco*, 656 F.3rd 1002, 1008 (9th Cir. 2011) (although leave to amend should freely be given when justice requires, it is properly denied "if the amendment will be futile."); *Gordon v. City of Oakland*, 627 F.3rd 1092, 1094 (9th Cir. 2010) (same).  In assessing futility, courts apply the same standards governing Ruble 12(b)(6):  i.e., a proposed amendment is futile if it "does not plead enough to make out a plausible claim" for the relief it seeks.  *HSBC Realty Credit Corp. (USA) v. O'Neil*, 756 F.3rd 564, 578 (2014); *Adams v. City of Indianapolis*, 742 F.3rd 720, 734 (7th Cir, 2014).  Plaintiff's Third Amended Complaint seeks to extend the class period to include the

3

time period from 2014 to present, but the amendment is largely futile and would be subject to dismissal for the reasons that follow.

A.    **Plaintiff's Amendments are Largely Futile and Subject to a Motion to Dismiss or Strike**

Plaintiff's Third Amended Complaint seeks restitution and damages, among other relief, resulting from Defendant's alleged deceptive practices in connection with the sale of merchandise at its Last Call stores.  At the latest, as of the date of the filing of her initial complaint, Plaintiff clearly and undeniably states that she discovered that Defendant deceived her and other consumers in connection with those sales. Consequently, she could not have suffered damages or be entitled to restitution even if she made further purchases, which she does not allege she made, because she knew of the allegedly deceptive practices.  If she or anybody else chose to go forward with purchases at Last Call after Plaintiff exposed the alleged deception in her initial complaint, they could not have possibly been thereafter deceived. In *Stathakos v. Columbia Sportswear Company*, a case in which plaintiffs alleged deceptive pricing practices on behalf of a putative class, the court granted defendant's motion for summary adjudication as to the plaintiffs' claims for damages for purchases made after the filing of the original complaint, stating that "plaintiffs knew after filing their complaint of the practices which they now allege are misleading." *Stathakos*, 2017 WL 1957063, *9.  The Court further noted that "they could not have actually relied on the reference prices on the price tags on any of the garments at defendants' outlet stores." *Id.*  Thus, as a matter of law, Plaintiff cannot amend her complaint to add three additional years (2014 to present) to her claims/prayer for damages and restitution.

On the other hand, Defendant would not oppose her amendment to the complaint to permit her to plead a right to obtain injunctive relief to the extent she believes she can prove the allegedly deceptive conduct is continuing.

4

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

## IV.    **CONCLUSION**

Plaintiff's motion for leave to amend to file a Third Amended Complaint, to the extent it seek to includes an additional three year period (from 2014 to present) for damages and restitution in its prayer for relief should be denied because, as a matter of law, such requested relief has no legal merit, and therefore the amendment would be futile and subject to dismissal.  If the amendment of the additional three years is limited to a demand for injunctive relief only, then Defendant would not oppose the amendment.

K&L GATES LLP

Dated: August 28, 2017               By:  */s/ Paul W. Sweeney Jr.*

Paul W. Sweeney Jr.
Kevin S. Asfour
Kate G. Hummel
Attorneys for Defendant The Neiman Marcus Group LLC

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

# CERTIFICATE OF SERVICE

Case No. 2:14-CV-07155-SJO-JPR

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, CA  90067.  On August 28, 2017, I served the following document(s) by the method indicated below:

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

☒  **CM/ECF:** I caused a true and correct copy of the document listed above to be served on the following counsel via the Court's CM/ECF system.

> *Counsel for Plaintiff:*
> Behram Parekh
> Joshua Fields
> KIRTLAND & PACKARD LLP
> 2041 Rosecrans Ave., 3rd Fl.
> El Segundo, CA  90245

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on August 28, 2017, at Los Angeles, California.

By:  */s/ Paul W. Sweeney Jr.*
Paul W. Sweeney Jr.