Paul W. Sweeney Jr. (SBN 112511)
paul.sweeney@klgates.com
Kevin S. Asfour (SBN 228993)
kevin.asfour@klgates.com
Kate G. Hummel (SBN 305783)
kate.hummel@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001

Attorneys for Defendant
THE NEIMAN MARCUS GROUP LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA RUBENSTEIN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE NEIMAN MARCUS GROUP LLC, a Delaware Limited Liability Company, and DOES 1-50, inclusive,<br><br>Defendant. | Case No. 2:14-cv-07155-SJO-JPR<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL DEFENDANT THE NEIMAN MARCUS GROUP LLC'S OPPOSITION TO PLAINTIFF LINDA RUBENSTEIN'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:     December 18, 2017<br>Time:     11:00 a.m.<br>Courtroom:  1 (2nd Floor)<br><br>[Assigned to Hon. S. James Otero]<br><br>Complaint Filed:  August 14, 2014<br>Trial Date:     July 24, 2018 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................. 1

II.  SUMMARY OF THE CASE ................................................................ 3

III. THE APPLICABLE CLASS CERTIFICATION  STANDARD ....................... 4

IV.  THE COURT SHOULD DENY PLAINTIFF'S MOTION.................................. 5

    A.   Plaintiff Lacks Standing to Assert Her Claims ................................ 5

    B.   Plaintiff Fails to Satisfy the Requirements of Rule 23(a)........................ 7

        1.   Plaintiff Fails to Establish the Class is Sufficiently Ascertainable.......................... 7

        2.   Plaintiff Fails to Satisfy the Commonality Requirement ................ 9

        3.   Plaintiff Fails to Satisfy the Typicality and Adequacy Requirements ................ 11

    C.   Plaintiff Cannot Properly Seek Injunctive Relief Under Rule 23(b)(2) Thereby Precluding Class Certification ....................... 12

    D.   Plaintiff Fails to Satisfy the Requirements of Rule 23(b)(3) ................ 13

        1.   Plaintiff Offers no Evidence of Predominance under Rule 23(b)(3) ................ 13

        2.   Plaintiff Cannot Demonstrate that Reliance and Causation are Subject to Common Proof as Required by Rule 23(b)(3) ............. 14

        3.   Plaintiff Cannot Prove Classwide Entitlement to Monetary Relief.......................... 16

            a.   The Full Refund Model ....................................... 16

            b.   The Depreciation Model........................................ 17

            c.   The "Transactional Value Promised" Model ....................... 18

            d.   The Unfair Advantage (i.e., Profits) Model ........................ 19

        4.   Plaintiff Has Not Satisfied the Superiority Requirement .............. 20

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re 5-Hour Energy Marketing Sales and Practices Litig.*,
2017 WL 2559615 (C.D. Cal. June 7, 2017)......................................14, 15

*Algarin v. Maybelline, LLC*,
300 F.R.D. 444 (S.D. Cal. 2014) ........................................................6

*Backus v. ConAgra Foods, Inc.*,
2016 WL 7406505 (N.D. Cal. Dec. 22, 2016) ......................................12

*Brazil v. Dole Packaged Foods, LLC*,
2014 WL 2466559 (N.D. Cal. May 30, 2014)........................................17

*Caldera v. J.M. Smucker Co.*,
2014 WL 1477400 (C.D. Cal. Apr. 15, 2014) ......................................17

*Chow v. Neutrogena Corp.*,
2013 WL 5629777 (C.D. Cal. Jan 22, 2013)..........................................5

*Chowning v. Kohl's Dep't Stores, Inc.*,
2016 U.S. Dist. LEXIS 188341 (C.D. Cal. Apr. 1, 2016).........................6

*Chowning v. Kohl's Dep't Stores, Inc.*,
2016 WL 1072129 (C.D. Cal. Mar. 15, 2016) ..........................17, 19, 20

*Comcast Corp. v. Behrend*,
133 S. Ct. 1426 (2013)................................................13, 14, 16, 18

*In re ConAgra Foods, Inc.*,
302 F.R.D. 537 (C.D. Cal. 2014)........................................................14

*In re ConAgra Foods, Inc.*,
90 F. Supp. 3d 919 (C.D. Cal. 2015) ............................................6, 13

*Davidson v. Kimberly-Clark Corp.*,
873 F.3d 1103 (9th Cir. 2017) ........................................................13

*Desert Water Agency v. Dep't of Interior*,
849 F.3d 1250 (9th Cir. 2017) ..........................................................6

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

*Dugan v. Ashley Furniture Indust., Inc.*,
    2016 WL 9173459 (C.D. Cal. Nov. 29, 2016) .................................................... 1, 4, 5

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011) ............................................................................. 5, 13

*General Tel. Co. of Southwest v. Falcon*,
    457 U.S. 147 (1982).................................................................................................. 4

*Guido v. L'Oreal, USA, Inc.*,
    2013 WL 3353857 (C.D. Cal. July 1, 2013) ............................................................ 6

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ................................................................................. 11

*Hsu v. Puma Biotechnology, Inc.*,
    2016 WL 9408516 (C.D. Cal. Feb. 25, 2016) ....................................................... 12

*J.H. Cohn & Co. v. Am. Appraisal Assoc., Inc.*,
    628 F.2d 994 (7th Cir. 1980) ................................................................................. 12

*Jacobo v. Ross Stores, Inc.*,
    2017 WL 3382053, at *2 (C.D. Cal. Aug. 2, 2017) ......................................... 6, 7, 15

*Jones v. ConAgra Foods Inc.*,
    2014 WL 2702726 (N.D. Cal. June 13, 2014).................................... 13, 14, 15, 16

*Kamar v. RadioShack Corp.*,
    2010 WL 1473877 (9th Cir. Apr. 14, 2010)............................................................. 8

*Keegan v. Am. Honda Motor Co., Inc.*,
    284 F.R.D. 504 (C.D. Cal. 2012)............................................................................. 5

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) ......................................................................................... 5, 6

*Lewis v. Casey*,
    518 U.S. 343 (1996)................................................................................................. 5

*Litty v. Merrill Lynch & Co., Inc.*,
    2014 WL 5904907 (C.D. Cal. Aug. 4, 2014) .......................................................... 5

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)................................................................................................. 5

2

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

*Mason v. Nature's Innovation, Inc.*,
    2013 WL 1969957 (S.D. Cal. May 13, 2013) ......................................... 13

*McNichols v. Loeb Rhoades & Co., Inc.*,
    97 F.R.D. 331 (N.D. Ill. 1982) ........................................................ 12

*Messner v. Northshore Univ. HealthSystem*,
    669 F.3d 802 (7th Cir. 2012) ........................................................... 8

*In re NetSol Technologies, Inc. Securities Litig.*,
    2016 WL 7496724 (C.D. Cal. July 1, 2016) ......................................... 5

*In re Nexium Antitrust Litig.*,
    777 F.3d 9 (1st Cir. 2015) ............................................................... 5

*In re NJOY, Inc. Consumer Class Action Litig.*,
    120 F. Supp. 3d 1050 (C.D. Cal. 2015) .............................................. 6

*Nozzi v. Housing Auth. of Los Angeles*,
    2016 WL 2647677 (C.D. Cal. May 6, 2016) ......................................... 5

*O'Connor v. Boeing N. Am., Inc.*,
    184 F.R.D. 311 (C.D. Cal. 1998) ................................................... 7, 8

*Pelayo v. Nestle USA, Inc.*,
    989 F. Supp. 2d 973 (C.D. Cal. 2013) ............................................. 15

*Pierce-Nunes v. Toshiba Am. Info. Sys., Inc.*,
    2016 WL 5920345 (C.D. Cal. June 23, 2016) ..................................... 15

*In re POM Wonderful LLC*,
    2014 WL 1225184 (C.D. Cal. Mar. 25, 2014) ..................................... 17

*Pryor v. Aerotek Sci., LLC*,
    278 F.R.D. 516 (C.D. Cal. 2011) ...................................................... 7

*Randleman v. Fidelity Nat'l Title Ins. Co.*,
    646 F.3d 347 (6th Cir. 2011) ........................................................... 8

*Rubenstein v. The Gap, Inc.*,
    14 Cal. App. 5th 870 (2017) .................................................. 3, 9, 10

*Russel v. Kohl's Dep't Stores, Inc.*,
    2015 WL 12748629 (C.D. Cal. Dec. 4, 2015) ..................................... 17

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

*Salazar v. Honest Tea, Inc.*,
   74 F. Supp. 3d 1304 (E.D. Cal. 2014) ...................................................... 5

*Shields v. Smith*,
   1991 WL 319032 (N.D. Cal. Nov. 4, 1991) ........................................... 12

*Spann v. J.C. Penney Corp.*,
   2015 WL 1526559 (C.D. Cal. Mar. 23, 2015) .................................. 19, 20

*Sperling v. DSWC, Inc.*,
   2017 WL 4708353 (9th Cir. Oct. 19, 2017) ........................................... 11

*Stathakos v. Columbia Sportswear Co.*,
   2017 WL 1957063 (N.D. Cal. May 11, 2017)......................................*passim*

*Staton v. Boeing*,
   327 F.3d 938 (9th Cir. 2003) ................................................................ 12

*In re Tobacco Cases II*.
   240 Cal. App. 4th 779 (2015) .................................................... 17, 19, 20

*Trazo v. Nestle USA, Inc.*,
   113 F. Supp. 3d 1047 (N.D. Cal. 2015) ......................................... 19, 20

*Vaquero v. Ashley Furniture Indust., Inc.*,
   2013 WL 12172124 (C.D. Cal. June 17, 2013).......................................... 5

*Wal-Mart v. Dukes*,
   564 U.S. 338 (2011)..................................................................*passim*

*Wallace v. Countrywide Home Loans, Inc.*,
   2009 WL 4349534 (C.D. Cal. Nov. 23, 2009) ...................................... 12

*Werdebaough v. Blue Diamond Growers*,
   2014 WL 2191901 (N.D. Cal. May 23, 2014)...................................... 13

*Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180 (9th Cir. 2001) ................... 20

**Statutes**

Cal. Bus. & Prof. Code §§ 17200 et seq. ...................................................... 3

Cal. Bus. & Prof. Code §§ 17500 et seq. ...................................................... 3

Cal. Civ. Code §§ 1750 et seq. .................................................................. 3

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**Other Authorities**

16 C.F.R. § 233.2 ................................................................................................ 3

Fed. R. Civ. P. 23 .................................................................................... *passim*

Fed. R. Civ. P. 23(a) ............................................................................... *passim*

Fed. R. Civ. P. 23(a)(2) ......................................................................... 9, 13, 14

Fed. R. Civ. P. 23(a)(3) .................................................................................. 11

Fed. R. Civ. P. 23(a)(4) .................................................................................. 12

Fed. R. Civ. P. 23(b) ................................................................................... 4, 14

Fed. R. Civ. P. 23(b)(2) ......................................................................... 4, 12, 13

Fed. R. Civ. P. 23(b)(3) .......................................................................... *passim*

U.S. Const. art. III, § 2 ................................................................................ 5, 6

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

1    **I.**      **INTRODUCTION**

2          Without offering **any evidence** that she or any other putative class member was

3    actually deceived by Defendant The Neiman Marcus Group LLC ("Neiman Marcus"

4    or "Defendant"), Plaintiff seeks to certify a class of consumers allegedly misled into

5    purchasing goods from Neiman Marcus' Last Call outlets in California.  Plaintiff

6    submits no declaration of her own that might demonstrate she was deceived.  Nor does

7    she submit testimony from any other putative class member.  Nor does she submit any

8    consumer survey evidence that tends to demonstrate consumers may have been

9    deceived by Neiman Marcus.  Nor does she submit evidence demonstrating that any of

10   the subject "Compared to" prices at Defendant's outlet stores were, in fact, false.  Nor

11   does she explain how **common** issues of materiality, reliance and deception can exist

12   where thousands of putative class members bought tens of thousands of different items

13   over the seven-year class period, which were manufactured by thousands of different

14   vendors, and which carried thousands of different prices.

15         Instead, Plaintiff relies primarily on the allegations of her Third Amended

16   Complaint ("TAC") to support her contention that retail outlets generally engage in

17   deceptive pricing practices; that she was deceived by Neiman Marcus into purchasing

18   items at one of its outlet stores; that she and others would not have made purchases if

19   they would have known the "true" facts; and that she has carried her burden of

20   satisfying the requirements of Rule 23 of the Federal Rules of Civil Procedure.

21         While reliance on allegations in a complaint as the principal basis for a

22   certification motion may have been acceptable to a few courts prior to the U.S.

23   Supreme Court's decision in *Wal-Mart v. Dukes*, 564 U.S. 338 (2011), it is no longer

24   acceptable in the Ninth Circuit or any other federal circuit: "Rule 23 does not set forth

25   a mere pleading standard." *Id.* at 350.  Courts must engage in a "rigorous analysis" in

26   evaluating a class certification motion. *Id.* at 351.  A plaintiff must submit sufficient

27   evidence to carry his or her burden, demonstrating by a **preponderance of the**

28   **evidence** that the requirements of Rule 23 have been met. *See, e.g., Dugan v. Ashley*

1

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

*Furniture Indust., Inc.*, 2016 WL 9173459, at *2 (C.D. Cal. Nov. 29, 2016).  A rigorous analysis of the **evidence** with respect to class certification, almost exclusively submitted by Defendant, demonstrates that Plaintiff has **not** carried her burden.

The principal focus of Plaintiff's claims is her allegation that price tags on merchandise at Defendant's Last Call outlets in California set forth two prices: a higher "Compared to" price, and a lower price at which the item is offered for sale. Plaintiff alleges that the higher "Compared to" price is fictitious, because the item was never sold at Neiman Marcus' traditional stores or elsewhere in the market for that higher price.  Yet, Plaintiff does not offer a shred of evidence to show that any of the subject products (whether purchased by her or others) are **not** sold at the higher "Compared to" prices in the market.  Nevertheless, Plaintiff contends that having two prices on the tags is a common practice, and her commonality burden is thereby met. But the alleged common tagging practice does not yield common **answers** to questions of liability, which is key to a class certification determination.  *Dukes*, 564 U.S. at 350.

Indeed, Defendant's evidence demonstrates that the "Compared to" prices **do**, in many of the instances surveyed, represent prices at (or even below) the price of the same or similar merchandise contemporaneously sold in the geographic market.  Thus, those prices are not fictitious, despite Plaintiff's allegations.  And, in attempting to prove that the "Compared to" prices on Defendants' merchandise were fictitious, Plaintiff would have to conduct the same type of market price analysis for each of the thousands of items sold at Last Call stores.  As demonstrated by Defendant's evidence, the answers would be far from common and would raise distinct individualized issues.

Moreover, Defendant submits herewith expert testimony on market research demonstrating that consumers view the "Compared to" prices in vastly different ways, and what may be material to one consumer is not necessarily material to another—i.e., that reliance and alleged deception are not common issues, and require individualized determinations.  Thus, Plaintiff has not shown by a preponderance of the evidence that the commonality requirements of Rule 23(a) and (b)(3) are met.

2

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

1    Further, Plaintiff has not demonstrated that she has standing to assert any of her

2   claims, nor that she is an adequate class representative and a typical plaintiff—a

3   particular concern given her recent loss of a similar false advertising case against Gap

4   outlet stores.  *See Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th 870 (2017).  Nor has

5   she proven that a viable economic model exists for establishing classwide monetary

6   relief of any kind.  To the contrary, the vast majority of courts, as well as Defendant's

7   economics expert, have rejected the validity of each restitution/damages model

8   proposed by Plaintiff's expert in her motion.  In sum, Plaintiff's motion does not

9   satisfy Rule 23 by a preponderance of evidence, and should be denied accordingly.

10  ## II.   SUMMARY OF THE CASE

11   Plaintiff asserts claims under California's False Advertising Law ("FAL," Cal.

12  Bus. & Prof. Code §§ 17500 et seq.), Unfair Competition Law ("UCL," Cal. Bus. &

13  Prof. Code §§ 17200 et seq.), and Consumer Legal Remedies Act ("CLRA," Cal. Civ.

14  Code §§ 1750 et seq.).  She contends the products in Last Call stores are labeled with a

15  "Compared to" price and another, "markedly lower" price.  (TAC ¶ 14.)  Plaintiff

16  allegedly purchased two items from a Last Call store in Camarillo, California—a dress

17  and a cardigan sweater.  (TAC ¶ 1.)  She claims she made these purchases "believing

18  that [she was] receiving a substantial discount on the exact same product that could

19  have been purchased at traditional Neiman Marcus retail stores for the 'Compared to'

20  price," but the "products are not actually for sale at the traditional Neiman Marcus

21  stores."  (TAC ¶¶ 15-16.)  Plaintiff never sought to return the items to Last Call.

22   Upon motions by Defendant, the Court dismissed the first two iterations of

23  Plaintiff's complaint, with leave to amend.  (*See* Docket Entry ("DE") Nos. 23, 32.)

24  Plaintiff then added an alternative theory to her complaint, *i.e.*, that Defendant's use of

25  "Compared to" prices violates the Federal Trade Commission's "comparable value"

26  pricing guidelines set forth in 16 C.F.R. § 233.2.  (*See* TAC ¶¶ 23-25.)  The Court then

27  granted another motion to dismiss by Defendant, this time with prejudice.  (DE No.

28  45.)  The Ninth Circuit reversed and remanded in a short unpublished memorandum

3
**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

decision.  (*See* DE No. 52.)  Thereafter, the Court granted Plaintiff leave to file her TAC, solely for the purpose of updating the class period.  (DE Nos. 68-69)  Plaintiff then filed the instant motion for class certification ("Mot.," DE No. 70).

## III.    THE APPLICABLE CLASS CERTIFICATION  STANDARD

A district court may certify a class only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  In addition, certification requires a finding that at least one of the conditions set forth in Rule 23(b) is met.  *See, e.g., Stathakos v. Columbia Sportswear Co.*, 2017 WL 1957063, at *13 (N.D. Cal. May 11, 2017) ("Once the threshold requirements of Rule 23(a) are met, plaintiffs must then show 'through evidentiary proof' that a class is appropriate for certification under one of the provisions in Rule 23(b).") (citing *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013)).  Here, Plaintiff moves for class certification under Rule 23(b)(2) and (b)(3).

"Rule 23 does not set forth a mere pleading standard." *Dukes*, 564 U.S. at 350. Rather, the plaintiff "must affirmatively demonstrate his compliance with the Rule— that is, he must be prepared to prove that there are **in fact** sufficiently numerous parties, common questions of law or fact, etc." *Id.*  A class can be certified only if the court "is satisfied, after a **rigorous analysis**, that the prerequisites of Rule 23(a) have been satisfied." *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160-61 (1982) (emphasis added).  "Frequently…'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim." *Dukes*, 564 U.S. at 351.

"[A]lthough neither the Ninth Circuit nor the Supreme Court has decisively attached a standard of proof to Rule 23's requirements, many courts apply the preponderance of the evidence standard." *Dugan*, 2016 WL 9173459, at *2 (collecting cases); *see also In re Nexium Antitrust Litig.*, 777 F.3d 9, 27 (1st Cir. 2015).  Courts in

4

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

this district, in particular, routinely apply the preponderance of the evidence standard when ruling on class certification. *See, e.g., Chow v. Neutrogena Corp.*, 2013 WL 5629777, at *1 (C.D. Cal. Jan 22, 2013); *In re NetSol Technologies, Inc.*, 2016 WL 7496724, at *3 (C.D. Cal. July 1, 2016); *Nozzi v. Housing Auth. of Los Angeles*, 2016 WL 2647677, at *2 (C.D. Cal. May 6, 2016); *Dugan*, 2016 WL 9173459, at *2; *Litty v. Merrill Lynch & Co., Inc.*, 2014 WL 5904907, at *2 (C.D. Cal. Aug. 4, 2014); *Vaquero v. Ashley Furniture Indust., Inc.*, 2013 WL 12172124, at *2 (C.D. Cal. June 17, 2013); *Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504, 521 n.83 (C.D. Cal. 2012). Indeed, Defendant is unaware of *any* contrary post-*Dukes* decision in this district. Accordingly, Plaintiff must satisfy Rule 23 by a **preponderance of the evidence**.

## IV.    THE COURT SHOULD DENY PLAINTIFF'S MOTION

### A.    Plaintiff Lacks Standing to Assert Her Claims

A class action does not avoid the basic requirements of standing to sue. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979 (9th Cir. 2011). Indeed, "each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of **evidence** required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (emphasis added). Here, Plaintiff has failed to establish both statutory and Article III standing.

"To establish standing under the UCL, FAL and CLRA, a person must have 'suffered an injury in fact and ha[ve] lost money or property as a result.'" *Salazar v. Honest Tea, Inc.*, 74 F. Supp. 3d 1304, 1315 (E.D. Cal. 2014) (citing Cal. Bus. & Prof. Code §§ 17204, 17535; Cal. Civ. Code § 1780). "The phrase 'as a result of' in its plain and ordinary sense means 'caused by' and requires a showing of a causal connection or reliance on the alleged misrepresentation." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011). In other words, a plaintiff must show that "he or she was motivated to act or refrain from action based on the truth or falsity of a defendant's statement, not merely on the fact it was made." *Id.* at 327 n.10.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Similarly, standing under Article III, § 2 of the U.S. Constitution "'consists of three elements: the plaintiff must have (1) suffered an injury in fact; (2) that was caused by the defendant's challenged conduct; and (3) that would be redressed by the remedy plaintiff seeks.'" *Desert Water Agency v. Dep't of Interior*, 849 F.3d 1250, 1253 (9th Cir. 2017) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Here, Plaintiff fails to establish (i) a causal link between Neiman Marcus' alleged misrepresentation and her injury, and (ii) economic harm. Indeed, Plaintiff offers no **evidence**—declaration or otherwise—demonstrating she purchased a product she would not otherwise have bought or paid a premium for **in reliance** on Neiman Marcus' alleged misrepresentations. Nor has she submitted any measurement of the value or money she believes she lost. This complete lack of substantiation is particularly perplexing given the three-year lifespan of Plaintiff's lawsuit, her burden of proof, and nearly every other recent false advertising case where plaintiffs have submitted considerable evidence to establish the facts underlying their motions for class certification. *See, e.g.*, *Dukes*, 564 U.S. at 339, 346-47; *Chowning v. Kohl's Dep't Stores, Inc.*, 2016 U.S. Dist. LEXIS 188341, at *12-13 (C.D. Cal. Apr. 1, 2016); *Stathakos*, 2017 WL 1957063, at *14-15; *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 959 (C.D. Cal. 2015); *In re NJOY, Inc.*, 120 F. Supp. 3d 1050, 1081, 1111 (C.D. Cal. 2015); *Guido v. L'Oreal, USA, Inc.*, 2013 WL 3353857, at *11 n.2 (C.D. Cal. July 1, 2013); *cf. Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 457-59 (S.D. Cal. 2014).

In fact, a Central District judge recently dismissed a class action against Ross Stores, Inc. ("Ross"), where motions for class certification and summary judgment were pending, for the same evidentiary deficiencies that exist here. In *Jacobo v. Ross Stores, Inc.*, the named plaintiffs alleged violations of the UCL and FAL based on Ross's use of "Compare At" prices on its price tags. 2017 WL 3382053, at *2 (C.D. Cal. Aug. 2, 2017). The court found that the plaintiffs failed to establish economic harm and, therefore, lacked standing to pursue their "Compare At" claims. *Id.* at *4.

Similarly, Plaintiff here lacks standing given her failure to provide **any** evidence

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

that would establish (i) a causal link between the alleged misrepresentation and her injury or (ii) evidence of economic harm.[1]  Her motion should be denied accordingly.

### B.    Plaintiff Fails to Satisfy the Requirements of Rule 23(a)

Despite her lack of standing, Plaintiff claims she has satisfied all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy.  For the reasons set forth below, Plaintiff's position is unsubstantiated.

#### 1.    Plaintiff Fails to Establish the Class is Sufficiently Ascertainable

Though not expressly enumerated in Rule 23(a), an implicit requirement for class certification is that any proposed class must be ascertainable.  *Pryor v. Aerotek Sci., LLC*, 278 F.R.D. 516, 523 (C.D. Cal. 2011).  A class is sufficiently ascertainable if it is "administratively feasible" for the court to determine whether an individual is a member.  *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998).

In her motion, Plaintiff defines the putative class as follows:

> All persons who purchased products **from Last Call stores in California** within the four year prior to the filing of the initial complaint to the present that were labeled with a "Compared to" price, but which products never sold at Neiman Marcus flagship retail stores at or above such "Compared to" price and such products or products of a like grade and quality were not being sold for such "Compared to" price at the time of purchase in the area of the Last Call store.

(Mot., 2:2-6 (emphasis added).)  Yet, Plaintiff asserts—in a footnote—that this definition also includes consumers who made **online** purchases from the Last Call website, in addition to those who bought at physical stores in California.  (*Id.* n.2.)  This directly contravenes the class definition's plain terms—*i.e.*, the explicit reference to "Last Call **stores in California**" and purchases made "**in the area**" of Last Call "**store[s]**."  Plaintiff's sudden inclusion of the online market—in a footnote and not alleged in her TAC—completely muddles the class definition, rendering the proposed class ambiguous on its face.  An online purchase, by definition, is not a purchase at a

---

[1] Plaintiff attaches to her TAC an image of her receipt, but this merely shows that she made the alleged purchase and is insufficient to establish standing.  *See Jacobo* 2017 WL 3382053, at *6.  Plaintiff submits no evidence that she **relied on** the "Compared to" price or that the items she bought were not of the quality or value she expected.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

1   "store in California."  It is a purchase via the internet.  The closest such a purchase

2   could come to a "location" is at Neiman Marcus headquarters, which is in Dallas,

3   Texas, not at a California-based Last Call store.  (*See* DE No. 4, ¶ 4.)  Without a

4   precisely defined class, whether a particular individual is a member cannot be

5   accurately—let alone **feasibly**—determined.  *See O'Connor*, 184 F.R.D. at 319 ("A

6   class definition should be precise, objective and presently ascertainable.").

7         Equally important, Plaintiff's proposed definition creates an impermissible "fail-

8   safe" class.  According to the Ninth Circuit, "[t]he fail-safe appellation is simply a way

9   of labeling the obvious problems that exist when the class itself is defined in a way that

10  precludes membership unless the liability of the defendant is established."  *Kamar v.*

11  *RadioShack Corp.*, 2010 WL 1473877, at *1 (9th Cir. Apr. 14, 2010); *see also*

12  *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011)

13  (explaining "improper fail-safe class" exists where "[e]ither class members win or, by

14  virtue of losing, they are not in the class, and, therefore, not bound by the judgment").

15        Here, the determination of whether a person is a **member** of Plaintiff's proposed

16  class turns on the **same inquiry** as Plantiff's theory of **liability**—on both issues, the

17  answer depends upon whether the product the person bought (or a product of like

18  grade and quality) was selling at the "Compared to" price elsewhere in the

19  marketplace.  If it **was** selling at that price elsewhere, then (i) there is no liability **and**

20  (ii) the purchaser is **not a class member** (indeed, there may be **no** class members at all

21  under the proposed definition).  Thus, Plaintiff has proposed a fail-safe class, which is

22  prohibited by the Ninth Circuit and others.  *See, e.g., Kamar*, 2010 WL 1473877, at *1

23  (such classes are "palpably unfair to the defendant" and "unmanageable—for example,

24  to whom should the class notice be sent?"); *see also, e.g., Messner v. Northshore Univ.*

25  *HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012); *Randelman*, 646 F.3d at 352.

26        Further, to ascertain which products do and do not fall within the proposed class,

27  the Court would need to determine the actual market pricing of **tens of thousands** of

28  different products (and other products like grade and quality)—item by item—sold

1    over the course of seven years. ██████████ Plaintiff has not even offered

2    evidence that this is **possible**—and it is certainly not "administratively feasible."

3          2.    <u>Plaintiff Fails to Satisfy the Commonality Requirement</u>

4          Likewise, Plaintiff fails to establish commonality as required by Rule 23(a)(2).

5    Common **questions** of law or fact, alone, will **not** satisfy this requirement; instead,

6    "[w]hat matters to class certification...is...the capacity of a classwide proceeding to

7    generate **common answers** apt to drive the resolution of the litigation." *Dukes*, 564

8    U.S. at 350 (emphasis added). Plaintiff's case cannot generate "common answers."

9          Plaintiff's TAC outlines two distinct theories of liability: (i) alleged

10    misrepresentations regarding product origin and quality (*i.e.*, the allegation that

11    Defendant misled consumers into believing that all products sold at Last Call stores

12    were previously sold at full-line Neiman Marcus stores (*see, e.g.,* TAC, ¶ 17)) and (ii)

13    allegedly false "Compared to" prices (TAC, ¶¶ 23-25). Plaintiff asserts that common

14    questions derive from these theories, ignoring whether they have any evidentiary

15    predicate or whether common answers can be derived from common proof.

16          Plaintiff's first theory of liability (product origin/quality) was recently rejected

17    as a matter of law by the California Court of Appeal in Plaintiff's parallel class action

18    against The Gap, Inc. ("Gap"). *See Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th 870

19    (2017).[2] In *Gap*, Plaintiff asserted claims under the UCL, FAL and CLRA alleging

20    that Gap deceptively used the name associated with its "traditional" stores on lesser-

21    quality clothing items sold at Gap and Banana Republic "Factory Stores," when such

22    items were never actually sold at "traditional" Gap and Banana Republic stores. *Id.* at

23    873. Based on Gap's labeling scheme, Plaintiff claimed she "was misled about the

24    quality and authenticity of [Gap's] Products" causing her to purchase items she would

25    not otherwise have purchased. *Id.* The trial court sustained Gap's demurrer without

26    leave to amend, and the Court of Appeal affirmed. *See id.* at 873-82.

27

---

28   [2] A petition for review of this decision is pending before the California Supreme Court.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Here, Plaintiff's "product quality" allegations are nearly identical to her claims against Gap.  Indeed, she contends that use of "the Neiman Marcus name" at Last Call misleads consumers into believing the "products were of equal quality" as those sold at Neiman Marcus flagship stores.  (*See, e.g.,* TAC, ¶ 19.)  As in *Gap*, however, Plaintiff (i) fails to identify any statement by Neiman Marcus about the quality of its Last Call products and (ii) offers no evidence indicating that reasonable consumers expect Last Call merchandise to have been previously offered at traditional Neiman Marcus stores.  Thus, the theory has no legitimacy or evidentiary support.[3]

Turning to Plaintiff's second theory of liability (*i.e.*, allegedly false "Compared to" prices), the Supreme Court has stressed that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Dukes*, 564 U.S. at 349-50 (quoting *Falcon*, 457 U.S. at 147).  "This does not mean merely that they have all suffered a violation of the same provision." *Id.* at 350.  Rather, their claims must depend on a *"common contention…capable of classwide resolution—which means that determination of its truth or falsity will resolve the issue that is central to the validity of each one of the claims **in one stroke**."  *Id.* (emphasis added).

Here, Plaintiff's case implicates thousands of purchase decisions on products with thousands of "Compared to" prices, established by thousands of vendors in different ways.  Thus, Plaintiff must show for **each** individual product that (i) the product itself was not sold at or above its "Compared to" price, and (ii) no product of like grade and quality was sold at or above the "Compared to" price.  These questions cannot possibly be resolved in "one stroke." ████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

---

[3] Indeed, Plaintiff's class definition reveals that she has effectively abandoned this theory, and instead relies solely on her second theory (*i.e.*, that Defendant's "Compared to" prices do not reflect prices at which the items sell in the marketplace): Plaintiff does **not** seek to impose liability for any given product as long as it was selling for the "Compared to" price in the geographic area of the Last Call store—even if it never sold at a full-line Neiman Marcus store.  (*See* Mot., 2:22-3:6.)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

1 ████████████████████████████████████████  In fact,

2 Plaintiff's expert acknowledges the need for product-by-product analysis.  (Bergmark

3 Depo. (Asfour Decl., Ex. 1), 30:23-33:3, 38:22-39:19; *see also* Bergmark Decl., ¶ 8.)

4       Further, Plaintiff submits no evidence in the form of consumer surveys or

5 otherwise that would establish that "members of the public are likely to be deceived"

6 by the "Compared to" price on Last Call products.  On the contrary, as detailed in ████

7 ████████████████████████████████████████████

8 ████████████████████████████████████████████████

9 ████████████████████████████████████████████████

10 ██████████████████████████████████

11       Indeed, the only evidence of a purported "common" issue that Plaintiff offers is

12 Neiman Marcus' reliance upon its thousands of vendors to provide "Compared to"

13 prices—but as the Ninth Circuit recently held, the mere use of a vendor-supplied price

14 as the basis for a "Compare" price does **not** give rise to liability.  *See Sperling v.*

15 *DSWC, Inc.*, 2017 WL 4708353, at *1 (9th Cir. Oct. 19, 2017) (affirming dismissal

16 with prejudice where plaintiff alleged that "[t]he price tags displayed the

17 manufacturer's suggested retail price as a 'compare at' price").  Moreover, this issue is

18 not truly "common," in any event; rather, it implicates the pricing methods of

19 thousands of independent third-party vendors— ████████████████████

20 ████████████████████████████████████

21 ████████████████████████████████████

22       3.    <u>Plaintiff Fails to Satisfy the Typicality and Adequacy Requirements</u>

23       Plaintiff also fails to demonstrate that her claims are typical of the putative class,

24 as required by Rule 23(a)(3).  Typicality may be lacking "if there is a danger that

25 absent class members will suffer [because] their representative is preoccupied with

26 defenses unique to it."  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.

27 1992).  "[E]ven an arguable defense peculiar to the named plaintiff…may destroy the

28 required typicality…as well as bring into question the adequacy of the named

11

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

1   plaintiff's representation." *J.H. Cohn & Co. v. Am. Appraisal Assoc., Inc.*, 628 F.2d

2   994, 999 (7th Cir. 1980).  The showing necessary to raise an arguable defense to vitiate

3   typicality is far lower than is necessary to establish the defense on the merits.  *See*

4   *McNichols v. Loeb Rhoades & Co., Inc.*, 97 F.R.D. 331, 338-39 (N.D. Ill. 1982).

5       Here, Plaintiff's apparent motivations and litigation history are atypical.  She

6   made her purchase at the Last Call store on July 21, 2014 (TAC, ¶ 1), then filed the

7   instant lawsuit days later, on August 7, 2014—apparently before she had even cut the

8   price tags off the items.  (*See* TAC, Ex. B (photos showing price tags still affixed to

9   products).)  She then filed a similar suit against Gap 11 days later.  Plaintiff's actions

10  call into question whether her motive in buying goods was actually to impermissibly

11  "buy a lawsuit."  *See Shields v. Smith*, 1991 WL 319032, at *4 (N.D. Cal. Nov. 4,

12  1991).  This is enough to disqualify Plaintiff from representing the class.  *See Backus*

13  *v. ConAgra Foods, Inc.*, 2016 WL 7406505, at *4-5 (N.D. Cal. Dec. 22, 2016).

14      Plaintiff also fails to satisfy the adequacy requirement of Rule 23(a)(4), which

15  involves "[whether] the representative plaintiffs and their counsel [will] prosecute the

16  action vigorously on behalf of the class."  *Staton v. Boeing*, 327 F.3d 938, 957 (9th Cir.

17  2003).  Plaintiff provides no testimony regarding this issue (or any other issue).

18      In sum, Plaintiff has not fulfilled the requirements of Rule 23(a), and for this

19  reason, alone, the Court should deny her motion.[4]  As set forth below, however,

20  Plaintiff also fails to satisfy Rule 23(b)(2) and (b)(3), further necessitating denial.

21  **C.**   **Plaintiff Cannot Properly Seek Injunctive Relief Under Rule 23(b)(2)**

22           **Thereby Precluding Class Certification**

23      Rule 23(b)(2) applies when a defendant "has acted or refused to act on grounds

24  that apply generally to the class, so that final injunctive relief or corresponding

25  _____

26  [4] The Court should not permit Plaintiff to submit new evidence on reply in an effort to carry her burden of proof.  *See, e.g., Hsu v. Puma Biotechnology, Inc.*, 2016 WL 9408516, at *1 (C.D. Cal. Feb. 25, 2016); *Wallace v. Countrywide Home Loans, Inc.*,

27  2009 WL 4349534, at *7 (C.D. Cal. Nov. 23, 2009) (collecting cases).  Indeed, Plaintiff has had more than ample opportunity to gather and submit evidence, having

28  previously filed two other versions of her motion.  (*See* DE Nos. 17, 41, 70.)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(3). "[C]ertification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive." *Ellis*, 657 F.3d at 986 (citation omitted).

"A plaintiff lacks standing [to pursue injunctive relief] if he has not express[ed] an intent to purchase the products in the future." *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d at 977 (citation omitted); *see also Jones v. ConAgra Foods Inc.*, 2014 WL 2702726, at *12 (N.D. Cal. June 13, 2014). Indeed, the Ninth Circuit recently confirmed this principle. *See Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1116 (9th Cir. 2017) (holding that although "a previously deceived plaintiff **may** have standing to seek injunctive relief," the court must still determine whether the plaintiff "faces an imminent or actual threat of future harm," focusing on plaintiff's desire to make future purchases) (emphasis added).

Here, Plaintiff provides no evidence of her intent to purchase Last Call products in the future, and does not even **allege an interest** in doing so. This is fatal to her claim for injunctive relief and precludes certification under Rule 23(b)(2). *See, e.g., Werdebaugh v. Blue Diamond Growers*, 2014 WL 2191901, *9 (N.D. Cal. May 23, 2014) (*citing Ellis*, 657 F.3d at 979); *Mason v. Nature's Innovation, Inc.*, 2013 WL 1969957, at *4 (S.D. Cal. May 13, 2013).

### D.   Plaintiff Fails to Satisfy the Requirements of Rule 23(b)(3)

Regarding her claim for monetary relief, Plaintiff fails to satisfy Rule 23(b)(3) which requires that questions of law or fact common to the class "predominate" over questions affecting individual members and, on balance, a class action is "superior" to other methods of adjudication. Fed. R. Civ. P. 23(b)(3); *see Comcast* 569 U.S. at 33.

####    1.   Plaintiff Offers no Evidence of Predominance under Rule 23(b)(3)

Plaintiff argues that her claims can be proven on a classwide basis for the same reasons the class can be certified under Rule 23(a)(2). (Mot., 15:3-5.) Plaintiff, however, fails to acknowledge that "Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a)" and "courts must conduct a rigorous analysis" to

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

determine whether class treatment is called for.  *Comcast*, 569 U.S. at 34.  As such,

Plaintiff's Rule 23(a)(2) commonality analysis cannot fulfill Rule 23(b)(3)—and as

detailed above, Plaintiff lacks **evidence** of commonality, in any event.  *See Comcast*,

569 U.S. at 33 ("The party must also satisfy **through evidentiary proof** at least one of

the provisions of Rule 23(b).") (emphasis added).

> ### 2.    Plaintiff Cannot Demonstrate that Reliance and Causation are
> ### Subject to Common Proof as Required by Rule 23(b)(3)

Plaintiff also fails to demonstrate that the elements of reliance and causation are

subject to common proof.  *See In re 5-Hour Energy Marketing Sales and Practices

Litig.*, 2017 WL 2559615, at *6 (C.D. Cal. June 7, 2017) ("Reliance and causation are

critical components of establishing liability under [the UCL, FAL, and CLRA].  Thus,

to establish predominance under Rule 23(b)(3), courts typically require that plaintiffs

demonstrate that reliance and causation are subject to common proof.") (*citing In re

ConAgra Foods, Inc.*, 302 F.R.D. 537, 576 (C.D. Cal. 2014).

Plaintiff argues that because the element of reliance is measured by the

reasonable person standard—*i.e.*, "materiality"—her causes of action are "simple and

capable of being proven or not on a classwide basis."  (Mot., 14:12-19.)  Regardless of

whether a classwide presumption of reliance might be appropriate in some cases, it is

surely inappropriate here.  Plaintiff provides no evidence to support such a

presumption.  For example, she provides no consumer survey or other market research

that could establish classwide reliance based upon the materiality of any alleged

misrepresentation.  Under such circumstances, courts regularly deny class certification.

*See, e.g.*, *In re ConAgra Foods*, 302 F.R.D. at 576-77 (denying certification due to lack

of evidence regarding consumer reaction to, or understanding of, the subject "100%

Natural" label); *Jones v ConAgra Foods, Inc.*, 2014 WL 2702726, at *15 (N.D. Cal.

Jun. 13, 2014) (denying certification where plaintiffs provided only conclusory expert

declaration that "reasonable consumers would rely on [the] label"); *In re 5-Hour

Energy*, 2017 WL 2559615, at *8-9 (denying certification where plaintiffs submitted

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

1  no evidence of consumer evaluation of subject advertising statements).

2      Here, Plaintiff submits no evidence regarding consumer understanding, reliance,

3  or materiality.  Instead, she simply relies on the conclusory, unsworn allegations in her

4  TAC.  And even if Plaintiff **had** submitted a declaration of her own, such evidence

5  would be insufficient as it would not demonstrate whether **other** class members deem

6  the "Compared to" price material.  *See Jacobo*, 2017 WL 3382053, at *5 ("Nor is the

7  phrase 'Compare At' obviously false or misleading on its face…Plaintiffs spoke to no

8  other potential class members about whether their interpretation is shared by anyone

9  besides themselves, and do not offer any evidence except their own declarations and

10  the price tags themselves in support of their theory."); *In re 5-Hour Energy*, 2017 WL

11  2559615, at *9 ("[w]ithout a market survey documenting consumer preferences,

12  Plaintiffs have not shown that the 'five hour energy' representation is material").

13      By contrast, Defendant has submitted expert testimony regarding market

14  research confirming the **lack** of homogeneity with respect to reliance.  As noted above,

15  ████████████████████████████████████████████████████████████████

16  ███████████████████████████████████████████   Indeed, where

17  a plaintiff fails to establish a controlling definition for a key phrase in an alleged

18  misstatement—as is the case here—materiality is not susceptible to common proof.

19  *See, e.g., Pierce-Nunes v. Toshiba Am. Info. Sys., Inc.*, 2016 WL 5920345, at *7 (C.D.

20  Cal. June 23, 2016) (predominance lacking where plaintiffs did not establish common

21  meaning for the term "LED TV"); *Pelayo v. Nestle USA, Inc.*, 2989 F. Supp. 2d 973,

22  978-79 (C.D. Cal. 2013) (lack of common understanding of the term "all natural" by

23  reasonable consumers); *Jones*, 2014 WL 2702726, at *14-15 ("[E]ven if the challenged

24  statements were facially uniform, consumers' understanding of those representations

25

26  5 _____

███████████████████████████████████████████████████

27  ███████████████████████████████████████████████████

28  ███████████████████████████████████████████████████

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

would not be" and "[i]f the misrepresentation or omission is not material as to all class members, the issue of reliance [and causation] 'would vary from consumer to consumer' and the class should not be certified.") (*citing Stearns v. Ticketmaster Corp*, 655 F.3d 1013, 1022-23 (9th Cir. 2011)).

3.    Plaintiff Cannot Prove Classwide Entitlement to Monetary Relief

Nor can Plaintiff prove classwide entitlement to monetary relief. A plaintiff's method of proving compensation under Rule 23(b)(3) must be tied to her theory of liability. *Comcast*, 569 U.S. at 35. "If the [compensation] model does not even attempt to do that, it cannot possibly establish that damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3)." *Id.* Plaintiff offers, through her expert Brian Bergmark ("Bergmark"), four methods for potentially calculating monetary relief: (i) full refund, (ii) depreciation, (iii) transactional value promised, and (iv) disgorgement of profits. As detailed Dr. Daniel Garrett's report filed herewith, none of these approaches is viable, because they do not accurately measure the compensation recoverable **on Plaintiff's theories of liability**—and the majority of California federal courts agree, as discussed below.

a.    *The Full Refund Model*

Plaintiff argues she is entitled to receive a full refund for every dollar spent on the Last Call products, reasoning that she would have paid nothing for the products absent the "Compared to" price. (Mot., 16:21-17:8.) To begin, Plaintiff's contention that she would have paid "nothing" is unsupported by any evidence, let alone a citation to the TAC. In fact, the TAC is not even fully **consistent** with this contention. For example, in her TAC, Plaintiff alleges that she and the other putative class members "would not have paid **as much**, if at all, for the products." (TAC, ¶ 19 (emphasis added).) Thus, even by reference to Plaintiff's own allegations (which are not evidence), it is unclear whether (i) Plaintiff and other consumers would not have bought the products at all, or (ii) Plaintiff and other consumers would have been willing to buy the products, but for a lower price (and if so, at **what** price). As detailed

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

in Dr. Garrett's report, there is no common formulaic way of determining which of these possibilities applies to any given transaction.  (*See* Garrett Decl., ¶ 41.)

In any event, the full-refund model has been specifically rejected in numerous deceptive pricing/mislabeling cases.  *See, e.g., Stathakos*, 2017 WL 1957063, at *10; *Chowning v. Kohl's Dep't Stores, Inc.*, 2016 WL 1072129, at *6-9 (C.D. Cal. Mar. 15, 2016); *In re POM Wonderful LLC*, 2014 WL 1225184, at *3 (C.D. Cal. Mar. 25, 2014); *Brazil v. Dole Packaged Foods, LLC*, 2014 WL 2466559, at *15 (N.D. Cal. May 30, 2014); *Caldera v. J.M. Smucker Co.*, 2014 WL 1477400, at *4 (C.D. Cal. Apr. 15, 2014).  These courts rejected the model because it failed to account for the value the plaintiff(s) received and, thus, ran afoul of the limiting principle established in *In re Tobacco Cases II*.  240 Cal. App. 4th 779, 795 (2015) ("A full refund *may* be available in a UCL case when the plaintiffs prove the product had *no* value to them.").  Indeed, Dr. Garrett confirms that a full-refund model would be inconsistent with Plaintiff's theory of liability and would overcompensate class members.  (*See* Garrett Report, ¶¶ 16-21.)  Here, the products Plaintiff bought indisputably provided some value, as is true for all products purchased by putative class members.  Certainly, Plaintiff has provided no contrary evidence.

b.    *The Depreciation Model*

Plaintiff's "depreciation" model is similarly flawed.  Bergmark envisions applying a "reduction" to the purchase price of the items "to reflect the [consumer's] use of the product," based upon a hypothetical and unspecified "depreciation factor…[o]nce the reasonable life of the product is determined and the time period over which the product was used by a class member is identified."  In other words, he is speculating about what he **might** do under this "potential theory"—but has not provided a developed model for the Court to evaluate.  This type of speculative evidence has been rejected in the Central District and certainly does not withstand the "rigorous analysis" required by the Supreme Court.  *See Russel v. Kohl's Dep't Stores, Inc.*, 2015 WL 12748629, at *6-7 (C.D. Cal. Dec. 4, 2015) (scolding the plaintiff for

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

"flit[ting] between numerous theories of restitution (disgorgement, rescission with restitution, false discount value)" without showing **how** any of these models provided a workable method).  Moreover, the applicable depreciation schedule will likely differ from product to product, and even from consumer to consumer (*see* Garrett Report, ¶ 20-26), and thus any such model is unsuitable for classwide application.  Further, as detailed in Dr. Garrett's report, any such "depreciation" theory "fails to measure damages consistent with Plaintiff's allegations" (Garrett Report, ¶¶ 23), and thus cannot be used as a matter of law.  *See Comcast*, 569 U.S. at 35.

c.   *The "Transactional Value Promised" Model*

Plaintiff also argues that classwide damages can be measured through a "transactional value promised model" (*i.e.*, promised discount model).  According to Plaintiff, this model measures the difference between what she paid in reliance on the "fraudulent discounts" and what she would have paid if Neiman Marcus offered such discount from a "truthful regular price."  (Mot., 17:9-16; Bergmark Decl., ¶ 23.)

This approach to calculating damages is riddled with individualized issues that render it wholly inappropriate for classwide application.  As Bergmark acknowledges in his declaration, application of this model would require a separate determination of the actual market price of each and every product sold during the class period (*i.e.* tens of thousands of items), at numerous different points in time over the seven-year class period.  (*See* Bergmark Decl., ¶ 23.)  As discussed in Section IV.B.1, *supra*, this task may not even be **possible,** let alone "administratively feasible."

Moreover, as detailed in Dr. Garrett's report, this "promised discount" model is not derived from any consumer's **actual losses**.  (*See* Garrett Report, ¶¶ 29, 34.)  As a symptom of this problem, the model may lead to perverse or incoherent results.  (*See id.*, ¶¶ 29-33.)  In accordance with these conclusions, courts have repeatedly rejected the model in recent deceptive pricing cases.  In *Chowning*, for example, the court emphasized that the plaintiff's loss for purposes of restitution turned "on what Plaintiff actually **received** given the price she paid, not on the bargain Plaintiff **thought she**

18

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**was receiving**." 2016 WL 1072129, at *10. The court rejected the plaintiff's reliance on *Spann v. J.C. Penney Corp.*, 2015 WL 1526559 (C.D. Cal. Mar. 23, 2015), finding that the promised discount model "award[ed] [p]laintiff [her expected bargain] without any focus on the amount of money she lost in the process." *Chowning*, 2016 WL 1072129, at *10. As such, the model failed to accurately measure restitution—*i.e.*, to restore the plaintiff to the same place as if no transaction had occurred. *Id*. Likewise, in *Stathakos*, the court followed *Chowning*, concluding that "the promised discount model does not purport to measure [the delta between the price plaintiffs actually paid and what a reasonable consumer would have paid absent the reference price], but assumes that plaintiffs would have purchased such products only if the 'promised discount' were applied to the actual purchase price." 2017 WL 1957063, at *11. Thus, the model was "the equivalent of awarding plaintiffs expectation damages, without accounting for the amount of money plaintiffs actually lost in the process." *Id.*

d.    *The Unfair Advantage (i.e., Profits) Model*

Lastly, Plaintiff proposes an "unfair advantage" model which purportedly measures and returns to Plaintiff the profits realized by Neiman Marcus from the alleged "deceptive reference pricing scheme." (Mot., 18:12-21.)

"California law recognizes two distinct types of disgorgement, namely "resitutionary disgorgement, which **focuses on the plaintiff's loss**, and nonrestiutionary disgorgement, which focuses on the defendant's unjust enrichment." *In re Tobacco Cases II*, 240 Cal. App. 4th at 800 (citations omitted). In cases under California's consumer protection laws, the California Supreme Court has held that **only** restitutionary disgorgement is available. *Id.*; *see also Trazo v. Nestle USA, Inc.*, 113 F. Supp. 3d 1047, 1052 (N.D. Cal. 2015) (rejecting "full purchase price" or "all profits" measures of restitution because they "would result in a windfall to plaintiff").

Neither Plaintiff nor her expert make any attempt to tie this theoretical profits measure to any consumer's **actual losses**, as Dr. Garrett observes. (*See* Garrett Report., ¶ 36.) Rather, the approach focuses solely on Neiman Marcus' gain and thus

19

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

improperly measures nonrestitutionary disgorgement.[6]  *See In re Tobacco Cases II*, 240 Cal. App. 4th at 800; *see also Trazo*, 113 F. Supp. 3d at 1052.

### 4.    Plaintiff Has Not Satisfied the Superiority Requirement

Finally, Plaintiff fails to establish that a class action is a superior method for adjudicating her claims.  "If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually a class action is not superior."  *Zinser*, 253 F.3d at 1192.  Moreover, "Because the Rules Enabling Act forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right, a class cannot be certified on the premise that [a defendant] will not be entitled to litigate its statutory defenses to individual claims."  *Dukes*, 564 U.S. at 367.  Plaintiff's class action is predicated on thousands of purchase decisions made on thousands of products with thousands of "Compared to" prices determined by thousands of vendors.  To the extent any such "Compared to" price was an **accurate** reflection of the product's price elsewhere in the market, Defendant has no liability— as Plaintiff implicitly acknowledges.  (*See* Mot., 2:2-6.)  Defendant is entitled to litigate this issue as to each of the subject products (and indeed, the market evidence demonstrates that Defendant will likely prevail as to many of the items, at least).  Further, as detailed above, Plaintiff cannot demonstrate classwide reliance or causation, nor has she proffered a viable model that would accurately calculate compensation to class members.  For all of these reasons, the asserted claims are highly individualized, thereby requiring an assemblage of mini trials on the merits.

---

[6] In a footnote, Plaintiff contends that *Spann* and "several other cases" purportedly "approved" the disgorgement model she now proposes.  (Mot., 19:23-28.)  The *Spann* court acknowledged the difference between restitutionary and nonrestitutionary disgorgement and explained that the "distinction…turns on whether the money plaintiff seeks was obtained by the defendant from the plaintiff in the first place." 2015 WL 1526559, at *8.  "If so," the court concluded, "disgorgement is restitutionary."  *Id.*  Two recent deceptive pricing cases, however, specifically and correctly rejected this reasoning.  *See Chowning*, 2016 WL 1072129, at *9 ("[A] plaintiff is not merely entitled to any profit that a defendant fraudulently earns; rather, she is entitled only to those profits that represent money she lost.") (citing *Korea Supply Co. v Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003)); *Stathakos*, 2017 WL 1957063, at *13.

20

1

2          Respectfully submitted,

3          K&L GATES LLP

4  Dated:  November 10, 2017          By:  s/ _____

5                                          Paul W. Sweeney, Jr.
                                           Kevin S. Asfour
6                                          Kate G. Hummel
                                           Attorneys for Defendant
7                                          The Neiman Marcus Group LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21
**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**