# EXHIBIT 3

NOTICE OF CLASS ACTION SETTLEMENT

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

***Rubenstein v. The Neiman Marcus Group LLC*, Case No. 2:14-cv-07155-SJO-JPR**

# If you made a purchase at a Neiman Marcus Last Call store in California or online (if you provided a California billing address), you could get benefits from a class action settlement.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.  You are not being sued.  Your legal rights are affected whether you act or not, so read this notice carefully.*

- Plaintiff filed a lawsuit alleging that she and other consumers were misled by the "Compared To" price tags on merchandise sold at Neiman Marcus Last Call ("Last Call") outlet stores in California, to their financial detriment.  Neiman Marcus denies Plaintiff's allegations, and denies it did anything wrong.  No Court has determined that Neiman Marcus did anything wrong.

- A settlement has been reached in this case that affects anyone who made a purchase advertised with a "Compared To" price from August 7, 2010 through the day the Court approves the Settlement (1) at any California Last Call store(s) and/or (2) on Last Call's website, if s/he provided a California billing address (the "Settlement").  These purchases are referred to as "Qualifying Purchases."  The people who made Qualifying Purchases are referred to as "Settlement Class Members."

- The Settlement, if approved, would provide $2,900,000 to give cash benefits to those customers who made a Qualifying Purchase, as well as to pay Plaintiff's attorneys' fees and expenses, a service award for the Settlement Class Representative, and the administrative costs of the settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **OPTION** | **RESULT** |
| **SUBMIT A CLAIM FORM** | To get a payment from the Settlement, submit a Claim Form by [Claims Deadline].  You can submit a Claim Form quickly and easily online at [website address], or by mail to [Neiman Marcus Last Call Settlement Program, Claims Administrator, P.O. Box _____, Richmond, VA ___]. |
| **OBJECT** | Write to the Court about why you believe the Settlement is unfair.  If you submit a timely written objection, you may also arrange to speak in Court about the fairness of the Settlement. |

1

| | |
|---|---|
| **EXCLUDE YOURSELF** | Ask not to be included in the Settlement, also known as "opting out." You will get no payment from the Settlement, but you may be able to pursue your own lawsuit about the legal claims in this case. |
| **DO NOTHING** | Give up your rights to sue Neiman Marcus on your own for the legal claims in this case and get no Settlement money. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- **The Court in charge of this case still has to decide whether to give final approval to the Settlement. Benefits will be given if the Court approves the Settlement and after any appeals are resolved. Please be patient.**

### TABLE OF CONTENTS FOR THIS NOTICE

**BASIC INFORMATION** ................................................................................ PAGE 3
1. What is this notice and why should I read it?
2. What is this class action lawsuit about?
3. Why is there a settlement?
4. Why is this a class action?

**WHO IS IN THE SETTLEMENT** .................................................................. PAGE 4
5. How do I know if I am part of the Settlement?
6. Are there exceptions to being included in the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET** ........................................ PAGE 4
7. What does the Settlement provide?

**HOW YOU GET SETTLEMENT BENEFITS** .................................................. PAGE 5
8. How and when can I get Settlement benefits?
9. What am I giving up to get Settlement benefits or stay in the Settlement Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .................................... PAGE 7
10. How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** ...................................................... PAGE 7
11. Do I have a lawyer in this case?
12. How will the lawyers and class representative be paid?

**OBJECTING TO THE SETTLEMENT** .......................................................... PAGE 8
13. How do I tell the Court that I do not think the Settlement is fair?

**THE COURT'S FAIRNESS HEARING** ........................................................ PAGE 9
14. When and where will the Court decide whether to approve the Settlement?
15. May I speak at the hearing?

**IF YOU DO NOTHING** ............................................................................. PAGE 10
16. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ............................................................. PAGE 10
17. How do I get more information?

## BASIC INFORMATION

### 1. What is this notice and why should I read it?

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action lawsuit and about your options before the Court decides whether to finally approve the Settlement. If the Court finally approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will distribute the benefits that the Settlement allows.

You may be eligible to claim compensation from the Settlement if you are member of the Settlement Class, as defined in Section 4 below. Because your rights may be affected by this Settlement, it is extremely important that you read this Notice carefully.

### 2. What is this class action lawsuit about?

The Court in charge of the case is the United States District Court for the Central District of California, and the case is a class action known as *Linda Rubenstein v. The Neiman Marcus Group LLC,* Case No 2:14-cv-07155 (C.D. Cal.). The lawsuit alleges that consumers were misled by the "Compared To" price tags on merchandise sold at Last Call outlet stores in California, to their financial detriment. This case is being brought by Linda Rubenstein, also known as the "Settlement Class Representative" or "Plaintiff." The Settlement Class Representative sued The Neiman Marcus Group LLC, also known as the "Defendant." The proposed Settlement would resolve all claims in the class action lawsuit. Defendant denies that it did anything wrong and denies that this case is appropriate for treatment as a class action. No court has ruled on Plaintiff's claims.

### 3. Why is there a settlement?

The Court did not decide in favor of the Plaintiff or Defendant. Both sides agreed to a settlement instead of going to trial. That way, they avoid the cost of a trial, and the people affected will get compensation. The Plaintiff and her attorneys think the Settlement is best for all Settlement Class Members. The Court in charge of this lawsuit has granted preliminary approval of the Settlement and ordered this Notice be distributed to explain it.

### 4. Why is this a class action?

3

In a class action, one or more people called Class Representatives (in this case Linda Rubenstein) sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I am part of the Settlement?

The Settlement provides relief for all Settlement Class Members, who are described as all persons who made one or more Qualifying Purchases. A Qualifying Purchase means the purchase of a product advertised by Neiman Marcus with a "Compared to" price from August 7, 2010 through the day the Court approves the Settlement (1) at any California Last Call stores and/or (2) on Last Call's website, if s/he provided a California billing address.

### 6. Are there exceptions to being included in the Settlement?

Yes. The following are *not* included in the Settlement even if they made one or more Qualifying Purchases:

- Officers and directors of Defendant and its corporate parents, subsidiaries, affiliates, or any entity in which Defendant has a controlling interest; and legal representatives, successors, or assignees of any such excluded persons or entities; and
- The Court; and
- All persons who properly opt out of the Settlement Class by following the procedures set by the settlement agreement between the Plaintiff and Defendant ("Settlement Agreement") and described in Section 10 of this notice.

If you have questions about whether you are a Settlement Class Member, or are still not sure whether you are included in the Settlement, you can visit **[website address]** for more information.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 7. What does the Settlement provide?

The Settlement provides a total settlement amount of $2,900,000, which will be used to create a

4

"Settlement Fund." The following amounts will be paid from the Settlement Fund: Claims Administrator fees and expenses, the Settlement Class Counsel fees up to $870,000 and expenses, and a maximum service award of $5,000 for the Settlement Class Representative. The remaining amount (the "Net Settlement Fund") will be used to provide Settlement benefits to Settlement Class Members

Settlement Class Members who submit valid and timely Claim Forms (*i.e.* claimants) can receive a portion of the Net Settlement Fund. The Claims Administrator will assign each claimant points that will be divided by the total points of all claimants who submit Claim Forms. That will be the percentage of the Settlement Fund the claimant will receive. The points will be determined by the purchase price, including tax, of all Qualifying Purchases made by the claimant. The purchase price amount will be rounded up to whole dollars. The number of points the Claims Administrator assigns to a claimant will depend on whether the claimant has provided proof of purchase:

(1) <u>No Proof of Purchase</u>: Claimants who certify under penalty of perjury that they are Settlement Class Members and attest to the location of the transaction, the product purchased, the products purchase price, and the fact that the purchase occurred on or after August 7, 2010, but who do not submit proof(s) of purchase, will receive one (1) point.

(2) <u>Proof of Purchase</u>: Claimants who submit proof of purchase when they submit their Claim Form will be assigned points as follows based on purchase price, including tax, of all Qualifying Purchases: for up to the first $200 of documented purchases, 4 points, plus 1 point for each additional $200 in documented purchases, up to a maximum of 10 points per claimant.

## HOW YOU GET SETTLEMENT BENEFITS

**8. How and when can I get Settlement benefits?**

Settlement Class Members must submit a valid and timely claim to receive a Settlement benefit. Claims may be submitted electronically at [settlement website]. Settlement Class Members also may download and print a Claim Form from the website and send the Claim Form and any supporting documentation or information by mail to:

> **Neiman Marcus Last Call Settlement Program**
> **Class Administrator**
> **P.O. Box \_\_\_\_\_**
> **Richmond, VA _____**

Settlement Class Members may receive greater Settlement benefits by submitting proof of the Qualifying Purchase, including (1) a cash-register receipt from a California Last Call store; (2) an email receipt from a California Last Call store or the Last Call website; or (3) a credit card or

5

debit card statement.

**All claims must be filed online or postmarked by [Claim Deadline].**

The Court will hold a hearing on [Final Approval Hearing Date] to decide whether to approve the Settlement.  You do not have to be present at the hearing.  If the Settlement is approved, appeals may still follow.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

If the Settlement is approved and within 30 days after any appeals are resolved, the Claims Administrator will issue cash payments in the form of checks.

| **9.   What am I giving up to get Settlement benefits or stay in the Settlement Class?** |
|---|

If you are a Settlement Class Member and the Court approves the settlement, then unless you exclude yourself, you cannot sue, continue to sue, or be part of any other lawsuit about the legal issues in *this* case, and all of the decisions and judgments by the Court will bind you.

If you remain a Settlement Class Member, you will be unable to file your own lawsuit involving all of the claims described and identified below, and you will release the Released Parties (as defined in Section 15.1 of the Settlement Agreement) from any liability for them.

Remaining in the Settlement Class means that you will release each and all of the Released Parties (as defined by Section 15.1 of the Settlement Agreement) from any and all past and present liabilities, claims, causes of action (whether in contract, tort or otherwise, including statutory, common law, property and equitable claims), damages, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, or suspected or unsuspected, which were or could have been asserted in the lawsuit based on the facts alleged therein, including but not limited to claims under or related to California Business and Professions Code sections 17200 et seq. and 17500 et seq., Civil Code section 1750 et seq., the FTC Guides and claims for failure to disclose information, false advertising, fraud, unjust enrichment, and any additional federal or state constitutional, common law and/or statutory claims (the "Released Claims").

The Settlement Agreement (available at [settlement website]) provides more detail regarding the release and describes the Released Claims and the Released Parties with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firm representing the Settlement Class Members for free or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Settlement Class Members who timely exclude themselves from the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**10. How do I exclude myself from the Settlement?**

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Neiman Marcus on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement. The court will exclude from the class any member who requests exclusion.

To exclude yourself from the Settlement, you must submit a timely and valid Opt-Out Form. Visit [settlement website] to download an Opt-Out Form.  Your Opt-Out Form must be postmarked no later than [Opt-Out Deadline] to:

> **Neiman Marcus Last Call Settlement Program**
> **Class Administrator**
> **P.O. Box _____**
> **Richmond, VA _____**

**OPT-OUT FORMS THAT ARE NOT POSTMARKED ON OR BEFORE [OPT-OUT DEADLINE] WILL NOT BE HONORED.**

## THE LAWYERS REPRESENTING YOU

**11. Do I have a lawyer in this case?**

The Court appointed Kirtland & Packard LLP to represent you and other Settlement Class Members.

These lawyers are called Class Counsel.  You will not individually be charged for these lawyers' services.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**12. How will the lawyers and class representative be paid?**

Class Counsel will ask the Court to approve payment of up to 30% of the Settlement Fund (*i.e.* $870,000) to compensate them for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement, in addition to their costs for litigating the case.  Class Counsel will also request an award of a service payment of $5,000 to the Class Representative, as compensation for her time and effort.  The Court may award less than these amounts.  These

7

payments, along with the costs of administering the Settlement, will be made out of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

**13. How do I tell the Court that I do not think the Settlement is fair?**

You can tell the Court that you do not agree with the Settlement or some part of it.

If you are a Settlement Class Member, you can object to the Settlement if you do not think the Settlement is fair. You can state reasons why you think the Court should not approve it. The Court will consider your views. To object, you must do so in writing stating you object to the proposed Settlement. In the written Objection, you must include (1) the name and case number of the Action, *Linda Rubenstein vs. The Neiman Marcus Group LLC*, pending in the United States District Court for the Central District of California, Case No. 2:14-cv-07155-SJO-JPR; (2) your full name, address and telephone number; (3) a statement of each objection; and (4) the specific reasons for each objection, including any legal and factual support you wish to bring to the Court's attention and any evidence you wish to introduce in support the of the objection(s).**Your objection to the Settlement must be postmarked no later than [Deadline to Object].**

The objection must be mailed to:

>**Clerk of Court**
>**U.S. District Court, Central District of California**
>**255 East Temple Street, Suite 180**
>**Los Angeles, CA 90012-4701**

Copies of the objection must be mailed to each of the following:

>Class Counsel:
>
>Michael Louis Kelly
>Behram V. Parekh
>Joshua A. Fields
>KIRTLAND & PACKARD LLP
>1638 South Pacific Coast Highway
>Redondo Beach, California 90277
>Telephone:  (310) 536-1000
>Facsimile:  (310) 536-1001
>Email:     mlk@kirtlandpackard.com
>           bvp@kirtlandpackard.com

8

jf@kirtlandpackard.com

Counsel for Neiman Marcus:

Paul W. Sweeney, Jr.
Kevin S. Asfour
Kate G. Hummel
K&L GATES LLP
10100 Santa Monica Boulevard, Eighth Floor
Los Angeles, California 90067
Telephone: (310) 552-5000
Facsimile: (310) 552-5001
Email: paul.sweeney@klgates.com
kevin.asfour@klgates.com
kate.hummel@klgates.com

Claims Administrator

Neiman Marcus Last Call Settlement Program
Class Administrator
P.O. Box \_\_\_\_\_
Richmond, VA \_\_\_\_\_

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself (also known as opting out) is telling the Court that you do not want to be included in the Settlement. If you exclude yourself, you cannot object because the Settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**14. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing to decide whether to approve the Settlement. This Final Approval Hearing will be held at _____. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and service awards as described above, and in what amounts. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement. We do not know

how long it will take the Court to issue its decision.  It is not necessary for you to appear at this hearing, but you may attend at your own expense.

### 15. May I speak at the hearing?

In order for you to speak at the hearing, you must first file an objection and satisfy the terms of the Settlement for filing an objection.  You may appear at the hearing on your own or through an attorney hired at your own expense.

If you want to speak at the hearing, either on your own or through your attorney, you must file a "Notice of Intention to Appear" with the Court and mail copies to Settlement Class Counsel, Defendant's Counsel, and the Claims Administrator at the addresses listed in Section 13 of this notice.  If you want to appear through your attorney, you must also provide the attorney's name, address, phone number, email address, and state bar(s) where the attorney is admitted.  If you want to call witnesses at the hearing, you must make that request and include a list of such witnesses in your written objection.

## IF YOU DO NOTHING

### 16. What happens if I do nothing at all?

If you do nothing, and are a Class Member, you will not receive a payment.  In order to receive a payment, you must submit a Claim Form. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Neiman Marcus about the legal issues in this case ever again.

## GETTING MORE INFORMATION

### 17. How do I get more information?

This Notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement by calling the Claims Administrator toll-free at [toll-free number]; writing to: Neiman Marcus Last Call Settlement, Class Administrator, P.O. Box xxxxx, Richmond, VA xxxxx; or visiting the website at [Settlement Website], where you will also find answers to common questions about the Settlement, a Claim Form, plus other information to help you determine whether you are a Settlement Class Member and whether you are eligible for Settlement benefits.

**Please do not write or telephone the Court or the Judge for information about the settlement or this lawsuit.**



11