FILED
CLERK, U.S. DISTRICT COURT
October 1, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VPC___ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA RUBENSTEIN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NEIMAN MARCUS GROUP LLC, a Delaware Limited Liability Company, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:14-CV-07155-SJO-JPR<br><br>[~~PROPOSED~~] FINAL JUDGMENT |

# [~~PROPOSED~~] FINAL JUDGMENT

A Fairness Hearing was held before this Court on October 1, 2018 to consider, among other things, whether the Settlement Agreement dated April 18, 2018 ("Settlement Agreement") between Plaintiff Linda Rubenstein (the "Class Representative") and defendant The Neiman Marcus Group LLC ("Neiman") (collectively, the "Parties"), represents a fair, reasonable and adequate compromise of the Action, the amount to be paid Settlement Class Counsel for their Fees and Litigation Expense Payment for prosecuting the Action, and a Settlement Class Representative Payment as a service award to the Class Representative. Having considered the evidence submitted and argued by the Parties, and any objections to the Settlement submitted,

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Final Judgment.

This Court has jurisdiction over the subjection matter of the Action, the Class Representative, the Settlement Class, and Neiman. Final approval of the Settlement, and entry of a final judgment and order of dismissal is hereby **GRANTED**.

The Court finds that the Settlement Agreement is the product of good faith arms-length negotiations by the Parties, each of whom was represented by experienced counsel.

The Court finds that the class proposed for purposes of the Settlement meets the requirements of Fed. R. Civ. P. 23(a), and 23(b)(2) and (3), and hereby certifies a Settlement Class in the Action as follows:

> All natural persons who purchased one of more products advertised with a "Compared to" price, where such purchase was made from August 7, 2010 through the date of the Preliminary Approval Order, at any of Neiman's Last Call stores in California or on Last Call's e-commerce website if the purchaser provided a California billing address.

The Court approves all terms set forth in the Settlement Agreement and the Settlement reflected therein, and finds that such Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Settlement Class Members, and the Parties to the Settlement Agreement are directed to consummate and perform its terms.

The Parties dispute the validity of the claims in this Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate and in the best interests of the Settlement Class Members. Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigate, Settlement Class Members would also face the challenge of surviving an appeal of any class certification order entered in the Action, and any other rulings rendered during trial. The relief negotiated by the Parties includes, among other things, payment to each Settlement Class Member of a portion of the price each paid for a "Compared to"-labeled product purchased at Neiman's Last Call stores in California or online with a California billing address.

Class Counsel has reviewed the Settlement Agreement and finds it in the best interest of the Settlement Class Members. For all of these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the tremendous expense associated with it, weigh in favor of approval of the Settlement reflected in the Settlement Agreement.

Any and all objections to the Settlement Agreement, the Settlement Class

Representative Payment, and Settlement Class Counsel's Fees and Litigation Expense Payment have been considered and are hereby found to be without merit and overruled.

The Court finds that the Notices provided for in the Order of Preliminary Approval of Settlement have been provided to the Settlement Class and the Notices provided to the Settlement Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notices apprised the members of the Settlement Class of the pendency of the litigation, of all material elements of the proposed Settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement, of the *res judicata* effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of the Settlement; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in this Fairness Hearing. Accordingly, the Court determines that all Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

This Action is dismissed with prejudice, and without costs to any party, except as provided for in the Settlement Agreement and in this Final Judgment.

Having reviewed the submissions of Settlement Class Counsel, the Court finds that the sum of $902,574.41 is reasonable compensation for Settlement Class Counsel's Fees and Litigation Expense Payment. Within thirty (30) days after the Settlement Effective Date, ARX Management shall pay Settlement Class Counsel the Settlement Class Counsel's Fees and Litigation Expense Payment.

Having reviewed the submissions of Settlement Class Counsel, the Court finds that a $5,000 Settlement Class Representative Payment is reasonable compensation for the Class Representative's services in this matter. Within thirty (30) days after the Settlement Effective Date, ARX Management shall pay the Class

Representative the Settlement Class Representative Payment.

Within thirty (30) days of the Settlement Effective Date, pursuant to section 3.5(b) of the Settlement Agreement, cash payments in the form of checks shall be paid by ARX Management (working with the Claims Administrator) from the Net Settlement Fund, and shall be mailed to Authorized Claimants at the address provided by the Authorized Claimant in the Claim Form.

In accordance with section 3.5(d) of the Settlement Agreement, in the event any funds remain in the Net Settlement Fund because there are uncashed checks 90 calendar days after the last check issued, or for any other reason that funds remain undistributed, any remaining amount of the Net Settlement Fund shall be paid to the proposed *cy pres* beneficiary, Public Counsel, and mailed to Attn: Margaret Morrow, Chief Executive Officer, Public Counsel, 610 S. Ardmore Avenue, Los Angeles, CA 90005.

Neiman is hereby ordered to perform the injunctive relief as described in section 4 of the Settlement Agreement and further detailed in the Declaration of Frank Crisci submitted in support of Plaintiff's Motion for Final Approval of Class Action Settlement, which is incorporated herein by reference.

Upon entry of this Final Judgment, the Class Representative and all Participating Settlement Class Members will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any and all past and present liabilities, claims, causes of action (whether in contract, tort or otherwise, including statutory, common law, property and equitable claims), damages, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, or suspected or unsuspected, which were or could have been asserted in the Action based on the facts alleged therein, including, but not limited to claims under or related to California Business and Professions Code section 17200 *et. seq.* and 17500 *et seq.*, Civil Code section 1750 *et seq.* the FTC Guides and claims for failure to disclose information, false advertising, fraud, unjust

enrichment, and any additional federal or state constitutional, common law and/or statutory claims. However, this paragraph does not release Neiman from its obligations under this Judgment.

For purposes of the releases set forth in the previous paragraph, "unknown claims" means claims that the Class Representative and all Participating Settlement Class Members do not know or suspect to exist in their favor at the time of granting a release, which if known by them might have affected their Settlement of the Action. It is the intention of the Parties and Participating Settlement Class Members that, upon the Settlement Effective Date, each of the Class Representative and all Participating Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted (a) by section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, federal law, or principle of common law which is similar, comparable, or equivalent to section 1542 of the California Civil Code, the provisions, rights and benefits of any statute or law which might otherwise render a general release unenforceable with respect to unknown claims. Section 1542 of the California Civil Code reads:

> Section 1542. <u>General Release, extent.</u> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Class Representative and all Participating Settlement Class Members are deemed to understand and acknowledge the significance of this waiver of California Civil Code section 1542 and/or of any other applicable law relating to limitations on releases. The Class Representative, all Participating Settlement Class Members, and Settlement Class Counsel may hereafter discover facts in addition to or

different from those which any of them now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative, upon the Settlement Effective Date, shall have fully, finally, and forever settlement and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist or heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts.

As of the Settlement Effective Date of this Agreement, Neiman releases and forever discharges the Class Representative and Settlement Class Counsel from any claims of abuse of process, malicious prosecution or any other claims arising out of the institution, prosecution, assertion or resolution of the claims in this Action, including but not limited to sanctions of any kind.

Neither this Final Judgment nor the Settlement Agreement, nor any of its terms or provisions nor any of the negotiations or proceedings connected with it, shall be: (a) construed as an admission or concession by Neiman of the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind; or (2) construed as an admission by the Class Representative or the Settlement Class as to any lack of merit of the claims in this action.

If the Settlement Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, this Final Judgment and the Order of Preliminary Approval of Class Action Settlement shall be deemed vacated and shall have no force and effect whatsoever.

Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Judgment, and other matters related or anciliary to the foregoing.

The Parties have so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and order of

dismissal with prejudice be, and hereby is, entered as a final and appealable order.

IT IS SO ORDERED.

DATED: 10/01/18

S. James Otero

JUDGE OF THE DISTRICT COURT